# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF TEXAS
### ABILENE DIVISION

| | | |
|---|---|---|
| TSEPHANYAH Y. HAWKINS, | § | U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS **FILED** |
| | § | |
| YAHCHANAN Y. HAWKINS, and | § | |
| | § | OCT 3 1 2005 |
| COURTROOM DATA SOLUTIONS, INC., | § | |
| PLAINTIFFS | § | CLERK, U.S. DISTRICT COURT |
| | § | By _____ Deputy |
| | § | |
| v. | § | |
| | § | |
| THE HONORABLE JOHN W. WEEKS, | § | |
| in his personal capacity; | § | |
| | § | |
| CLAUDIA M. HUTCHISON, in her | § | |
| personal capacity and in her capacities | § | |
| with S.A.W. Solutions, Inc., StenoScribe, | § | |
| Inc., Vocedit, Inc., and/or the South | § | |
| Carolina School of Court Reporting, Inc.; | § | |
| | § | |
| NORMAN M. OSTER, in his personal | § | |
| capacity and in his capacities with | § | |
| S.A.W. Solutions, Inc., StenoScribe, Inc., | § | |
| Vocedit, Inc. and/or The South Carolina | § | |
| School of Court Reporting, Inc.; | § | |
| | § | |
| STENOSCRIBE, INC.; | § | CIVIL ACTION 1-05CV-184-C |
| | § | |
| VICTORIA L. CARTER; | § | |
| | § | |
| MARILYN GARDNER, in her          § | § | |
| personal capacity and her capacities | § | |
| with The National Institute of | § | |
| Realtime Reporters, Inc.; | § | |
| | § | |
| JOHN A. CHISTOLINI, in his personal | § | |
| capacity and his capacities with the | § | |
| National Institute of Realtime Reporters, | § | |
| Inc.; | § | |
| | § | |
| THE NATIONAL INSTITUTE OF | § | |
| REALTIME REPORTERS, INC.; | § | |
| | § | |
| S.A.W. SOLUTIONS, INC.; | § | |
| | § | |
| THE SOUTH CAROLINA SCHOOL OF | § | |
| COURT REPORTING INC.; | § | |
| | § | |
| VOCEDIT, INC.; | § | |
| | § | |
| CHARLES C. SELF III; | § | |
| | § | |
| DONALD L. ANDERSON JR.; | § | |
| DEFENDANTS | § | |

## DEFENDANT CARTER'S ORIGINAL ANSWER

Defendant, Victoria L. Carter, hereinafter "Defendant Carter," files this original answer to Plaintiffs' Tsephanyah Hawkins, Yahchanan Y. Hawkins, and Courtroom Data Solutions, Inc., original complaint.

### A. Admissions & Denials

1.      Defendant Carter, with respect to paragraph 1, admits that the Court has jurisdiction under 18 U.S.C. §1595, stated by Plaintiffs; however, Defendant Carter denies that Plaintiffs' facts give rise to the subject matter described in 18 U.S.C. §1595.

2.      Defendant Carter, with respect to paragraph 2, admits that the Court has jurisdiction under 28 U.S.C. §1331; however, Defendant Carter denies that Plaintiffs' facts give rise to the subject matter described in 28 U.S.C. §1331.

3.      Defendant Carter, with respect to paragraph 3, admits that the Court has jurisdiction under 28 U.S.C. §1343; however, Defendant Carter denies that the Plaintiffs' facts give rise to the subject matter described in 28 U.S.C. §1343.

4       Defendant Carter, with respect to paragraph 4, admits that the Court has jurisdiction under 18 U.S.C. §1961, et. seq.

5.      Defendant Carter, with respect to paragraph 5, admits that the Court has jurisdiction over claims under 28 U.S.C. §1367; however, Defendant Carter denies that the Plaintiffs' claims brought under Texas, or Massachusetts, or Pennsylvania or South Carolina law are so related to Plaintiffs' federal claims, over which the Court has original jurisdiction, that they form part of the same case or controversy.

6.      Defendant Carter admits the allegations in paragraph 6, subject to the responses herein.

7.      Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of paragraph 7.

8.      Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of the entire paragraph 8. Defendant Carter, with respect to paragraph 8 and Plantiffs' allegations of the organizational meeting of CDS in 1997, his being the sole officer of CDS, sole shareholder of CDS, sole director of CDS, sole incorporator, denies the allegations and subject to the denial, invokes attorney-client privilege.

9.      Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of paragraph 9.

10.     Defendant Carter, with respect to paragraph 10, admits that The Honorable John W. Weeks is an individual who presently resides in Abilene, Texas, and that he is employed as a State of Texas District Court Judge, and has been so during all relevant events. Defendant Carter, with respect to paragraph 10, denies that Weeks, along with other actions that allegedly caused damage and/or injury to Plaintiffs, violated Plaintiffs' civil rights by actions he took under color of state law, and thereby allegedly deprived Plaintiffs of rights, privileges or immunities guaranteed by the Constitution or laws of the United States. The basis for this denial is that at all times Weeks acted only within the scope of his employment as a state judge, with all legal authority attaching to that position.

11.     Defendant Carter, with respect to paragraph 11, is without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 11.

12.     Defendant Carter, with respect to paragraph 12, is without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 12.

13.     Defendant Carter, with respect to paragraph 13, is without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 13.

14.     Defendant Carter, with respect to paragraph 14, is without knowledge or information sufficient to form a belief as to the truth of the allegation that Hutchison resides in South Carolina, and cannot further admit or deny, as rendering that information violates the past attorney-client privilege that existed when Defendant Carter represented Hutchison.

15.     Defendant Carter, with respect to paragraph 15, is without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 15, and/or cannot further admit or deny, as rendering that information violates the past attorney-client privilege that existed when Defendant Carter represented Hutchison.

16.     Defendant Carter, with respect to paragraph 16, is without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 16, and/or cannot further admit or deny, as rendering that information violates the past attorney-client privilege that existed when Defendant Carter represented Hutchison.

17.     Defendant Carter, with respect to paragraph 17, admits to the facts as set forth, as the alleged facts merely recite the style of the case.

18.     Defendant Carter, with respect to paragraph 18, admits that she resides in Abilene, Texas at the time the instant suit was filed, that she is an attorney, and that she was employed as Hutchison's attorney from late 2003. Defendant Carter denies that she was employed until July 2005 and offers Exhibit A and B to support the denial (Motion for Withdrawal and Order on Motion for Withdrawal of Counsel, respectively).

Defendant Carter denies that "along with other acts that caused damage to Plaintiffs, that she conspired with the Defendants in this case, including but not limited to state actor Weeks and state actor Hutchison, to deprive Plaintiffs of rights, privileges, or immunities guaranteed by the Constitution or laws of the United States, thereby causing damage and/or injury to Plaintiffs."

19.     Defendant Carter, with respect to paragraph 19, is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19, except as to the conspiracy allegation. Defendant Carter denies that she as a Defendant conspired with Defendant Norman Oster in any fashion, and denies that she conspired with Defendant Norman Oster to violate Plaintiffs' civil rights, if any in fact were violated, and denies depriving Plaintiffs of rights, privileges or immunities guaranteed by the Constitution or laws of the United States, thereby allegedly causing damage and/or injury to Plaintiffs.

20.     Defendant Carter, with respect to paragraph 20, is without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 20.

21.     Defendant Carter, with respect to paragraph 21, is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21, except as to the conspiracy allegation and to the capacity in which Defendant Gardner is sued. Defendant Carter denies that she as a Defendant conspired with Defendant Gardner in any fashion, and denies that she conspired with Defendant Gardner to deprive Plaintiffs of rights, privileges or immunities guaranteed by the Constitution or laws of the United States, if Plaintiffs were in fact deprived of any such rights, privileges or immunities, thereby allegedly causing damage and/or injury to Plaintiffs. Defendant Carter admits that Defendant Gardner is being sued individually and in her capacity with NIRR, as said fact merely recites the style of the case.

22.     Defendant Carter, with respect to paragraph 22, admits that she understood that Defendant Charles C. Self III represented Plaintiff T. Hawkins and Courtroom Data Solutions, Inc. in Cause Number 18,093 (Callahan County). Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of the allegation of the beginning date of the attorney-client relationship; however, she admits that Defendant Self withdrew in the fall of 2004. Defendant Carter cannot admit that Defendant Self claims residence in Texas; however, she reasonably believes that he does claim residence in Texas or presently resides in Texas, as his place of employment is in Abilene, Texas.

23.     Defendant Carter, with respect to paragraph 23, admits that she understood that Defendant Donald L. Anderson had an attorney-client relationship with Plaintiff T. Hawkins and Courtroom Data Solutions, Inc. in Cause Number 18,093 (Callahan County). Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of the allegation of the beginning date of the attorney-client relationship. Defendant Carter cannot admit that Defendant Anderson claims residence in Texas or presently resides in Texas; however, she reasonably believes that he does claim residence in Texas, as his place of employment is in Abilene, Texas.

24.    Defendant Carter, with respect to paragraph 24, is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24, except as to the conspiracy allegation and to the capacity in which Defendant Chistolini is sued. Defendant Carter denies that she as a Defendant conspired with Defendant Chistolini in any fashion and denies that she conspired with Defendant Chistolini to deprive Plaintiffs of rights, privileges or immunities guaranteed by the Constitution or laws of the United States, if in fact Plaintiffs were deprived of any such rights, privileges or immunities, thereby allegedly causing damage and/or injury to Plaintiffs. Defendant Carter admits that Defendant Chistolini is being sued individually and in his capacity with NIRR, as said fact merely recites the style of the case.

25.    Defendant Carter, with respect to paragraph 25, is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25.

26.    Defendant Carter, with respect to paragraph 26, is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 and/or denies allegations that T. Hawkins developed the computerized court reporting system alone, started CDS as the original corporation and, subject to that denial, invokes attorney-client privilege.

27.    Defendant Carter, with respect to paragraph 27, is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27, and subject to this response, invokes attorney-client privilege.

28.    Defendant Carter, with respect to paragraph 28, is without knowledge or information sufficient to form a belief as to the truth of most of the allegations set forth in paragraph 28. Defendant Carter, with respect to paragraph 28, notes that the Plaintiff fails to state a date on which the alleged agreement was made between NIRR and CDS to provide names of the individual students and teachers, and if the agreement occurred before Defendant Carter was hired, then Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of that specific allegation; however, Defendant Carter has knowledge that Defendant Chistolini, when Plaintiff T. Hawkins requested the information, denied providing the information, as the disclosure would have violated confidentiality with respect to the students and teachers, and subject to this response, Defendant Carter invokes attorney-client privilege.

29.    Defendant Carter, with respect to paragraph 29, is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29, and subject to this response, invokes attorney-client privilege

30.    Defendant Carter, with respect to paragraph 30, based upon information and belief, denies the allegation that it would be unwise or impossible for CDS to agree to make another shipment, and is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph 30. Subject to the aforementioned response, Defendant Carter invokes attorney-client privilege.

31.    Defendant Carter, with respect to paragraph 31, invokes attorney-client privilege.

32.    Defendant Carter, with respect to paragraph 32, is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32.

33.    Defendant Carter, with respect to paragraph 33, cannot admit or deny some of the allegations, such as that CDS has never received that check, allegations of Hutchison causing Gardner or Chistolini, or other agent of NIRR to mail the check to an address other than the usual Abilene, Texas mail box or the alternative allegation. Defendant Carter further asserts attorney-client privilege. As to the allegation that as of the date of filing this complaint, NIRR still owes that money to CDS, Defendant Carter denies the allegation that the alleged funds are still owed to CDS or Hawkins on the grounds that Plaintiffs Hawkins and CDS knew that the NIRR sent the money to Defendant Carter and gave permission, through their attorney of record, for that money to be released to Defendant Hutchison by letter of October 20, 2003 attached hereto as Exhibit C, said letter which was in response to Defendant Carter's letter of October 20, 2003 (Exhibit D).

34.    Defendant Carter, with respect to paragraph 34, cannot admit or deny the allegations, as said information would violate the attorney-client privilege. Additionally, Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiffs make, on the basis that Defendant Carter was not present during the conversations alleged in the Plaintiffs' pleadings.

35.    Defendant Carter, with respect to paragraph 35, is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiffs make.

36.    Defendant Carter, with respect to paragraph 36, is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiffs make.

37.    Defendant Carter denies the allegations in paragraph 37, and offers Exhibit E, a letter written by Defendant Carter to Plaintiff T. Hawkins and original Plaintiff StenoScribe, Inc. on October 13, 2003 in which the letter specifically states that the "letter is to communicate my client's requests and not meant as a threat or an attempt to provide legal advice" which totally contradicts Plaintiff's allegation in paragraph 37 that there was threatened abuse of law or legal process.

38.    Defendant Carter denies the general allegations in paragraph 38; however, she admits that Defendant Carter took part in preparing the application and order referenced in paragraph 38.

39.    Defendant Carter admits the allegations in paragraph 39.

40.    Defendant Carter admits the allegations in paragraph 40.

41.    Defendant Carter admits the allegations in paragraph 41.

42.    Defendant Carter denies the allegations in paragraph 42.

43.    Defendant Carter admits the allegations in paragraph 43.

44.  Defendant Carter denies the allegations in paragraph 44.

45.  Defendant Carter denies the allegations in paragraph 45.

46.  Defendant Carter denies the allegations in paragraph 46 and invokes the attorney-client privilege.

47.  Defendant Carter denies the allegations in paragraph 47 and invokes the attorney-client privilege.

48.  Defendant Carter admits the allegations in paragraph 48.

49.  Defendant Carter admits the allegations in paragraph 49.

50.  Defendant Carter admits the allegations in paragraph 50.

51.  Defendant Carter denies the allegations in paragraph 51.

52.  Defendant Carter denies the allegation in the first sentence of paragraph 52, in which the allegation states that "T. Hawkins owned the subject matter of...," as the allegation is too vague or unclear; i.e., does T. Hawkins own all of the subject matter, or a part of the subject matter, or does he have any interest in all of the subject matter? In denying, Defendant Carter construes the allegation to mean that T. Hawkins owns all of the subject matter that is referenced in the order. The TRO prohibited Hawkins from using Hutchison's credit card, most certainly not a part of CDS, which was not even in existence at the time that the TRO was issued. Defendant Carter denies the second and third sentence of paragraph 52 on the basis that Defendant Carter does not know that CDS was even an entity at the time referenced of 10-10-03.

53.  Defendant Carter denies the allegation in paragraph 53.

54.  Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of paragraph 54.

55.  Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of paragraph 55.

56.  Defendant Carter admits the allegation in paragraph 56.

57.  Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiffs allege in paragraph 57.

58.  Defendant Carter denies the allegation in paragraph 58.

59.  Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of paragraph 59, except that the language exists in the order.

60.     Defendant Carter admits the allegation in paragraph 60, as it is evident from the language of the orders.

61.     Defendant Carter admits the allegation in paragraph 61, as it is evident from the language of the orders.

62.     Defendant Carter admits the allegation in paragraph 62 only to the extent that it is evident from the language cited.

63.     Defendant Carter admits the allegation in paragraph 63.

64.     Defendant Carter admits the allegation in paragraph 64.

65.     Defendant Carter admits the allegation in paragraph 65, first sentence. Defendant Carter admits the allegation in paragraph 66, second and third sentences, with respect to whom the principal and sureties were on the bond. Defendant Carter denies the allegation in paragraph 66, fourth sentence, with respect to a forgery. Defendant Carter admits the allegation in paragraph 66, fifth sentence, relating to the language in the order of 10-10-03.

66.     Defendant Carter denies the allegation of the first sentence in paragraph 66 as to the temporary restraining order at the time it was offered. Defendant Carter is without knowledge or information sufficient to form a belief as to the rest of the paragraph.

67.     Defendant Carter denies the allegations in paragraph 67 as to the temporary restraining order signed 10-10-03 being the complete list of items or actions prohibited, and that these clauses deprived Hawkins of property without due process. Defendant Carter admits that the items listed in paragraph 67, subsections 1 through 11, were contained in the list of items in the temporary restraining order dated 10-10-03. Defendant Carter denies the second sentence alluding to shareholders, officers and directors of CDS on the basis that no such language is found in the temporary restraining order of 10-10-03.

68.     Defendant Carter denies the allegations in paragraph 68, but admits to the language of paragraph 68, subsection 1) and subsection 2). Defendant Carter admits that T. Hawkins was served with the order of 10-10-03.

69.     Defendant Carter admits that she believes that T. Hawkins and StenoScribe, Inc. were served with the order signed on 10-10-03, but is without knowledge or information sufficient to form a belief as to the truth of the time and date of service. Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of the second sentence of paragraph 69.

70.     Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of the date and time of service; however, Defendant Carter denies that Hawkins ceased using all bank accounts, as it is Defendant Carter's recollection that Hawkins removed approximately $28,000 from the bank account after being served.

71.    Defendant Carter denies that she threatened Hawkins as alleged in paragraph 71, as the letter specifically stated that "this letter is to communicate my client's requests, and not meant as a threat or to provide legal advice" (Exhibit E). As previously stated, Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of the date and time of service.

72.    Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of paragraph 72.

73.    Defendant Carter denies the allegations in paragraph 73 with respect to any conspiracy. Defendant Carter denies that Defendant Carter in her communications with Hawkins, and that Defendant Chistolini in Chistolini's October 17, 2003 letter (F) referenced in paragraph 73, inferred that Hawkins would go to jail. Defendant Carter is without knowledge or information sufficient to form a belief as to the remainder of paragraph 73.

74.    Defendant Carter denies the allegations in paragraph 74 with respect to threats to liberty and threats of contempt by Carter, Chistolini et al., and denies the allegation that "Hawkins labored to provide the product necessary to fulfill a fabricated obligation to NIRR so he would not go to jail."   Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 74, and further notes that the allegation is vague as to time, in that Hawkins provides no date on which these actions of the mailbox, computers, and credit card machine allegedly occurred.

75.    Defendant Carter denies that there were any threats by Defendant Carter as alleged in paragraph 75.   Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of the allegation that Hawkins did certain services on any specific date, in that the allegation is devoid of a specific date.

76.    Defendant Carter denies that there were any threats as alleged in paragraph 76, or any reference that T. Hawkins would go to jail in the Temporary Restraining Order signed on 10-10-03. Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of the allegation in the remainder of paragraph 76.

77.    Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 77, other than that because of attorney-client privilege, said information about any shipment can neither be admitted or denied.

78.    Defendant Carter denies the allegations in paragraph 78 generally.  Defendant Carter admits, however, that Plaintiff's First Amended Original Petition was filed, and that an Order was entered to continue the temporary restraining order.

79.    Defendant Carter denies the allegations in paragraph 79.

80.    Defendant Carter admits the allegations in paragraph 80, except that Defendant Carter informed Defendant Self that she would be filing to continue the temporary restraining order with some changes, due to Defendant Self's need for a continuance, to which he did not object (Exhibit G). Defendant Carter further denies that there was not



an agreement to the continuance, as Defendant Carter sent a letter, subsequent to the agreement for the continuance of the hearing and the continuance of the TRO, which complained about agreeing to the continuance due to actions by Hawkins and/or CDS.

81.     Defendant Carter admits the allegation in paragraph 81.

82.     Defendant Carter admits the allegations in paragraph 82.

83.     Defendant Carter admits the allegations in paragraph 83.

84.     Defendant Carter admits the allegations in paragraph 84.

85.     Defendant Carter admits the allegations in paragraph 85.

86.     Defendant Carter admits the allegations in paragraph 86.

87.     Defendant Carter admits the allegations in paragraph 87.

88.     Defendant Carter admits the allegation in paragraph 88 that the order signed on 10-23-03 had certain clauses, but denies that the two clauses the allegation lists constitute the complete list of all clauses that are contained within the order of 10-23-03 or that the clauses should be titled as stated in paragraph 88.

89.     Defendant Carter admits the allegation in paragraph 89 that the order signed on 10-23-03 had certain clauses, but denies that the eight clauses that the allegation lists encompass the complete list of all clauses that are contained within the order of 10-23-03 or that the clauses should be titled as stated in paragraph 89.

90.     Defendant Carter admits the allegation in paragraph 90 that the order signed on 10-23-03 had certain clauses, but denies that the two clauses that the allegation lists encompass the complete list of all clauses that are contained within the order of 10-23-03 or that the clauses should be titled as stated in paragraph 90.

91.     Defendant Carter admits the allegations in paragraph 91 that a new temporary restraining order was signed on November 6, 2003. Defendant Carter denies that the order was calculated to force the labor of T. Hawkins and to deprive him of any rights, including virtually all property rights, or to reduce him to a slave. Defendant Carter is without knowledge of information sufficient to form a belief as to the truth of paragraph 91 relating to the fact that the order was signed over objections of Hawkins and Defendant Self, without more information, as the allegation is deficient as to the time that Hawkins and Defendant Self allegedly made such objections. Defendant Carter admits that there was a hearing on November 5, 2003, after which the Court ordered that the temporary restraining order be continued until the case could be reset.

92.     Defendant Carter denies the allegation in paragraph 92.

93.     Defendant Carter admits the allegation in paragraph 93 that the order signed on 11-6-03 had certain clauses, but denies that the two clauses that the allegation lists the

complete list of all clauses that are contained within the order of 11-6-03 or that the clauses should be titled as stated in paragraph 93.

94.    Defendant Carter admits the allegation in paragraph 94 that the order signed on 11-6-03 had certain clauses, but denies that the seven clauses that the allegation lists the complete list of all clauses that are contained within the order of 11-6-03 or that the clauses should be titled as stated in paragraph 94.

95.    Defendant Carter admits the allegation in paragraph 95 that the order signed on 11-6-03 had certain clauses, but denies that the two clauses that the allegation lists the complete list of all clauses that are contained within the order of 11-6-03 or that the clauses should be titled as stated in paragraph 95.

96.    Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of paragraph 96 and further invokes attorney-client privilege.

97.    Defendant Carter denies that CDS was operating at the time that the lawsuit was filed, as the entity being sued was StenoScribe, Inc., whose corporate charter was forfeited at the time that the lawsuit was filed; and thus denies the allegations in paragraph 97. Defendant Carter further invokes attorney-client privilege.

98.    Defendant Carter denies that she wrote a letter to CDS as alleged in paragraph 98. Defendant Carter is without knowledge as to the allegation in paragraph 98 as to whether or not the $7000 check was the check described in paragraph 98 and as to the existence of CDS. Further, Defendant Carter invokes attorney-client privilege.

99.    Defendant Carter denies that such a letter was sent to CDS and T. Hawkins as described in paragraph 99. Defendant Carter admits that a letter was sent to T. Hawkins regarding the $7000 check.

100.    Defendant Carter admits the allegation in paragraph 100 as to the content of Defendant Chistolini's letter only, and denies all other allegations.

101.    Defendant Carter admits the allegation in paragraph 101 that neither CDS nor T. Hawkins authorized Defendant Carter to hold, spend, or disperse any checks, funds or property belonging in part or in full to CDS. Defendant Carter denies all other allegations in paragraph 101.

102.    Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102, and denies that any funds were held in escrow.

103.    Defendant Carter denies the allegations in paragraph number 103, and offers Exhibit C wherein it proves that Hawkins and CDS knew that they granted permission to disburse the referenced funds, as their attorney directed that the funds be released to Hutchison.

104.    Defendant Carter denies the allegations in paragraph number 104 on the basis that T. Hawkins' was notified of the need to use the funds, since T. Hawkins had removed all

the funds from the bank account as set forth in Exhibit D. And in support of T. Hawkins' agreement for Hutchison to use those funds, Defendant Carter offers Exhibit C, wherein Defendant Anderson, as attorney for Hawkins and CDS, instructed Defendant Carter in writing that the funds Defendant Carter and/or Hutchison received from the New England School of Court Reporting in the approximate amount of $20,000 should be used to purchase the items referenced in the letter of October 20, 2003.

105.    Defendant Carter denies the allegation in paragraph number 105.    Defendant Carter invokes attorney-client privilege.

106.    Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of paragraph number 106.    Additionally, Defendant Carter invokes attorney-client privilege.

107.    Defendant Carter denies the allegations in paragraph number 107.

108.    Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of paragraph 108.    Additionally, Defendant Carter invokes attorney-client privilege.

109.    Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of paragraph 109.    Additionally, Defendant Carter invokes attorney-client privilege.

110.    Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of paragraph 110.    Additionally, Defendant Carter invokes attorney-client privilege.

111.    Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of paragraph 111.    Defendant Carter denies such allegation concerning any the alleged escrow amount.    Defendant Carter invokes attorney-client privilege.

112.    Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of paragraph 112.    Defendant Carter invokes attorney-client privilege.

113.    Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of paragraph 113.    Defendant Carter invokes attorney-client privilege.

114.    Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of paragraph 114.

115.    Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of paragraph 115.

116.    Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of paragraph 116.

117.    Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of paragraph 117.

118.    Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 118.

119.    Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of paragraph 119.

120.    Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of paragraph 120. Defendant Carter invokes attorney-client privilege.

121.    Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of paragraph 121. Defendant Carter invokes attorney-client privilege.

122.    Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of paragraph 122. Defendant Carter invokes attorney-client privilege.

123.    Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of paragraph 123.

124.    Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 124.

125.    Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of paragraph 125. Defendant Carter invokes attorney-client privilege.

126.    Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of paragraph 126, except that Defendant Carter admits that StenoScribe, Inc. had forfeited its charter, not CDS. Defendant Carter is without knowledge or information sufficient to form a belief as to the truth or paragraph 126 as to what the State of Texas informed CDS, the allegation in paragraph 126 as to permission, the allegation in paragraph 126 as to what Defendant Self or Ann M. Plainos said. Defendant Carter denies that Hutchison incorporated, using StenoScribe, Inc. as the corporate name, after the date of the correspondence alleged in paragraph 126, or that the entity name was obtained for fraudulent purposes and schemes as alleged in paragraph 126. Subject to the above responses to paragraph 126, Defendant Carter invokes attorney-client privilege.

127.    Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of paragraph 127 with respect to Defendant Chistolini's alleged pretenses, and/or Defendant Self's directions' being in contradiction to Hawkins' instructions. Defendant Carter denies that the allegation in paragraph 127 regarding the representations Chistolini made were not the complete representations. Defendant Carter denies that any damages arose from these actions.

128.    Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of paragraph 128.

129.    Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of paragraph 129.

130.   Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of paragraph 130 to the present date. Defendant Carter denies a Forced Labor Scheme and the Escrow Scheme alleged in paragraph 130.

131.   Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of paragraph 131.

132.   Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of paragraph 132, except that Defendant Carter denies that Defendant Carter was involved with the alleged Forced Labor Scheme and Escrow Scheme alleged in paragraph 132.

133.   Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of paragraph 133; however, she admits that Hutchison did move out of the state of Texas at some point after the signing of the order signed on 10-10-2003. Subject to the aforementioned response, Defendant Carter denies that Defendant Carter was involved in any Bank Fraud Scheme, Escrow Scheme, Interstate Travel Scheme, the Forced Labor Scheme, and/or the Software Protection Circumvention Scheme.

134.   Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of paragraph 134. Additionally, Defendant Carter asserts with respect to the information that she does have with respect to this allegation, said information is protected under attorney-client privilege.

135.   Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of paragraph 135.

136.   Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of paragraph 136.

137.   Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of paragraph 137.

138.   Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of paragraph 138. Additionally, Defendant Carter asserts with respect to the information that she does have relevant to this allegation, that such information is protected under attorney-client privilege.

139.   Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of paragraph 139.

140.   Defendant Carter admits to the allegation in paragraph 140 that another order was written, but denies that the input was limited to Defendants Carter and Weeks. Defendant Hawkins also had input into the order by and through his attorneys of record, Charles Self III and Donald Anderson, Jr., also Defendants herein. Defendant Carter denies the remainder of the allegations in paragraph 140, such as forced labor, deprivation of rights, and reducing T. Hawkins to the status of a slave. The basis for the denial is that the corporation needed to continue providing service to court reporters all across the nation, else courtrooms could be crippled; and therefore the order called for not just a temporary

injunction, but a receivership, to ensure the orderly continuation of the business to court reporters and students alike, with adequate compensation and a plan to keep the business alive, all of which was predicated on a bond being provided by Hutchison. As the bond was never in place, then the order for the receivership and injunction was vacated or dismissed.

141. Defendant Carter admits to the allegation in paragraph 141 that the order was entered on 5-20-04 with the language recited in the allegation as to restoring the website. Defendant Carter denies the allegation in paragraph 141 that the order forced labor, as said order was not effective unless a bond was in place and said bond was never in place.

142. Defendant Carter admits to the allegation in paragraph 142 that the order entered on 5-20-04 states "IT IS ORDERED THAT the Receiver may enforce this order by contempt if the parties do not cooperate." Additionally, Carter asserts that the order was never effective, as no bond was put forth, and the Court of Appeals dissolved said order.

143. Defendant Carter admits to the allegation in paragraph 143 that the clauses listed were some of the clauses contained in the order signed on 5-20-04.

144. Defendant Carter admits to the allegation in paragraph 144 that the clauses listed were some of the clauses in the order signed on 5-20-04.

145. Defendant Carter admits to the allegation in paragraph 145 that the clauses listed were some of the clauses in the order signed on 5-20-04.

146. Defendant Carter denies that the clauses referenced in paragraph 146 violated Hawkins' right to freedom of expression; however, there is no allegation in paragraph 146 for Defendant Carter to admit or deny.

147. Defendant Carter denies that the clauses referenced in paragraph 147 enslaved Hawkins; however, there is no allegation in paragraph 146 for Defendant Carter to admit or deny.

148. Defendant Carter admits the allegation in paragraph 148 that Hawkins and CDS through their attorney of record, Defendant Self, filed an appeal.

149. Defendant Carter admits the allegation in paragraph 149, that the Appellate Court found that no order existed, as there was no bond in place and the order failed to recite a specific date for trial, and did not address the merits of the amount or sufficiency of the bond, etc. (Exhibit H).

150. Defendant Carter denies the allegation in paragraph 150 that Defendants Self and Anderson's failure to file a petition for writ of mandamus to dissolve any of the court orders described above was legal negligence, as the order was never effectuated because Hutchison failed to provide the necessary bond; thus, Hawkins suffered no damage.

151. Defendant Carter denies the allegations in paragraph 151.

152. Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of paragraph number 152.

---

**FIRST CLAIM FOR RELIEF: DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS**

153. With respect to Plaintiffs T. Hawkins and CDS' allegation entitled DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS that is described in paragraphs numbered 153 through 160 of the Complaint, Defendant Carter, by reference, repeats and incorporates her responses to the allegations in the previous paragraphs.

154. Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 154.

155. Defendant Carter admits the allegation in paragraph 155 that she is a person under 42 U.S.C. §1983, but is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 155.

156. Defendant Carter denies the allegation in paragraph 156 that she participated in a conspiracy with Weeks to obtain or provide labor from T. Hawkins by means of abuse or threatened abuse of the law or legal process. Defendant Carter denies the allegation in paragraph 156 that the order of 10-10-2003 was signed as a result of any conspiracy.

157. Defendant Carter denies the allegation in paragraph 157 that Defendant Weeks signed the order in clear absence of all jurisdiction.

158. Defendant Carter denies the allegation in paragraph 158 that Defendant Carter participated in any conspiracy described in paragraph 158, and thus denies that the alleged conspiracy was performed under color of law, as Defendant Carter denies that there was a conspiracy.

159. Defendant Carter denies the allegation in paragraph 159.

160. Defendant Carter denies the allegations in paragraph 160. Defendant Carter supports the denial in that she filed a motion for contempt of that restraining order (Exhibit I), to offer how Hawkins acted without regard to the order of 10-10-03. Hawkins and CDS by and through their attorney of record, filed a response (Exhibit J) which denied his client's duty to follow the order of 10-10-03 and denied the enforceability of the order that T. Hawkins, Y. Hawkins, and CDS now complains of. Thus, Defendant Carter denies that T. Hawkins and CDS were damaged.

---

**SECOND CLAIM FOR RELIEF: DEPRIVATION OF 13TH AMENDMENT RIGHT TO BE FREE FROM ENSLAVEMENT**

161. With respect to Plaintiff T. Hawkins's allegation entitled DEPRIVATION OF 13TH AMENDMENT RIGHT TO BE FREE FROM ENSLAVEMENT that is described in paragraphs numbered 161 through 168 of the Complaint, Defendant Carter, by reference, repeats and incorporates her responses to the allegations in the previous paragraphs.

162.     Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 162.

163.     Defendant Carter admits the allegation in paragraph 163 that she is a person under 42 U.S.C. §1983, but is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 163.

164.     Defendant Carter denies the allegation in paragraph 164 that she participated in a conspiracy with Weeks to obtain or provide labor from T. Hawkins by means of abuse or threatened abuse of the law or legal process.  Defendant Carter denies the allegation in paragraph 164 that the order of 10-10-2003 was signed as a result of any conspiracy.

165.     Defendant Carter denies the allegation in paragraph 165 that Defendant Weeks signed the order in clear absence of all jurisdiction.

166.     Defendant Carter denies the allegation in paragraph 166 that Defendant Carter participated in any conspiracy described in paragraph 166, and thus denies that the alleged conspiracy was performed under color of law, as Defendant Carter denies that there was a conspiracy.

167.     Defendant Carter denies the allegation in paragraph 167.

168.     Defendant Carter denies the allegations in paragraph 168.  Defendant Carter supports the denial in that she filed a motion for contempt of that restraining order (Exhibit I), to offer how Hawkins acted without regard to the order of 10-10-03.  Hawkins and CDS by and through their attorney of record, filed a response (Exhibit J) which denied his client's duty to follow the order of 10-10-03 and denied the enforceability of the order that T. Hawkins, Y. Hawkins, and CDS now complains of.  Thus, Defendant Carter denies that T. Hawkins and CDS were damaged.

---

THIRD CLAIM FOR RELIEF:  DEPRIVATION OF FREEDOM OF EXPRESSION

169.     With respect to Plaintiffs T. Hawkins and CDS' allegation entitled DEPRIVATION OF FREEDOM OF EXPRESSION that is described in paragraphs numbered 169 through 176 of the Complaint, Defendant Carter, by reference, repeats and incorporates her responses to the allegations in the previous paragraphs,.

170.     Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 170.

171.     Defendant Carter admits the allegation in paragraph 171 that she is a person under 42 U.S.C. §1983, but is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 171.

172.     Defendant Carter denies the allegation in paragraph 172 that she participated in a conspiracy with Weeks to obtain or provide labor from T. Hawkins by means of abuse or threatened abuse of the law or legal process.  Defendant Carter denies the allegation in paragraph 172 that the order of 10-10-2003 was signed as a result of any conspiracy.

173.    Defendant Carter denies the allegation in paragraph 173 that Defendant Weeks signed the order in clear absence of all jurisdiction.

174.    Defendant Carter denies the allegation in paragraph 174 that Defendant Carter participated in any conspiracy described in paragraph 174, and thus denies that the alleged conspiracy was performed under color of law, as Defendant Carter denies that there was a conspiracy.

175.    Defendant Carter denies the allegation in paragraph 175.

176.    Defendant Carter denies the allegations in paragraph 176.  Defendant Carter supports the denial in that she filed a motion for contempt of that restraining order (Exhibit I), to offer how Hawkins acted without regard to the order of 10-10-03. Hawkins and CDS by and through their attorney of record, filed a response (Exhibit J) which denied his client's duty to follow the order of 10-10-03 and denied the enforceability of the order that T. Hawkins, Y. Hawkins, and CDS now complains of. Thus, Defendant Carter denies that T. Hawkins and CDS were damaged.

---

FOURTH CLAIM FOR RELIEF: DEPRIVATION OF PRIVACY

177.    With respect to Plaintiff T. Hawkins's allegation entitled DEPRIVATION OF PRIVACY that is described in paragraphs numbered 177 through 184 of the Complaint, Defendant Carter, by reference, repeats and incorporates her responses to the allegations in the previous paragraphs.

178.    Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 178.

179.    Defendant Carter admits the allegation in paragraph 179 that she is a person under 42 U.S.C. §1983, but is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 179.

180.    Defendant Carter denies the allegation in paragraph 180 that she participated in a conspiracy with Weeks to obtain or provide labor from T. Hawkins by means of abuse or threatened abuse of the law or legal process.  Defendant Carter denies the allegation in paragraph 180 that the order of 10-10-2003 was signed as a result of any conspiracy.

181.    Defendant Carter denies the allegation in paragraph 181 that Defendant Weeks signed the order in clear absence of all jurisdiction.

182.    Defendant Carter denies the allegation in paragraph 182 that Defendant Carter participated in any conspiracy described in paragraph 182, and thus denies that the alleged conspiracy was performed under color of law, as Defendant Carter denies that there was a conspiracy.

183.    Defendant Carter denies the allegation in paragraph 183.

184.    Defendant Carter denies the allegations in paragraph 184.    Defendant Carter supports the denial in that she filed a motion for contempt of that restraining order (Exhibit I), to offer how Hawkins acted without regard to the order of 10-10-03. Hawkins and CDS by and through their attorney of record, filed a response (Exhibit J) which denied his client's duty to follow the order of 10-10-03 and denied the enforceability of the order that T. Hawkins, Y. Hawkins, and CDS now complains of. Thus, Defendant Carter denies that T. Hawkins and CDS were damaged.

---

FIFTH CLAIM FOR RELEIF: DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS

---

185.    With respect to Plaintiff T. Hawkins's allegation entitled DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS that is described in paragraphs numbered 185 through 192 of the Complaint, Defendant Carter, by reference, repeats and incorporates her responses to the allegations in the previous paragraphs.

186.    Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 186.

187.    Defendant Carter admits the allegation in paragraph 187 that she is a person under 42 U.S.C. §1983, but is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 187.

188.    Defendant Carter denies the allegation in paragraph 188 that she participated in a conspiracy with Weeks to obtain or provide labor from T. Hawkins by means of abuse or threatened abuse of the law or legal process. Defendant Carter denies the allegation in paragraph 188 that the order of 10-23-2003 was signed as a result of any conspiracy.

189.    Defendant Carter admits the allegation in paragraph 189 that Defendant Weeks signed the order acting under color of law.

190.    Defendant Carter denies the allegation in paragraph 190 that Defendant Carter participated in any conspiracy described in paragraph 190, and thus denies that the alleged conspiracy was performed under color of law, as Defendant Carter denies that there was a conspiracy.

191.    Defendant Carter denies the allegation in paragraph 191.

192.    Defendant Carter denies the allegations in paragraph 192.    Defendant Carter supports the denial in that she filed a motion for contempt of that restraining order (Exhibit I), to offer how Hawkins acted without regard to the order of 10-23-03. Hawkins and CDS by and through their attorney of record, filed a response (Exhibit J) which denied his client's duty to follow the order of 10-23-03 and denied the enforceability of the order that T. Hawkins, Y. Hawkins, and CDS now complains of. Thus, Defendant Carter denies that T. Hawkins and CDS were damaged.

SIXTH CLAIM FOR RELIEF: DEPRIVATION OF 13TH AMENDMENT RIGHT TO BE FREE FROM ENSLAVEMENT

193.    With respect to Plaintiffs T. Hawkins's allegation entitled DEPRIVATION OF 13TH AMENDMENT RIGHT TO BE FREE FROM ENSLAVEMENT that is described in paragraphs numbered 193 through 200 of the Complaint, Defendant Carter, by reference, repeats and incorporates her responses to the allegations in the previous paragraphs.

194.    Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 194.

195.    Defendant Carter admits the allegation in paragraph 195 that she is a person under 42 U.S.C. §1983, but is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 195.

196.    Defendant Carter denies the allegation in paragraph 196 that she participated in a conspiracy with Weeks to obtain or provide labor from T. Hawkins by means of abuse or threatened abuse of the law or legal process.  Defendant Carter denies the allegation in paragraph 196 that the order of 10-23-2003 was signed as a result of any conspiracy.

197.    Defendant Carter admits the allegation in paragraph 197 that Defendant Weeks acted under color of state law.

198.    Defendant Carter denies the allegation in paragraph 198 that Defendant Carter participated in any conspiracy described in paragraph 198, and thus denies that the alleged conspiracy was performed under color of law, as Defendant Carter denies that there was a conspiracy.

199.    Defendant Carter denies the allegation in paragraph 199.

200.    Defendant Carter denies the allegations in paragraph 200.  Defendant Carter supports the denial in that she filed a motion for contempt of that restraining order (Exhibit I), to offer how Hawkins acted without regard to the order of 10-23-03. Hawkins and CDS by and through their attorney of record, filed a response (Exhibit J) which denied his client's duty to follow the order of 10-23-03 and denied the enforceability of the order that T. Hawkins, Y. Hawkins, and CDS now complains of. Thus, Defendant Carter denies that T. Hawkins and CDS were damaged.

SEVENTH CLAIM FOR RELIEF: DEPRIVATION OF FREEDOM OF EXPRESSION

201.    With respect to Plaintiffs T. Hawkins and CDS' allegation entitled DEPRIVATION OF FREEDOM OF EXPRESSION that is described in paragraphs numbered 201 through 208 of the Complaint, Defendant Carter, by reference, repeats and incorporates her responses to the allegations in the previous paragraphs.

202.    Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 202.

203. Defendant Carter admits the allegation in paragraph 203 that she is a person under 42 U.S.C. §1983, but is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 203.

204. Defendant Carter denies the allegation in paragraph 204 that she participated in a conspiracy with Weeks to obtain or provide labor from T. Hawkins by means of abuse or threatened abuse of the law or legal process. Defendant Carter denies the allegation in paragraph 204 that the order of 10-23-2003 was signed as a result of any conspiracy.

205. Defendant Carter admits the allegation in paragraph 205 that Defendant Weeks acted under color of state law.

206. Defendant Carter denies the allegation in paragraph 206 that Defendant Carter participated in any conspiracy described in paragraph 206, thus denies that the alleged conspiracy was performed under color of law, as Defendant Carter denies that there was a conspiracy.

207. Defendant Carter denies the allegation in paragraph 207.

208. Defendant Carter denies the allegations in paragraph 208. Defendant Carter supports the denial in that she filed a motion for contempt of that restraining order (Exhibit I), to offer how Hawkins acted without regard to the order of 10-23-03. Hawkins and CDS by and through their attorney of record, filed a response (Exhibit J) which denied his client's duty to follow the order of 10-23-03 and denied the enforceability of the order that T. Hawkins, Y. Hawkins, and CDS now complains of. Thus, Defendant Carter denies that T. Hawkins and CDS were damaged.

---

### EIGHTH CLAIM FOR RELIEF: DEPRIVATION OF PRIVACY

209. With respect to Plaintiff T. Hawkins's allegation entitled DEPRIVATION OF PRIVACY that is described in paragraphs numbered 209 through 216 of the Complaint, Defendant Carter, by reference, repeats and incorporates her responses to the allegations in the previous paragraphs.

210. Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 210.

211. Defendant Carter admits the allegation in paragraph 211 that she is a person under 42 U.S.C. §1983, but is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 211.

212. Defendant Carter denies the allegation in paragraph 212 that she participated in a conspiracy with Weeks to obtain or provide labor from T. Hawkins by means of abuse or threatened abuse of the law or legal process. Defendant Carter denies the allegation in paragraph 212 that the order of 10-23-2003 was signed as a result of any conspiracy.

213. Defendant Carter admits the allegation in paragraph 213 that Defendant Weeks acted under color of state law.

214. Defendant Carter denies the allegation in paragraph 214 that Defendant Carter participated in any conspiracy described in paragraph 214, and thus denies that the alleged conspiracy was performed under color of law, as Defendant Carter denies that there was a conspiracy.

215. Defendant Carter denies the allegation in paragraph 215.

216. Defendant Carter denies the allegations in paragraph 216. Defendant Carter supports the denial in that she filed a motion for contempt of that restraining order (Exhibit I), to offer how Hawkins acted without regard to the order of 10-23-03. Hawkins and CDS by and through their attorney of record, filed a response (Exhibit J) which denied his client's duty to follow the order of 10-23-03 and denied the enforceability of the order that T. Hawkins, Y. Hawkins, and CDS now complains of. The Court agreed with Hawkins and CDS counsel, and no order was entered on the docket sheet (Exhibit K) that the Motion for Contempt was granted; thus, Defendant Carter denies that T. Hawkins and CDS were damaged.

---

NINTH CLAIM FOR RELIEF: DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS

217. With respect to Plaintiffs T. Hawkins and CDS' allegation entitled DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS that is described in paragraphs numbered 217 through 224 of the Complaint, Defendant Carter, by reference, repeats and incorporates her responses to the allegations in the previous paragraphs.

218. Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 218.

219. Defendant Carter admits the allegation in paragraph 219 that she is a person under 42 U.S.C. §1983, but is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 219.

220. Defendant Carter denies the allegation in paragraph 220 that she participated in a conspiracy with Weeks to obtain or provide labor from T. Hawkins by means of abuse or threatened abuse of the law or legal process. Defendant Carter denies the allegation in paragraph 220 that the order of 11-6-2003 was signed as a result of any conspiracy.

221. Defendant Carter admits the allegation in paragraph 221 that Defendant Weeks acted under color of state law.

222. Defendant Carter denies the allegation in paragraph 222 that Defendant Carter participated in any conspiracy described in paragraph 222, and thus denies that the alleged conspiracy was performed under color of law, as Defendant Carter denies that there was a conspiracy.

223. Defendant Carter denies the allegation in paragraph 223.



224. Defendant Carter denies the allegations in paragraph 224. Defendant Carter supports the denial in that she filed a motion for contempt of the restraining order (Exhibit I), to offer how Hawkins acted without regard to the order of 10-10-03 and 10-23-03 that was continued on 11-5-03. Hawkins and CDS by and through their attorney of record, filed a response (Exhibit J) which denied his client's duty to follow the order of 10-10-03 and 10-23-03 and denied the enforceability of the orders that T. Hawkins, Y. Hawkins, and CDS now complains of. The Court agreed with Hawkins and CDS counsel, and no order was entered on the docket sheet (Exhibit K) that the Motion for Contempt was granted; thus, Defendant Carter denies that T. Hawkins and CDS were damaged.

---

TENTH CLAIM FOR RELIEF: DEPRIVATION OF 13TH AMENDMENT RIGHT TO BE FREE FROM ENSLAVEMENT

225. With respect to Plaintiff T. Hawkins's allegation entitled DEPRIVATION OF 13TH AMENDMENT RIGHT TO BE FREE FROM ENSLAVEMENT that is described in paragraphs numbered 225 through 232 of the Complaint, Defendant Carter by reference repeats and incorporates her responses to the allegations in the previous paragraphs.

226. Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 226.

227. Defendant Carter admits the allegation in paragraph 227 that she is a person under 42 U.S.C. §1983, but is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 227.

228. Defendant Carter denies the allegation in paragraph 228 that she participated in a conspiracy with Weeks to obtain or provide labor from T. Hawkins by means of abuse or threatened abuse of the law or legal process. Defendant Carter denies the allegation in paragraph 228 that the order of 11-6-2003 was signed as a result of any conspiracy.

229. Defendant Carter admits the allegation in paragraph 229 that Defendant Weeks acted under color of state law.

230. Defendant Carter denies the allegation in paragraph 230 that Defendant Carter participated in any conspiracy described in paragraph 230, and thus denies that the alleged conspiracy was performed under color of law, as Defendant Carter denies that there was a conspiracy.

231. Defendant Carter denies the allegation in paragraph 231.

232. Defendant Carter denies the allegations in paragraph 232. Defendant Carter supports the denial in that she filed a motion for contempt of the restraining order (Exhibit I), to offer how Hawkins acted without regard to the order of 10-10-03 and 10-23-03 that was continued on 11-5-03. Hawkins and CDS by and through their attorney of record, filed a response (Exhibit J) which denied his client's duty to follow the order of 10-10-03 and 10-23-03 and denied the enforceability of the orders that T. Hawkins, Y.



Hawkins, and CDS now complains of. The Court agreed with Hawkins and CDS counsel, and no order was entered on the docket sheet (Exhibit K) that the Motion for Contempt was granted; thus, Defendant Carter denies that T. Hawkins and CDS were damaged.

---

ELEVENTH CLAIM FOR RELIEF: DEPRIVATION OF FREEDOM OF EXPRESSION

---

233. With respect to Plaintiffs T. Hawkins and CDS' allegation entitled DEPRIVATION OF FREEDOM OF EXPRESSION that is described in paragraphs numbered 233 through 241 of the Complaint, Defendant Carter by reference repeats and incorporates her responses to the allegations in the previous paragraphs.

234. Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 234.

235. Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 235.

236. Defendant Carter admits the allegation in paragraph 236 that she is a person under 42 U.S.C. §1983, but is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 236.

237. Defendant Carter denies the allegation in paragraph 237 that she participated in a conspiracy with Weeks to obtain or provide labor from T. Hawkins by means of abuse or threatened abuse of the law or legal process. Defendant Carter denies the allegation in paragraph 237 that the order of 11-6-2003 was signed as a result of any conspiracy.

238. Defendant Carter admits the allegation in paragraph 238 that Defendant Weeks acted under color of state law.

239. Defendant Carter denies the allegation in paragraph 239 that Defendant Carter participated in any conspiracy described in paragraph 239, and thus denies that the alleged conspiracy was performed under color of law, as Defendant Carter denies that there was a conspiracy.

240. Defendant Carter denies the allegation in paragraph 240.

241. Defendant Carter denies the allegations in paragraph 241. Defendant Carter supports the denial in that she filed a motion for contempt of the restraining order (Exhibit I), to offer how Hawkins acted without regard to the order of 10-10-03 and 10-23-03 that was continued on 11-5-03. Hawkins and CDS by and through their attorney of record, filed a response (Exhibit J) which denied his client's duty to follow the order of 10-10-03 and 10-23-03 and denied the enforceability of the orders that T. Hawkins, Y. Hawkins, and CDS now complains of. The Court agreed with Hawkins and CDS counsel, and no order was entered on the docket sheet (Exhibit K) that the Motion for Contempt was granted; thus, Defendant Carter denies that T. Hawkins and CDS were damaged.

---

TWELFTH CLAIM FOR RELIEF: DEPRIVATION OF PRIVACY

242.   With respect to Plaintiffs T. Hawkins's allegation entitled DEPRIVATION OF PRIVACY that is described in paragraphs numbered 242 through 249 of the Complaint, Defendant Carter by reference repeats and incorporates her responses to the allegations in the previous paragraphs.

243.   Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 243.

244.   Defendant Carter admits the allegation in paragraph 244 that she is a person under 42 U.S.C. §1983, but is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 244.

245.   Defendant Carter denies the allegation in paragraph 245 that she participated in a conspiracy with Weeks to obtain or provide labor from T. Hawkins by means of abuse or threatened abuse of the law or legal process.  Defendant Carter denies the allegation in paragraph 245 that the order of 5-20-2004 was signed as a result of any conspiracy.

246.   Defendant Carter admits the allegation in paragraph 246 that Defendant Weeks acted under color of state law.

247.   Defendant Carter denies the allegation in paragraph 247 that Defendant Carter participated in any conspiracy described in paragraph 247, and thus denies that the alleged conspiracy was performed under color of law, as Defendant Carter denies that there was a conspiracy.

248.   Defendant Carter denies the allegation in paragraph 248.

249.   Defendant Carter denies the allegations in paragraph 249.  Defendant Carter supports the denial in that the Court of Appeals took up the matter of the order of 5-20-05, and determined that said order was dissolved (Exhibit H).  As the order was dissolved, no bond ever put forth by Hutchison, then the order was never effective; thus, Defendant Carter denies that T. Hawkins and CDS were damaged.

THIRTEENTH CLAIM FOR RELIEF: DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS

250.   With respect to Plaintiffs T. Hawkins and CDS' allegation entitled DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS that is described in paragraphs numbered 250 through 257 of the Complaint, Defendant Carter by reference repeats and incorporates her responses to the allegations in the previous.

251.   Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 251.

252.   Defendant Carter admits the allegation in paragraph 252 that she is a person under 42 U.S.C. §1983, but is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 252.

253.   Defendant Carter denies the allegation in paragraph 253 that she participated in a conspiracy with Weeks to obtain or provide labor from T. Hawkins by means of abuse or threatened abuse of the law or legal process. Defendant Carter denies the allegation in paragraph 253 that the order of 5-20-2004 was signed as a result of any conspiracy.

254.   Defendant Carter admits the allegation in paragraph 254 that Defendant Weeks acted under color of state law.

255.   Defendant Carter denies the allegation in paragraph 255 that Defendant Carter participated in any conspiracy described in paragraph 255, and thus denies that the alleged conspiracy was performed under color of law, as Defendant Carter denies that there was a conspiracy.

256.   Defendant Carter denies the allegation in paragraph 256.

257.   Defendant Carter denies the allegations in paragraph 257.  Defendant Carter supports the denial in that the Court of Appeals took up the matter of the order of 5-20-05, and determined that said order was dissolved (Exhibit H).   As the order was dissolved, no bond ever put forth by Hutchison, then the order was never effective; thus, Defendant Carter denies that T. Hawkins and CDS were damaged.

FOURTEENTH CLAIM FOR RELIEF: DEPRIVATION OF 13TH AMENDMENT RIGHT TO BE FREE FROM ENSLAVEMENT

258.   With respect to Plaintiff T. Hawkins's allegation entitled DEPRIVATION OF 13TH AMENDMENT RIGHT TO BE FREE FROM ENSLAVEMENT that is described in paragraphs numbered 258 through 265 of the Complaint, Defendant Carter by reference repeats and incorporates her responses to the allegations in the previous paragraphs.

259.   Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 259.

260.   Defendant Carter admits the allegation in paragraph 260 that she is a person under 42 U.S.C. §1983, but is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 260.

261.   Defendant Carter denies the allegation in paragraph 261 that she participated in a conspiracy with Weeks to obtain or provide labor from T. Hawkins by means of abuse or threatened abuse of the law or legal process. Defendant Carter denies the allegation in paragraph 261 that the order of 5-20-2004 was signed as a result of any conspiracy.

262.   Defendant Carter admits the allegation in paragraph 262 that Defendant Weeks acted under color of state law.

263.   Defendant Carter denies the allegation in paragraph 263 that Defendant Carter participated in any conspiracy described in paragraph 263, and thus denies that the alleged conspiracy was performed under color of law, as Defendant Carter denies that there was a conspiracy.

264. Defendant Carter denies the allegation in paragraph 264.

265. Defendant Carter denies the allegations in paragraph 265. Defendant Carter supports the denial in that the Court of Appeals took up the matter of the order of 5-20-05, and determined that said order was dissolved (Exhibit H). As the order was dissolved, no bond ever put forth by Hutchison, then the order was never effective; thus, Defendant Carter denies that T. Hawkins and CDS were damaged.

---

FIFTEENTH CLAIM FOR RELIEF: DEPRIVATION OF FREEDOM OF EXPRESSION

266. With respect to Plaintiffs T. Hawkins and CDS' allegation entitled DEPRIVATION OF FREEDOM OF EXPRESSION that is described in paragraphs numbered 266 through 273 of the Complaint, Defendant Carter by reference repeats and incorporates her responses to the allegations in the previous paragraphs.

267. Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 267.

268. Defendant Carter admits the allegation in paragraph 268 that she is a person under 42 U.S.C. §1983, but is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 268.

269. Defendant Carter denies the allegation in paragraph 269 that she participated in a conspiracy with Weeks to obtain or provide labor from T. Hawkins by means of abuse or threatened abuse of the law or legal process. Defendant Carter denies the allegation in paragraph 269 that the order of 5-20-2004 was signed as a result of any conspiracy.

270. Defendant Carter admits the allegation in paragraph 270 that Defendant Weeks acted under color of state law.

271. Defendant Carter denies the allegation in paragraph 271 that Defendant Carter participated in any conspiracy described in paragraph 271, and thus denies that the alleged conspiracy was performed under color of law, as Defendant Carter denies that there was a conspiracy.

272. Defendant Carter denies the allegation in paragraph 272.

273. Defendant Carter denies the allegations in paragraph 273. Defendant Carter supports the denial in that the Court of Appeals took up the matter of the order of 5-20-05, and determined that said order was dissolved (Exhibit H). As the order was dissolved, no bond ever put forth by Hutchison, then the order was never effective; thus, Defendant Carter denies that T. Hawkins and CDS were damaged.

---

SIXTEENTH CLAIM FOR RELIEF: DEPRIVATION OF PRIVACY

274. With respect to Plaintiff T. Hawkins's allegation entitled DEPRIVATION OF PRIVACY that is described in paragraphs numbered 274 through 281 of the Complaint, Defendant Carter by reference repeats and incorporates her responses to the allegations in the previous paragraphs.

275.    Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 275.

276.    Defendant Carter admits the allegation in paragraph 276 that she is a person under 42 U.S.C. §1983, but is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 276.

277.    Defendant Carter denies the allegation in paragraph 277 that she participated in a conspiracy with Weeks to obtain or provide labor from T. Hawkins by means of abuse or threatened abuse of the law or legal process.  Defendant Carter denies the allegation in paragraph 277 that the order of 5-20-2004 was signed as a result of any conspiracy.

278.    Defendant Carter admits the allegation in paragraph 278 that Defendant Weeks acted under color of state law.

279.    Defendant Carter denies the allegation in paragraph 279 that Defendant Carter participated in any conspiracy described in paragraph 279, and thus denies that the alleged conspiracy was performed under color of law, as Defendant Carter denies that there was a conspiracy.

280.    Defendant Carter denies the allegation in paragraph 280.

281.    Defendant Carter denies the allegations in paragraph 281.  Defendant Carter supports the denial in that the Court of Appeals took up the matter of the order of 5-20-05, and determined that said order was dissolved (Exhibit H).  As the order was dissolved, no bond ever put forth by Hutchison, then the order was never effective; thus, Defendant Carter denies that T. Hawkins and CDS were damaged.

<hr>

SEVENTEENTH CLAIM FOR RELIEF: RICO

282.    With respect to Plaintiffs T. Hawkins, CDS, and Yahchanan Hawkins' allegation entitled RICO that is described in paragraphs numbered 282 through 292 of the Complaint, Defendant Carter by reference repeats and incorporates her responses to the allegations in the previous paragraphs.

283.    Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 283.

284.    Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of most of the allegations of paragraph 284; except that Defendant Carter admits that by Plaintiffs' failure to list her as a Defendant, then she admits the statement by their omission, that she is not a Defendant.

285.    Defendant Carter denies the allegation in paragraph 285.

286.    Defendant Carter denies the allegations in paragraph 286.

287.    Defendant Carter denies the allegation in paragraph 287.

288.    Defendant Carter denies the allegation in paragraph 288.

289.    Defendant Carter denies the allegations in paragraph 289.

290.    Defendant Carter denies the allegations in paragraph 290.

291.    Defendant Carter denies the allegations in paragraph 291.

292.    Defendant Carter denies the allegations in paragraph 292 that CDS is entitled to recover.  Defendant Carter admits that 18 U.S.C. 1964(c) allows for threefold damages plus costs and attorney fees.

---

EIGHTEENTH CLAIM FOR RELIEF: RICO CONSPIRACY

293.    With respect to Plaintiffs Hawkins, CDS, and Yahchanan Hawkins' allegation entitled RICO CONSPIRACY that is described in paragraphs numbered 293 through 303 of the Complaint, Defendant Carter by reference repeats and incorporates her responses to the allegations in the previous paragraphs.

294.    Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 294.

295.    Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of most of the allegations of paragraph 295; except that Defendant Carter admits that by Plaintiffs' failure to list her as a Defendant, then she admits the statement by their omission, that she is not a Defendant.

296.    Defendant Carter denies the allegation in paragraph 296.

297.    Defendant Carter denies the allegations in paragraph 297.

298.    Defendant Carter denies the allegation in paragraph 298.

299.    Defendant Carter denies the allegation in paragraph 299.

300.    Defendant Carter denies the allegations in paragraph 300.

301.    Defendant Carter denies the allegations in paragraph 301.

302.    Defendant Carter denies the allegations in paragraph 302.

303.    Defendant Carter denies the allegations in paragraph 303 on the basis that the Defendant denies that the Plaintiffs are entitled to receive any damages, costs and attorney fees; however, she admits that 18 U.S.C. §1964(c) allows for threefold damages plus costs and attorney fees.

---

### NINETEENTH CLAIM FOR RELIEF: RICO

304.   With respect to Plaintiff CDS's allegation entitled RICO that is described in paragraphs numbered 304 through 313 of the Complaint, Defendant Carter by reference repeats and incorporates her responses to the allegations in the previous paragraphs.

305.   Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 305.

306.   Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of most of the allegations of paragraph 306; except that Defendant Carter admits that by Plaintiffs' failure to list her as a Defendant, then she admits the statement by their omission, that she is not a Defendant.

307.   Defendant Carter denies the allegation in paragraph 307.

308.   Defendant Carter denies the allegations in paragraph 308.

309.   Defendant Carter denies the allegation in paragraph 309.

310.   Defendant Carter denies the allegation in paragraph 310 with respect to acts committed by Carter as the Enterprise.

311.   Defendant Carter denies the allegations in paragraph 311 with respect to damages.

312.   Defendant Carter denies the allegations in paragraph 312.

313.   Defendant Carter denies the allegations in paragraph 313 on the basis that the Defendant denies that the Plaintiff CDS is entitled to receive any damages, costs and attorney fees; however, she admits that 18 U.S.C. §1964(c) allows for threefold damages plus costs and attorney fees.

---

### TWENTIETH CLAIM FOR RELIEF: RICO

314.   With respect to Plaintiff CDS's allegation entitled RICO that is described in paragraphs numbered 314 through 323 of the Complaint, Defendant Carter by reference repeats and incorporates her responses by reference to the allegations in the previous paragraphs.

315.   Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 315.

316.   Defendant Carter admits to the allegation in paragraph 316 that she is a person. Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 316.

317.   Defendant Carter denies the allegation in paragraph 317.

---

318.   Defendant Carter denies the allegations in paragraph 318.

319.   Defendant Carter denies the allegation in paragraph 319.

320.   Defendant Carter denies the allegation in paragraph 320 with respect to acts committed by Carter as the Enterprise.

321.   Defendant Carter denies the allegations in paragraph 321 with respect to damages.

322.   Defendant Carter denies the allegations in paragraph 322.

323.   Defendant Carter denies the allegations in paragraph 323 on the basis that the Defendant denies that the Plaintiff CDS is entitled to receive any damages, costs and attorney fees; however admits that 18 U.S.C. §1964(c) allows for threefold damages plus costs and attorney fees.

TWENTY-FIRST CLAIM FOR RELIEF: FORCED LABOR

324.   With respect to Plaintiffs T. Hawkins and Y. Hawkins' allegation entitled FORCED LABOR that is described in paragraphs numbered 324 through 331 of the Complaint, Defendant Carter by reference repeats and incorporates her responses to the allegations in the previous paragraphs.

325.   Defendant Carter denies the allegations of paragraph 325.

326.   Defendant Carter denies the allegations in paragraph 326.

327.   Defendant Carter denies the allegation in paragraph 327.

328.   Defendant Carter denies the allegations in paragraph 328.

329.   Defendant Carter denies the allegation in paragraph 329.

330.   Defendant Carter denies the allegation in paragraph 330 that infers that the Plaintiffs are victims.  Defendant Carter admits the allegation in paragraph 330 that 18 U.S.C. §1595 enables an individual who is a victim of 18 U.S.C. §1589 to bring a civil action in the appropriate District Court of the United States.

331.   Defendant Carter denies the allegations in paragraph 331 that states the violation is willful.  Defendant admits the allegations in paragraph 331 that 18 U.S.C. §1589 provides for damages and reasonable attorneys' fees pursuant to 18 U.S.C. §1595.

TWENTY-SECOND CLAIM FOR RELIEF: GOODS SOLD AND DELIVERED

332.   With respect to Plaintiff CDS's allegation entitled GOODS SOLD AND DELIVERED that is described in paragraphs numbered 332 through 335 of the Complaint, Defendant

Carter by reference repeats and incorporates her responses to the allegations in the previous paragraphs.

333.    Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 333.

334.    Defendant Carter is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 334.

335.    Defendant Carter cannot admit or deny to any allegation in paragraph 335 as there is no allegation.

---

TWENTY-THIRD CLAIM FOR RELIEF: MONIES HAD AND RECEIVED

336.    With respect to Plaintiff CDS's allegation entitled MONIES HAD AND RECEIVED that is described in paragraphs numbered 336 through 339 of the Complaint, Defendant Carter by reference repeats and incorporates her responses to the allegations in the previous paragraphs.

337.    Defendant Carter denies the allegations in paragraph 337.

338.    Defendant Carter denies allegations in paragraph 338.

339.    Defendant Carter cannot admit or deny any allegation in paragraph 335, as there is no allegation. Defendant Carter denies that any judgment should be rendered.

---

340.    Plaintiff Yahchanan Y. Hawkins does not have standing to sue as an individual because he was not a party to the original suit on which the instant complaint is based. Further, Plaintiff Y. Hawkins is not mentioned as a person of interest to be restrained from any activity; thus he offers no evidence or pleadings to support that he was ordered to refrain from doing any acts, and/or harmed, or ordered to perform any acts, work, etc.

341.    Plaintiff T. Hawkins frequently mentions that he is the sole shareholder of CDS, and by this statement, if he is trying to bring suit as shareholder, he does not have standing to sue as a stockholder, because a stockholder cannot file a suit to recover damages to a corporation.

342.    Even though a corporation has standing to sue, it must be represented by a duly licensed attorney to bring suit; if not, then the suit cannot proceed. .As Plaintiff Courtroom Data Solutions, Inc. is a corporation represented by a person that is not an attorney, the lawsuit must be dismissed. Alternatively, the Court should grant a brief continuance to allow the corporation to obtain a duly licensed counsel, and if a duly licensed attorney fails to make an appearance for the corporation by the end of the time allowed, then the suit should be dismissed with prejudice.

**B. Affirmative Defenses**

---

343.    Defendant Carter offers that she is not liable to Plaintiffs for allegations in paragraphs 242-281 and 324-331 because the order signed on 5-20-04 that Plaintiffs protest throughout the complaint (allegations in paragraphs 242-281 and 324-331) was never in effect, as no bond was ever tendered. Without the bond being tendered, then no injunction or receivership could be established to cause harm to the Plaintiffs, and the case is moot with respect to Defendant Carter on these allegations.

344.    Defendant is not liable to Plaintiffs for the allegations in paragraphs 153-241 and 324-331 because all of the temporary restraining orders that were signed in the months of October and November 2003 that Plaintiffs protest throughout the complaint (allegations in paragraphs 153-241 and 324-331) were flawed and thus not enforceable by contempt as ruled on by the Honorable Judge Weeks in November of 2003. As the orders of October and November 2003 were held void, then the Plaintiffs suffered no harm; thus the case is moot with respect to Defendant Carter on these allegations.

345.    Defendant Carter offers the affirmative defense of release with respect to allegations in any paragraphs preceding paragraph 336 that infer liability for funds held by Defendant Carter that came from NIRR, and in paragraphs 336-339, as Plaintiff through his counsel, directed that those funds be released to Hutchison to be used to complete the NIRR order, as provided in the letter previously referenced as Exhibit C.

346.    Defendant Carter offers the affirmative defense of res judicata regarding the capacity of any of the temporary restraining orders of October and November 2003 to be effective to hold the Defendants in contempt, as the Plaintiffs argued that said temporary restraining orders were not effective, that the Plaintiffs were entitled not to adhere to the Temporary Restraining Orders, and that said orders were not enforceable by contempt; and Defendant Judge Weeks concurred with Plaintiffs. As such, Plaintiffs were not injured and are barred from complaining now that the order was somehow in effect so that they were damaged.

347.    Defendant Carter offers the affirmative defense of res judicata regarding the capacity of the temporary orders of May 2004 to be effective as a temporary injunction or as to setting up a receivership, as the Plaintiffs successfully took the matter to the Court of Appeals, and the Court of Appeals concurred that the order was not effective to act as an injunction or receivership, as there was no evidence that a bond was in place. As such, the Court of Appeals did not look at the merits of the Plaintiffs' argument, but only found that a bond was not in place, and the temporary order of May 20, 2005 was vacated with respect to the injunction and receivership. Again, the Plaintiffs were not damaged, because no order was ever in place as to the injunction and receivership.

348.    Defendant Carter offers the defense that Plaintiff's pleadings and or complaint, including Plaintiffs' RICO pleadings, should be dismissed for Plaintiffs' failure to state a claim for which relief can be granted, and incorporates herein Defendant Carter's Memorandum of Support of Motion to Dismiss for Plaintiffs Failure to State a Claim and Brief in Support of Defendant Carter's Motion to Dismiss for Plaintiffs Failure to State a Claim.    Additionally, three of Plaintiffs cause of actions are defective as to naming Defendant Carter in the class of Defendants; thus making it impossible for Defendant Carter to adequately deny those claims, except to request that the claim be dismissed, or repled, if the Court allows.

349.    Defendant Carter includes as an affirmative defense, the grounds for Rule 11 sanctions in that Defendant Carter asserts that the Plaintiffs filed frivolous pleadings, false allegations, and claims that are better pled in state court, reserving to file a formal complaint after providing notice.    The grounds being that the Plaintiffs used the temporary restraining orders and the temporary injunctions as the basis of the lawsuit, when the Plaintiffs were never bound by the dictates of the temporary restraining order or the temporary injunctions; thus could not be harmed as alleged.    Additionally, Plaintiffs Hawkins and CDS, through their attorney of record, in response to a motion for contempt of the temporary restraining orders, filed a response to Defendant's Motion for Contempt, and in such document plead that the orders were void.    As the Court agreed, on or about November 13, that the temporary restraining orders were flawed, and the Plaintiffs Hawkins and CDS continued to act in contradiction to the orders, then the Plaintiffs cannot be damaged as they alleged in the petition.    Further, as the temporary orders of May 20, 2005 were dissolved by the Court of Appeals, then again, the Plaintiffs cannot be damaged as they alleged in their petitioner. Further, as the Plaintiffs complained and asked for damages for funds held by Defendant Carter, when they knew that they had directed Defendant Carter to release those funds, then again they did not suffer the alleged damages.

## C. Abstention

Defendant Carter asks the Court to stay or dismiss the action on the ground that there is a similar action pending in state court in which the controversy between the parties can be resolved; thus would result in duplicative litigation.    Defendant Carter specifically offers that there is pending litigation in Cause Number 18093 in Callahan County that has not yet been resolved, and Defendant Carter has no knowledge of any court date set for final hearing in the 42nd District Court.    Additionally, it appears that the issue of damages relating to an October 10, 2003 temporary restraining order would meet the requirements of a compulsory counterclaim under State procedure, and as such, to plead in the Federal Court would undermine the authority of the State District Court.    Further, Plaintiffs Hawkins and CDS filed a motion to disqualify and/or recuse Defendant Honorable John Weeks as the presiding judge over the State action; however such request was denied in August of 2005.    Thus it appears, even if not so, that the Plaintiff Hawkins and CDS are trying, through filing this action in Federal Court, to seek a more favorable forum for their complaint.    As the issues of wrongful temporary restraining order, temporary injunctions, accountings, etc. can be brought in that matter, then it would appear that the matter should first be concluded in State District Court.

## D. Prayer

For these reasons, Defendant asks the Court to do the following:

a.    Render judgment that Plaintiffs take nothing.

b.    Dismiss Plaintiffs' suit with prejudice.

c.    Assess costs against Plaintiffs.

      d.     Award Defendant Carter attorney fees.

                                       Respectfully submitted,

By: _____
Tiffani N. Helms
Texas Bar No:  24046053
Carter Law Firm
618 Hickory St.
Abilene, Texas 79601
Tel:  (325) 677-5290
Fax:  (325) 672-5882

ATTORNEY FOR DEFENDANT,
VICTORIA L. CARTER

## CERTIFICATE OF SERVICE

      I certify that I sent a copy of the Defendant Carter's Original Answer to each party and/or each party's attorney listed below on October 31, 2005, by the method indicated next to each party's and/or each party's attorney's name.

_____
Tiffani N. Helms

Tsephanyah Hawkins, Pro Se
3706 Private Road 2547
Clyde, Texas 79510
Tel: (325) 893-4790
Fax: (325) 893-1805          **Sent by fax transfer**

Yahchanan Hawkins, Pro Se
3471 Private Road 2541
Clyde, Texas 79510
Tel: (325) 893-5961          **Sent by certified mail #7004 1160 0004 5176 5360**

Tsephanyah Hawkins filing for
CDS's claims to protect his own
Interest as President of CDS, Sole Stockholder
Of CDS, Sole Officer of CDS, of necessity,
This requires he protect the interest of CDS.
3706 Private Road 2547
Clyde, Texas 79510
Tel: (325) 893-4790
Fax: (325) 893-1805          **Sent by fax transfer**

Donald L. Anderson Jr., represented by Unknown
Attorney
500 Chestnut Street
Suite 1402
Abilene, Texas 79602
Tel:  (325) 672-7824
Fax:  (325) 672-2158                    **Personal Delivery**

Charles C. Self, III, represented by Unknown
Attorney
500 Chestnut Street
Suite 1402
Abilene, Texas 79602
Tel:  (325) 672-7824
Fax:  (325) 672-2158                    **Personal Delivery**

Norman Oster, represented by Unknown Attorney
P.O. Box 417
Schnecksville, Pennsylvania 18078
Tel:  Unknown
Fax:  Unknown                    **Sent by certified mail #7004 1160 0004 5176 5377**

The National Institute of Realtime Reporting, Inc.,
Represented by Steve Suttle
400 Pine Street
Abilene, Texas 79602
Tel:  (325) 676-9183
Fax:  (325) 676-8836                    **Personal Delivery**

John A. Chistolini, represented by Steve Suttle
400 Pine Street
Abilene, Texas 79602
Tel:  (325) 676-9183
Fax:  (325) 676-8836                    **Personal Delivery**

Marilyn Gardner, represented by Steve Suttle
400 Pine Street
Abilene, Texas 79602
Tel:  (325) 676-9183
Fax:  (325) 676-8836                    **Personal Delivery**

S.A.W. Solutions, Inc., represented by
Unknown Attorney
1670 Briarwood Circle
Bethlehem, Pennsylvania 18015
Tel:  Unknown
Fax:  Unknown                    **Sent by certified mail #7004 1160 0004 5176 5384**

Claudia Hutchison, represented by
Gary Brown
3041 South 7th
Abilene, Texas 79603
Tel:  (325) 672-3338
Fax:  (325) 673-5772       **Personal Delivery**


The Honorable John Weeks, represented by
Unknown Attorney
300 Oak Street
Abilene, Texas 79602
Tel:  (325) 674-1314
Fax:  (325) 674-1256       **Personal Delivery**


South Carolina School of Court Reporting, Inc.
Represented by Gary Brown
3041 South 7th
Abilene, Texas 79603
Tel:  (325) 672-3338
Fax:  (325) 673-5772       **Personal Delivery**


Vocedit, Inc., represented by Unknown
Attorney
P.O. Box 233
Little Mt., South Carolina 29075
Tel:  Unknown
Fax:  Unknown       **Sent by certified mail #7004 1160 0004 5176 5391**