UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF THE STATE OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| TSEPHANYAH Y. HAWKINS, ) <br> YAHCHANAN Y. HAWKINS and ) <br> COURTROOM DATA SOLUTIONS, INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE HONORABLE JOHN W. WEEKS, ) <br> in his personal capacity, ) <br> CLAUDIA HUTCHINSON, in her personal ) <br> capacity and in her capacities with S.A.W ) <br> Solutions, Inc., StenoScribe, Incorporated, ) <br> Vocedit, Inc., and/or The South Carolina ) <br> School of Court Reporting, Inc., ) <br> NORMAN OSTER, in his personal capacity ) <br> and in his capacities with S.A.W. Solutions, ) <br> Inc., StenoScribe Incorporated, Vocedit, Inc., ) <br> and/or The South Carolina School of Court ) <br> Reporting, Inc., ) <br> STENOSCRIBE, INCORPORATED, ) <br> VICTORIA L. CARTER, ) <br> MARILYN GARDNER, in her personal ) <br> capacity and her capacities with The National ) <br> Institute of Realtime Reporters, Inc., ) <br> JOHN CHISTOLINI, in his personal ) <br> capacity and his capacities with The National ) <br> Institute of Realtime Reporters, Inc., ) <br> THE NATIONAL INSTITUTE OF REALTIME ) <br> REPORTERS, INC., ) <br> S.A.W. SOLUTIONS, INC., ) <br> THE SOUTH CAROLINA SCHOOL OF ) <br> COURT REPORTING, INC., ) <br> VOCEDIT, INC., ) <br> CHARLES C. SELF, III, ) <br> DONALD L. ANDERSON, JR., ) <br> WHITTEN & YOUNG, P.C., ) <br> CARTER LAW OFFICES, and ) <br> CHISTOLINI AND DESIMONE, INC. ) <br> Defendants ) | U.S. DISTRICT COURT <br> NORTHERN DISTRICT OF T... <br> **FILED** <br> OCT 31 2005 <br> CLERK, U.S. DISTRICT COURT <br> By _____ <br> Deputy <br><br><br> Civil Action No. 1-05CV-184-C |

### ANSWER OF DEFENDANTS MARILYN GARDNER, JOHN CHISTOLINI, CHISTOLINI & DESIMONE, P.C. and THE NATIONAL INSTITUTE OF REALTIME COURT REPORTERS, INC. and DEMAND FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

Come now your Defendants, Marilyn Gardner, John Chistolini, Chistolini & Desimone, P.C. and the National Institute of Realtime Court Reporters, Inc., and subject to their prior motions filed under Rule 12(b), Fed. R. Civ. P., answer the numbered paragraphs in the Plaintiffs' First Amended Complaint ("Complaint') as follows:

1. Defendants deny that this Court possesses subject matter jurisdiction under 18 U.S.C. §1595 under the allegations set forth in the Complaint.

2. Defendants deny that this Court possesses subject matter jurisdiction under 28 U.S.C. §1331 under the allegations set forth in the Complaint.

3. Defendants deny that this Court possesses subject matter jurisdiction under 28 U.S.C. §1343 under the allegations set forth in the Complaint.

4. Defendants deny that this Court possesses subject matter jurisdiction under 18 U.S.C. §1961 under the allegations set forth in the Complaint.

5. Defendants deny that this Court possesses subject matter jurisdiction under 28 U.S.C. §1367 under the allegations set forth in the Complaint.

6. Defendants deny that venue is proper in this District and Division.

7. Defendants neither admit nor deny the allegations of the following paragraphs of the Complaint because they lack sufficient knowledge or information to form a belief as to their truth:

| | | | | | | |
|---|---|---|---|---|---|---|
| 7 | 49 | 75 | 103 | 135 | 166 | 312 |
| 8 | 50 | 76 | 104 | 142 | 167 | 323 |
| 9 | 51 | 77 | 105 | 143 | 168 | 334 |
| 10 | 52 | 78 | 110 | 144 | 169 | 344 |
| 11 | 53 | 80 | 112 | 145 | 170 | 420 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 12 | 54 | 81 | 113 | 146 | 171 | 430 |
| 13 | 55 | 84 | 114 | 147 | 172 | |
| 15 | 56 | 85 | 115 | 148 | 173 | |
| 16 | 57 | 86 | 116 | 149 | 175 | |
| 17 | 58 | 87 | 117 | 150 | 183 | |
| 22 | 59 | 88 | 118 | 151 | 191 | |
| 23 | 60 | 89 | 119 | 152 | 199 | |
| 25 | 61 | 90 | 120 | 153 | 207 | |
| 26 | 62 | 91 | 121 | 154 | 215 | |
| 27 | 63 | 92 | 122 | 155 | 223 | |
| 29 | 64 | 93 | 123 | 156 | 231 | |
| 30 | 65 | 94 | 124 | 157 | 239 | |
| 31 | 66 | 95 | 125 | 158 | 247 | |
| 32 | 67 | 96 | 126 | 159 | 255 | |
| 36 | 68 | 97 | 127 | 160 | 263 | |
| 39 | 69 | 98 | 128 | 161 | 272 | |
| 43 | 71 | 99 | 129 | 162 | 280 | |
| 45 | 72 | 100 | 130 | 163 | 288 | |
| 46 | 73 | 101 | 131 | 164 | 296 | |
| 48 | 74 | 102 | 132 | 165 | 304 | |

8. Defendants deny the allegations in the following paragraphs of the Complaint:

| | | | | | | |
|---|---|---|---|---|---|---|
| 34 | 185 | 225 | 265 | 302 | 339 | 387 |
| 35 | 186 | 226 | 266 | 306 | 340 | 388 |
| 37 | 187 | 227 | 267 | 307 | 341 | 394 |
| 38 | 188 | 228 | 268 | 308 | 342 | 410 |
| 40 | 189 | 229 | 269 | 309 | 346 | 411 |
| 41 | 193 | 233 | 270 | 310 | 347 | 412 |
| 42 | 194 | 234 | 274 | 314 | 348 | 413 |
| 47 | 195 | 235 | 275 | 315 | 349 | 414 |
| 70 | 196 | 236 | 276 | 316 | 350 | 415 |
| 79 | 197 | 237 | 277 | 317 | 351 | 416 |
| 82 | 201 | 241 | 278 | 318 | 352 | 417 |
| 83 | 202 | 242 | 282 | 319 | 354 | 418 |
| 111 | 203 | 243 | 283 | 320 | 355 | 422 |
| 133 | 204 | 244 | 284 | 321 | 356 | 423 |
| 134 | 205 | 245 | 285 | 325 | 357 | 424 |
| 136 | 209 | 249 | 286 | 326 | 358 | 425 |
| 138 | 210 | 250 | 290 | 327 | 359 | 426 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 139 | 211 | 251 | 291 | 328 | 360 | 427 |
| 140 | 212 | 252 | 292 | 329 | 362 | 428 |
| 141 | 213 | 253 | 293 | 330 | 363 | 431 |
| 177 | 217 | 257 | 294 | 331 | 364 | 432 |
| 178 | 218 | 258 | 298 | 332 | 374 | 433 |
| 179 | 219 | 259 | 299 | 336 | 375 | 434 |
| 180 | 220 | 260 | 300 | 337 | 376 | 435 |
| 181 | 221 | 261 | 301 | 338 | 386 | 436 |

9. Pleading with particularity, Defendants answer the remaining paragraphs of the Complaint as follows:

14. Defendants neither admit nor deny the allegations because they lack sufficient knowledge to form a belief as to their truth. Defendants deny they criminally conspired with the Defendant Hutchinson.

18. Defendants neither admit nor deny the allegations because they lack sufficient knowledge to form a belief as to their truth. The Defendants deny they criminally conspired with the Defendant Carter.

19. Defendants neither admit nor deny the allegations because they lack sufficient knowledge to form a belief as to their truth. The Defendants deny they criminally conspired with the Defendant Oster.

20. Defendants admit the allegations contained in the first three sentences of paragraph 20, but deny the allegations contained in the fourth sentence.

21. Defendants admit the Defendant Gardner resides in Massachusetts, that she is the President of NIRR and that she is an attorney. The Defendants admit that at all times she only acted in her representative capacity as President of NIRR in any dealings with Claudia Hutchinson and Tsephanyah Hawkins as purported representatives of StenoScribe, Inc. Defendants deny the remaining allegations contained in paragraph 21.

24. Defendants admit the Defendant Chistolini resides in Massachusetts and has represented NIRR as its attorney. Defendants admit that the Defendant Chistiolini only acted in his representative capacity as an officer and attorney for NIRR in all dealings on behalf of NIRR. Defendants deny the remaining allegations contained in paragraph 24.

28. Defendants admit that Chistolini & DeSimone, P.C. is a Massachusetts

4

professional corporation engaged in the practice of law whose office is located at 20 McGrath Highway, Quincy, Massachusetts.

33. Defendants admit NIRR agreed to purchase computer court reporting systems from StenoScribe, Inc. at a price of $3,500 per system and deny the remaining allegations contained in paragraph 33.

44. Defendants neither admit nor deny the allegations because they lack sufficient knowledge to form a belief as to their truth, but deny that the issuance of the Temporary Injunction constitutes action under color of state law.

106. Defendants admit that $7,000 was sent to Defendant Carter to be held in escrow for the benefit of StenoScribe, Inc. pending the resolution of claims between the Plaintiffs and Defendant Hutchinson. The Defendants neither admit nor deny the remaining allegations because they lack sufficient knowledge to form a belief as to their truth.

107. Defendants admit that the quoted portion of the October 13, 2003 letter from Defendant Carter is correctly stated.

108. Defendants admit that the quoted portion of the October 15, 2003 letter from Defendant Chistolini is correctly stated.

109. Defendants admit that the October 15, 2003 letter from Defendant Chistolini to Defendant Carter was sent solely in his capacity as attorney for NIRR and deny the remaining allegations contained in paragraphs 109.

111. Defendants deny the allegations contained in paragraphs 111 because a full accounting was provided to the Plaintiffs through their counsel, Defendant Self, on numerous occasions.

137. Defendants admit that Defendant Chistolini informed Defendant Self that $84,000 was being held in escrow, but that $4,080 was to be deducted from that amount for payments made to third party vendors who provided goods that were supposed to be provided by StenoScribe, Inc., but for which StenoScribe/CDS failed to pay. The Defendants deny that a full accounting was not provided to CDS. Such accounting was provided on multiple occasions to its attorney, Defendant Self.

## First Claim for Relief
## Deprivation of Property Without Due Process

174. Defendants reallege and incorporate their answers to paragraphs 1-173 as if set forth separately herein.

176. Paragraph 176 states a conclusion of law to which no answer is required. To the extent that an answer is required, the allegations are denied.

## Second Claim for Relief
## Deprivation of Liberty Without Due Process

182. Defendants reallege and incorporate their answers to paragraphs 1-181 as if set forth separately herein.

184. Paragraph 184 states a conclusion of law to which no answer is required. To the extent that an answer is required, the allegations are denied.

## Third Claim for Relief
## Deprivation of 13th Amendment Right to be Free From Enslavement

190. Defendants reallege and incorporate their answers to paragraphs 1-189 as if set forth separately herein.

192. Paragraph 192 states a conclusion of law to which no answer is required. To the extent that an answer is required, the allegations are denied.

## Fourth Claim for Relief
## Deprivation of Freedom of Expression

198. Defendants reallege and incorporate their answers to paragraphs 1-197 as if set forth separately herein.

200. Paragraph 200 states a conclusion of law to which no answer is required. To the extent that an answer is required, the allegations are denied.

## Fifth Claim for Relief
## Deprivation of Privacy

206. Defendants reallege and incorporate their answers to paragraphs 1-205 as if set forth separately herein.

208. Paragraph 208 states a conclusion of law to which no answer is required. To the extent that an answer is required, the allegations are denied.

## Sixth Claim for Relief
## Deprivation of Property Without Due Process

214. Defendants reallege and incorporate their answers to paragraphs 1-213 as if set forth separately herein.

216. Paragraph 216 states a conclusion of law to which no answer is required. To the extent that an answer is required, the allegations are denied.

## Seventh Claim for Relief
## Deprivation of 13th Amendment Right to be Free From Enslavement

222. Defendants reallege and incorporate their answers to paragraphs 1-221 as if set forth separately herein.

224. Paragraph 224 states a conclusion of law to which no answer is required. To the extent that an answer is required, the allegations are denied.

## Eighth Claim for Relief
## Deprivation of Freedom of Expression

230. Defendants reallege and incorporate their answers to paragraphs 1-229 as if set forth separately herein.

232. Paragraph 232 states a conclusion of law to which no answer is required. To the extent that an answer is required, the allegations are denied.

## Ninth Claim for Relief
## Deprivation of Privacy

238. Defendants reallege and incorporate their answers to paragraphs 1-237 as if set forth separately herein.

240. Paragraph 240 states a conclusion of law to which no answer is required. To the extent that an answer is required, the allegations are denied.

## Tenth Claim for Relief
## Deprivation of Property Without Due Process

246. Defendants reallege and incorporate their answers to paragraphs 1-245 as if set forth separately herein.

248. Paragraph 248 states a conclusion of law to which no answer is required. To the extent that an answer is required, the allegations are denied.

## Eleventh Claim for Relief
## Deprivation of 13th Amendment Right to be Free From Enslavement

254. Defendants reallege and incorporate their answers to paragraphs 1-253 as if set forth separately herein.

256. Paragraph 256 states a conclusion of law to which no answer is required. To the extent that an answer is required, the allegations are denied.

## Twelfth Claim for Relief
## Deprivation of Freedom of Expression

262. Defendants reallege and incorporate their answers to paragraphs 1-261 as if set forth separately herein.

264. Paragraph 264 states a conclusion of law to which no answer is required. To the extent that an answer is required, the allegations are denied.

## Thirteenth Claim for Relief
## Deprivation of Privacy

271. Defendants reallege and incorporate their answers to paragraphs 1-270 as if set forth separately herein.

273. Paragraph 273 states a conclusion of law to which no answer is required. To the extent that an answer is required, the allegations are denied.

## Fourteenth Claim for Relief
## Deprivation of Property Without Due Process

279. The Defendants reallege and incorporate their answers to paragraphs 1-278 as if set forth separately herein.

281. Paragraph 281 states a conclusion of law to which no answer is required. To the extent that an answer is required, the allegations are denied.

## Fifteenth Claim for Relief
## Deprivation of 13th Amendment Right to Be Free from Enslavement

287. Defendants reallege and incorporate their answers to paragraphs 1-286 as if set forth separately herein.

289. Paragraph 289 states a conclusion of law to which no answer is required. To the extent that an answer is required, the allegations are denied.

## Sixteenth Claim for Relief
## Deprivation of Freedom of Expression

295. Defendants reallege and incorporate their answers to paragraphs 1-294 as if set forth separately herein.

297. Paragraph 297 states a conclusion of law to which no answer is required. To the extent that an answer is required, the allegations are denied.

## Seventeenth Claim for Relief
## Deprivation of Privacy

303. Defendants reallege and incorporate their answers to paragraphs 1-302 as if set forth separately herein.

305. Paragraph 305 states a conclusion of law to which no answer is required. To the extent that an answer is required, the allegations are denied.

## Eighteenth Claim for Relief
## RICO

311. Defendants reallege and incorporate their answers to paragraphs 1-310 as if set forth separately herein.

313. Paragraph 313 states a conclusion of law to which no answer is required. To the extent that an answer is required, the allegations are denied.

## Nineteenth Claim for Relief
## RICO Conspiracy

322. Defendants reallege and incorporate their answers to paragraphs 1-322 if set forth separately herein.

324. Paragraph 324 states a conclusion of law to which no answer is required. To the extent that an answer is required, the allegations are denied.

## Twentieth Claim for Relief
## RICO

333. Defendants reallege and incorporate their answers to paragraphs 1-332 if set forth separately herein.

335. Paragraph 335 states a conclusion of law to which no answer is required. To the extent that an answer is required, the allegations are denied.

## Twenty-First Claim for Relief
## RICO

343. Defendants reallege and incorporate their answers to paragraphs 1-342 as if set forth separately herein.

345. Paragraph 345 states a conclusion of law to which no answer is required. To the extent that an answer is required, the allegations are denied.

## Twenty-Second Claim for Relief
## Forced Labor

353. Defendants reallege and incorporate their answers to paragraphs 1-352 as if set forth separately herein.

## Twenty-Third Claim for Relief
## Goods Sold and Delivered

361. Defendants reallege and incorporate their answers to paragraphs 1-360 as if set forth separately herein.

## Twenty-Fourth Claim for Relief
## Monies Had and Received

365-368. This Count relates to parties other than the Defendants to which no answer is required. To the extent that an answer is required the Defendants state that in September and October, 2003, checks totaling $21,000 were delivered to the Defendant Carter by counsel for The National Institute of Realtime Reporters, Inc., formerly known as the New England School of Court Reporting, Inc., to be held in escrow for the benefit of StenoScribe, Incorporated, the Plaintiffs and the Defendant Hutchinson pending resolution of the Texas state court proceedings referenced in the Plaintiffs' Amended Complaint.

### Twenty-Fifth Claim for Relief
### Moneys Had and Received

369-372.   This Count relates to parties other than the Defendants to which no answer is required.  To the extent an answer is required the allegations are denied.

### Twenty-Sixth Claim for Relief
### Monies Had and Received

373.   Defendants reallege and incorporate their answers to paragraphs 1-343 as if set forth separately herein.

### Twenty-Seventh Claim for Relief
### Legal Malpractice

377-384.   This Count relates to parties other than the Defendants to which no answer is required.  To the extent an answer is required the allegations are denied.

### Twenty-Eighth Claim for Relief
### Unjust Enrichment

385.   Defendants reallege and incorporate their answers to paragraphs 1-384 as if set forth separately herein.

### Twenty-Ninth Claim for Relief
### Intentional Infliction of Emotional Distress

389.   Defendants reallege and incorporate their answers to paragraphs 1-388 as if set forth separately herein.

390-392.   This Count relates to parties other than the Defendants to which no answer is required.  To the extent an answer is required the allegations are denied.

## Thirtieth Claim for Relief
## Breach of Fiduciary Duty

393. Defendants reallege and incorporate their answers to paragraphs 1-392 as if set forth separately herein.

395-401 This Count relates to parties other than the Defendants to which no answer is required. To the extent that an answer is required the allegations are denied.

## Thirty-First Claim for Relief
## Fraud

402. Defendants reallege and incorporate their answers to paragraphs 1-401 as if set forth separately herein.

403-408 This Count relates to parties other than the Defendants to which no answer is required. To the extent that an answer is required the allegations are denied.

## Thirty-Second Claim for Relief
## Breach of Fiduciary Duty

409. Defendants reallege and incorporate their answers to paragraphs 1-409 as if set forth separately herein.

## Thirty-Third Claim for Relief
## Conspiracy to Deprive Rights

419. Defendants reallege and incorporate their answers to paragraphs 1-418 as if set forth separately herein.

421. Paragraph 421 states a conclusion of law to which no answer is required. To the extent that an answer is required, the allegations are denied.

## Thirty-Fourth Claim for Relief
## Neglect to Prevent Conspiracy

429. Defendants reallege and incorporate their answers to paragraphs 1-418 as if set forth separately herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

This Court lacks personal jurisdiction over the Defendants Marilyn Gardner, John A. Chistolini, The National Institute of Realtime Reporters, Inc. and Chistolini & DeSimone, P.C.

### Second Affirmative Defense

This Court lacks subject matter jurisdiction over the claims asserted under 42 U.S.C. § 1983 as the complaint does not allege cognizable state action upon which such claims must be based.

### Third Affirmative Defense

The Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted against the Defendants, Marilyn Gardner, John A. Chistolini, The National Institute of Realtime Reporters, Inc. and Chistolini & DeSimone, P.C.

### Fourth Affirmative Defense

The Complaint seeks to assert claims on behalf of the corporate plaintiff Courtroom Data Solutions, Inc. which is not represented by counsel admitted to practice law in the State of Texas or in the Federal District Court for the District of Texas. Accordingly those claims can not proceed against the defendants unless an appearance by counsel is filed on behalf the Plaintiff, Courtroom Data Solutions, Inc.

### Fifth Affirmative Defense

The Amended Complaint fails to plead its allegations of fraud with particularity as required by Fed. R. Civ. P. 9(b).

### Sixth Affirmative Defense

The Complaint fails to plead its allegation of special damages with particularity as required by Fed. R. Civ. P. 9(g).

### Seventh Affirmative Defense

The Amended Complaint fails to plead with particularity the required predicate acts necessary to set forth a claim under 18 U.S.C. §§ 1961 and 1962.

### Eighth Affirmative Defense

Payment for all software and technical services has been made.

### Ninth Affirmative Defense

Plaintiffs' claims were satisfied before the filing of this lawsuit; there has been an accord and satisfaction.

### Tenth Affirmative Defense

Plaintiffs are estopped from asserting causes of action against the Defendants based upon actions of the Defendants in following and in relying upon instructions given to them by counsel for the Plaintiffs.

### Eleventh Affirmative Defense

The Plaintiffs are in material breach of the oral software purchase contract, have not performed the conditions of the contract, and therefore, are barred from any recovery under the contract or in quantum meruit.

WHEREFORE, having fully answered, the Defendants Marilyn Gardner, John A. Chistolini, The National Institute of Realtime Reporters, Inc. and Chistolini and DeSimone, P.C. respectfully pray judgment of the Court that the Plaintiffs claims against these Defendants be dismissed, that Plaintiffs take nothing, that Defendants recover their costs and reasonable attorneys' fees, and for such other and further relief, general or special, at large or in equity, to which they may be entitled

**The Defendants demand a jury trial on all counts.**

Respectfully submitted,

McMahon, Surovik, Suttle, Buhrmann, Hicks,
Gill & Cannon, P.C.
400 Pine Street, Suite 800
PO BOX 3679
Abilene, Texas 79604
325-676-9183/325-676-8836 FAX
Stephen H. Suttle
State Bar No. 19526000
Kerry DiGioia
State Bar No. 24045781

BY: _____/s/ Stephen H. Suttle_____
Stephen H. Suttle
State Bar No. 19526000

ATTORNEYS FOR MARILYN GARDNER, JOHN A. CHISTOLINI and THE NATIONAL INSTITUTE OF REALTIME REPORTERS, INC.

**CERTIFICATE OF SERVICE**

This is to certify that on this 31st day of October, 2005, a true and correct copy of the foregoing was served on all parties of record by Certified Mail, Return Receipt Requested, as addressed below:

Tsephanyah Y. Hawkins
3706 Private Road 2547
Clyde, Texas 79510

Yahehanan Y. Hawkins
3471 Private Road 2541
Clyde, Texas 79510

The Honorable John W. Weeks
42nd District Court
Taylor County Courthouse
300 Oak Street
Abilene, Texas 79602

Claudia Hutchinson
P.O. Box 233
Little Mt., South Carolina 29075

Norman Oster
P.O. Box 417
Schnecksville, Pennsylvania 18078

Victoria L. Carter
Carter Law Offices
618 Hickory Street
Abilene, Texas 79601

S.A.W. Solutions, Inc.
1670 Briarwood Circle
Bethlehem, Pennsylvania 18015

The South Carolina School of Court
Reporting, Inc.
652 Bush River Road, Suite 210
Columbia, South Carolina 29210

Vocedit, Inc.
P.O. Box 233
Little Mt., South Carolina 29075

Charles C. Self, III
Donald L. Anderson, Jr.
Whitten & Young, P. C.
500 Chestnut Street, Suite 1402
Abilene, Texas 79602

_____
STEPHEN H. SUTTLE