UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF THE STATE OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| TSEPHANYAH Y. HAWKINS,<br>YAHCHANAN Y. HAWKINS and<br>COURTROOM DATA SOLUTIONS, INC.,<br>Plaintiffs,<br><br>v.<br><br>**THE HONORABLE JOHN W. WEEKS,**<br>in his personal capacity,<br>**CLAUDIA HUTCHINSON,** in her personal<br>capacity and in her capacities with S.A.W<br>Solutions, Inc., StenoScribe, Incorporated,<br>Vocedit, Inc., and/or The South Carolina<br>School of Court Reporting, Inc.,<br>**NORMAN OSTER,** in his personal capacity<br>and in his capacities with S.A.W. Solutions,<br>Inc., StenoScribe Incorporated, Vocedit, Inc.,<br>and/or The South Carolina School of Court<br>Reporting, Inc.,<br>**STENOSCRIBE, INCORPORATED,**<br>**VICTORIA L. CARTER,**<br>**MARILYN GARDNER,** in her personal<br>capacity and her capacities with The National<br>Institute of Realtime Reporters, Inc.,<br>**JOHN CHISTOLINI,** in his personal<br>capacity and his capacities with The National<br>Institute of Realtime Reporters, Inc.,<br>**THE NATIONAL INSTITUTE OF REALTIME**<br>**REPORTERS, INC.,**<br>**S.A.W. SOLUTIONS, INC.,**<br>**THE SOUTH CAROLINA SCHOOL OF**<br>**COURT REPORTING, INC.,**<br>**VOCEDIT, INC.,**<br>**CHARLES C. SELF, III,**<br>**DONALD L. ANDERSON, JR.,**<br>**WHITTEN & YOUNG, P.C.,**<br>**CARTER LAW OFFICES,** and<br>**CHISTOLINI AND DESIMONE, INC.**<br>Defendants | Civil Action No.<br>1-05CV-184-C |

Original Answer    South Carolina School of Court Reporting, Inc.    PAGE 1

**ANSWER OF SOUTH CAROLINA SCHOOL OF COURT REPORTING
and DEMAND FOR JURY TRIAL**

TO THE HONORABLE JUDGE OF SAID COURT:

Come now THE SOUTH CAROLINA SCHOOL OF COURT REPORTING, INC., hereinafter referred to as "Defendant," and subject to its prior motions filed under Rule 12(b), Fed. R. Civ. P., answer the numbered paragraphs in the Plaintiffs' ORIGINAL COMPLAINT ("Complaint') as follows:

1. Defendant denies that this Court possesses subject matter jurisdiction under 18 U.S.C. §1595 under the allegations set forth in the Complaint.

2. Defendant denies that this Court possesses subject matter jurisdiction under 28 U.S.C. §1331 under the allegations set forth in the Complaint.

3. Defendant denies that this Court possesses subject matter jurisdiction under 28 U.S.C. §1343 under the allegations set forth in the Complaint.

4. Defendant denies that this Court possesses subject matter jurisdiction under 18 U.S.C. §1961 under the allegations set forth in the Complaint.

5. Defendant denies that this Court possesses subject matter jurisdiction under 28 U.S.C. §1367 under the allegations set forth in the Complaint.

6. Defendant denies that venue is proper in this District and Division.

7. Defendant neither admits nor denies the allegations of the following paragraphs of the Complaint because they lack sufficient knowledge or information at this time to form a belief as to their truth, and to the extent that such allegations attempt to impose any liability upon the Defendant denies all the allegations contained therein:

| | | | | | |
|---|---|---|---|---|---|
| 7 | 49 | 75 | 103 | 141 | 166 |
| 8 | 50 | 76 | 104 | 142 | 167 |
| 9 | 51 | 77 | 105 | 143 | 168 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 10  | 52 | 78  | 110 | 144 | 169 |     |
| 11  | 53 | 80  | 112 | 145 | 170 |     |
| 12  | 54 | 81  | 113 | 146 | 171 |     |
| 106 | 55 | 84  | 114 | 147 | 172 | 108 |
| 107 | 56 | 85  | 115 | 148 | 173 | 109 |
| 16  | 57 | 86  | 116 | 149 |     | 111 |
| 17  | 58 | 87  | 117 | 150 |     | 137 |
| 22  | 59 | 88  | 118 | 151 |     |     |
| 23  | 60 | 89  | 119 | 152 |     |     |
| 25  | 61 | 90  | 120 | 153 |     |     |
| 26  | 62 | 91  | 121 | 154 |     |     |
| 27  | 63 | 92  | 122 | 155 |     |     |
| 29  | 64 | 93  | 123 | 156 |     |     |
| 30  | 65 | 94  | 124 | 157 |     |     |
| 31  | 66 | 95  | 125 | 158 |     |     |
| 32  | 67 | 96  | 126 | 159 |     |     |
| 36  | 68 | 97  | 127 | 160 |     |     |
| 39  | 69 | 98  | 128 | 161 |     |     |
| 43  | 71 | 99  | 129 | 162 |     |     |
| 45  | 72 | 100 | 130 | 163 |     |     |
| 46  | 73 | 101 | 131 | 164 |     |     |
| 48  | 74 | 102 | 132 | 165 |     |     |

8. Defendant denies the allegations in the following paragraphs of the Complaint:

| | | | | | |
|---|---|---|---|---|---|
| 34       | 185 | 222 | 263     | 300 | 331 |
| 35       | 186 | 226 | 264     | 301 | 333 |
| 37       | 187 | 227 | 267     | 302 | 334 |
| 38       | 188 | 228 | 268     | 305 | 335 |
| 40       | 189 | 229 | 269     | 306 | 337 |
| 41       | 190 | 230 | 270     | 307 | 338 |
| 42       | 194 | 234 | 271     | 308 | 339 |
| 47       | 195 | 235 | 272     | 309 | 341 |
| 70       | 196 | 236 | 275,276 | 310 | 342 |
| 79       | 197 | 237 | 277     | 311 | 343 |
| 82       | 198 | 238 | 278,279 | 312 | 345 |
| 83       | 202 | 239 | 280     | 319 | 346 |
| 111      | 203 | 243 | 283     | 315 | 347 |
| 133      | 204 | 244 | 284     | 316 | 349 |
| 134,135  | 205 | 245 | 285     | 317 | 350 |
| 136      | 206 | 246 | 286,287 | 318 | 351 |
| 138      | 210 | 247 | 288     | 319 | 352 |
| 139      | 211 | 251 | 289     | 320 | 353 |
| 140      | 212 | 252 | 290     | 321 | 355 |
| 174      | 213 | 253 | 291     | 322 | 356 |
| 178      | 214 | 254 | 294     | 325 | 357 |

| | | | | | |
|---|---|---|---|---|---|
| 179 | 218 | 255 | 295 | 326 | 359 |
| 180 | 219 | 259 | 296 | 327 | 360 |
| 181 | 220 | 260 | 297 | 328 | 361 |
| 182 | 221 | 261 | 298 | 329 | |
| | | 262 | 299 | 330 | |

9. Pleading with particularity. Defendant answers the remaining paragraphs of the Complaint as follows:

13. Defendant admits the allegation that it is a corporation formed under the laws of the state of South Carolina, on August 31, 2004, with its principal place of business being in South Carolina.

14. Defendant neither admits nor denies the allegations, unless admitted herein because it lacks sufficient knowledge to form a belief as to their truth. Defendant denies that any of its authorized agents, servants, or employees have criminally conspired with any other named Defendant. Defendant admits that Hutchison presently resides in South Carolina. Hutchison on or after August 31, 2004 has at times been an agent, employee or servant of Defendant, but never with any relation to any Plaintiff.

15. Defendant neither admits nor denies the allegations regarding Hutchinson being an agent, employee, or servant of any other named Defendant other than Defendant because it lacks sufficient knowledge to form a belief as to their truth. Defendant admits that Hutchinson on or after August 31, 2004 has at times been an agent, employee or servant of Defendant, but never with any relation to any Plaintiff. Defendant denies that any of its authorized agents, servants, or employees have criminally conspired with any other named Defendant.

18. Defendant neither admits nor denies the allegations because it lacks sufficient knowledge to form a belief as to their truth. The Defendant denies it criminally conspired with the Defendant Carter.

19. Defendant neither admits nor denies the allegations unless admitted herein because it lacks sufficient knowledge to form a belief as to their truth. Defendant admits that Oster presently resides in South Carolina. Defendant admits that Oster is employed as an instructor. Defendant admits that Oster on or after August 31, 2004, has at times been an agent, servant or employee of Defendant, but never with any relation to any Plaintiff. The Defendant denies it criminally conspired with the Defendant Oster.

20. Defendant neither admits nor denies the allegations because it lacks sufficient knowledge to form a belief as to their truth. The Defendant denies it criminally conspired with the Defendant NIRR.

21. Defendant neither admits nor denies the allegations because it lacks sufficient knowledge to form a belief as to their truth. The Defendant denies it criminally conspired with the Defendant Gardner.

24. Defendant neither admits nor denies the allegations because it lacks sufficient knowledge to form a belief as to their truth. The Defendant denies it criminally conspired with the Defendant Chistolini.

28. Defendant neither admits nor denies the allegations because it lacks sufficient knowledge to form a belief as to their truth. The Defendant denies it criminally conspired with the Defendant Chistolini & DeSimone, P.C.

33. Defendant denies the allegations contained therein.

44. Defendant neither admits nor denies the allegations because they lack sufficient knowledge to form a belief as to their truth, but denies that the issuance of the Temporary Injunction constitutes action under color of state law.

**First Claim for Relief**
Deprivation of Property Without Due Process

153 & 159   Defendant realleges and incorporate its answers to paragraphs 1-158 as if set forth separately herein and deny the allegations contained therein in paragraph 159.

160   Paragraph 160 states a conclusion of law to which no answer is required. To the extent that an answer is required, the allegations are denied.

**Second Claim for Relief**
Deprivation of 13th Amendment Right to be Free From Enslavement

161 & 167.   Defendant realleges and incorporate their answers to paragraphs 1-165 as if set forth separately herein and deny the allegations contained therein in paragraph 167.

168. Paragraph 168 states a conclusion of law to which no answer is required. To the extent that an answer is required, the allegations are denied.

**Third Claim for Relief**
Deprivation of Freedom of Expression

169 & 175.  Defendant realleges and incorporate their answers to paragraphs 1-174 as if set forth separately herein, and deny the allegations contained therein, and deny all the allegations in paragraph 175.

176.  Paragraph 176 states a conclusion of law to which no answer is required. To the extent that an answer is required, the allegations are denied.

**Fourth Claim for Relief**
**Deprivation of Privacy**

177 & 183.  Defendant realleges and incorporate their answers to paragraphs 1-176 as if set forth separately herein, and denies the allegations contained therein, and deny all the allegations in paragraph 183.

184.  Paragraph 184 states a conclusion of law to which no answer is required. To the extent that an answer is required, the allegations are denied.

**FIFTH CLAIM FOR RELIEF**
**Deprivation or Property Without Due Process**

185 & 191.  Defendant realleges and incorporate their answers to paragraphs 1-184 as if set forth separately herein, and deny the allegations contained therein, and deny all the allegations in paragraph 191.

192.  Paragraph 192 states a conclusion of law to which no answer is required. To the extent that an answer is required, the allegations are denied.

**SIXTH CLAIM FOR RELIEF**
Deprivation of 13th Amendment Right to be free from Enslavement

193 & 199 Defendant realleges and incorporate their answers to paragraphs 1-192 as if set forth separately herein, and denies the

allegations contained therein, and deny all the allegations in paragraph 199.

200. Paragraph 200 states a conclusion of law to which no answer is required. To the extent that an answer is required, the allegations are denied.

**SEVENTH CLAIM FOR RELIEF**
Deprivation of Freedom of Expression

201 & 207 Defendant realleges and incorporate their answers to paragraphs 1-200 as if set forth separately herein, and denies the allegations contained therein, and deny all the allegations in paragraph 207.

208. Paragraph 208 states a conclusion of law to which no answer is required. To the extent that an answer is required, the allegations are denied.

**Eight Claim for Relief**
Deprivation of Privacy

209 & 215 Defendant realleges and incorporate their answers to paragraphs 1-208 as if set forth separately herein, and denies the allegations contained therein, and deny all the allegations in paragraph 215.

216. Paragraph 216 states a conclusion of law to which no answer is required. To the extent that an answer is required, the allegations are denied.

**NINTH CLAIM FOR RELIEF**
Deprivation of Property Without Due Process

217 & 223   Defendant realleges and incorporate their answers to paragraphs 1-216 as if set forth separately herein, and denies the allegations contained therein, and deny all the allegations in paragraph 223.

224. Paragraph 224 states a conclusion of law to which no answer is required. To the extent that an answer is required, the allegations are denied.

**Tenth Claim for Relief**
Deprivation of 13th Amendment Right to be Free From Enslavement

225 & 231   Defendant realleges and incorporate their answers to paragraphs 1-224 as if set forth separately herein, and denies the allegations contained therein, and deny all the allegations in paragraph 231.

232.   Paragraph 232 states a conclusion of law to which no answer is required. To the extent that an answer is required, the allegations are denied.

**Eleventh Claim for Relief**
Deprivation of Freedom of Expression

233 & 240.   Defendant realleges and incorporate their answers to paragraphs 1-232 as if set forth separately herein, and denies the allegations contained therein, and deny all the allegation in paragraph 240.

241.   Paragraph 241 states a conclusion of law to which no answer is required. To the extent that an answer is required, the allegations are denied.

**Twelfth Claim for Relief**
Deprivation of Privacy

242 & 248.   Defendant realleges and incorporate their answers to paragraphs 1 -241 as if set forth separately herein, and denies the allegations contained therein, and deny all allegations in paragraph 248.

249.   Paragraph 249 states a conclusion of law to which no answer is required. To the extent that an answer is required, the allegations are denied.

**Thirteenth Claim for Relief**
Deprivation of Property Without Due Process

250 & 256   The Defendant realleges and incorporate their answers to paragraphs 1-249 as if set forth separately herein, and denies the allegations contained therein, and denies all the allegations in paragraph 256.

257.   Paragraph 257 states a conclusion of law to which no answer is required. To the extent that an answer is required, the allegations are denied.

**Fourteenth Claim for Relief**
Deprivation of 13th Amendment Right to Be Free from Enslavement

258. Defendant realleges and incorporate their answers to paragraphs 1-258 as if set forth separately herein, and denies the allegations contained therein.

265. Paragraph 265 states a conclusion of law to which no answer is required. To the extent that an answer is required, the allegations are denied.

**Fifteenth Claim for Relief**
Deprivation of Freedom of Expression

266. Defendant realleges and incorporate their answers to paragraphs 1-262 as if set forth separately herein, and denies the allegation contained therein.

273. Paragraph 273 states a conclusion of law to which no answer is required. To the extent that an answer is required, the allegations are denied.

**Sixteenth Claim for Relief**
Deprivation of Privacy

274. Defendant realleges and incorporate their answers to paragraphs 1-273 as if set forth separately herein and denies the allegations contained therein.

281. Paragraph 305 states a conclusion of law to which no answer is required. To the extent that an answer is required, the allegations are denied.

**Seventeeth Claim for Relief**
RICO

282. Defendant realleges and incorporate their answers to paragraphs 1 -281 as if set forth separately herein, and denies the allegations contained therein.

292. Paragraph 292 states a conclusion of law to which no answer is required. To the extent that an answer is required, the allegations are denied.

**Eighteenth Claim for Relief**
RICO Conspiracy

293. Defendant realleges and incorporate their answers to paragraphs 1-292 if set forth separately herein, and denies the allegations contained therein.

303. Paragraph 303 states a conclusion of law to which no answer is required. To the extent that an answer is required, the allegations are denied.

**Nineteenth Claim for Relief**
RICO

304. Defendant realleges and incorporate their answers to paragraphs 1-303 if set forth separately herein, and denies the allegations contained therein.

313. Paragraph 313 states a conclusion of law to which no answer is required. To the extent that an answer is required, the allegations are denied.

**Twentieth Claim for Relief**
RICO

314. Defendant realleges and incorporate their answers to paragraphs 1-313 as if set forth separately herein, and denies the allegations contained therein.

323. Paragraph 323 states a conclusion of law to which no answer is required. To the extent that an answer is required, the allegations are denied.

**Twenty-First Claim for Relief**
Forced Labor

324. Defendant realleges and incorporate their answers to paragraphs 1-323 as if set forth separately herein, and denies the allegations contained therein.

331. Paragraph 331 states a conclusion of law to which no answer is required. To the extent that an answer is required, the allegations are denied.

**Twenty-Second Claim for Relief**
Goods Sold and Delivered

332. Defendant realleges and incorporate their answers to paragraphs 1-331 as if set forth separately herein, and denies the allegations therein.

**Twenty-Third Claim for Relief**
Monies Had and Received

336. Defendant realleges and incorporate their answers to paragraphs 1-335 as if set forth separately herein, and denies the allegations therein.

**Twenty-Fourth Claim for Relief**
Moneys Had and Received

340. Defendant realleges and incorporate their answers to paragraphs 1-339 as if set forth separately herein.

**Twenty-Fifth Claim for Relief**
Moneys Had and Received

344. Defendant realleges and incorporate their answers to paragraphs 1-343 as if set forth separately herein

**Twenty-Sixth Claim for Relief**
Legal Malpractice

348 through 353.    This Count relates to parties other than the Defendant to which no answer is required. To the extent an answer is required the allegations are denied.

**Twenty-Seventh Claim for Relief**
Unjust Enrichment

354. Defendant realleges and incorporate their answers to paragraphs 1-353 as if set forth separately herein.

**Twenty-Ninth Claim for Relief**
Intentional Infliction of Emotional Distress

358. Defendant realleges and incorporate their answers to paragraphs 1-357 as if set forth separately herein.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense**

This Court lacks personal jurisdiction over this Defendant.

**Second Affirmative Defense**

This Court lacks subject matter jurisdiction over the claims asserted under 42 U.S.C. § 1983 as the complaint does not allege cognizable state action upon which such claims must be based.

**Third Affirmative Defense**

The Plaintiffs' Original Complaint fails to state a claim upon which relief can be granted against this Defendant.

The Complaint seeks to assert claims on behalf of the corporate plaintiff Courtroom Data Solutions, Inc. which is not represented by counsel admitted to practice law in the State of Texas or in the Federal District Court for the District of Texas. Accordingly those Alleged claims can not proceed against the Defendant unless an appearance by counsel is filed on behalf the Plaintiff, Courtroom Data Solutions, Inc.

**Forth Affirmative Defense**

The Complaint fails to plead its allegations of fraud with particularity as required by Fed. R. Civ. P. 9(b).

**Fifth Affirmative Defense**

The Complaint fails to plead its allegation of special damages with particularity as required by Fed. R. Civ. P. 9(g).

**Sixth Affirmative Defense**

The Complaint fails to plead with particularity the required predicate acts necessary to set forth a claim under 18 U.S.C. §§ 1961 and 1962.

WHEREFORE, having fully answered, said Defendant THE SOUTH CAROLINA SCHOOL OF COURT REPORTING, INC., respectfully pray judgment of the Court that the Plaintiffs claims against this Defendant be dismissed, that Plaintiffs take nothing, that Defendant recover its costs and reasonable attorneys' fees, and for such other and further relief, general or special, at large or in equity, to which it may be entitled.

The Defendant demands a jury trial on all counts.

RESPECTFULLY SUBMITTED,

_____
Gary M. Brown, SBN 03123500
3041 South 7th, Abilene, Texas 79605
(325)673-9599; fax (325)673-5772
Attorney for Defendant

CERTIFICATE OF SERVICE

This is to certify that on this the ____ day of November, 2005, a true and correct copy of the foregoing was served on all parties of record by Certified Mail, Return Receipt Requested, or by Fax if number is show, as addressed below:

Tsephanyah Y. Hawkins
3706 Private Road 2547
Clyde, Texas 79510

Yahehanan Y. Hawkins
3471 Private Road 2541
Clyde, Texas 79510

CERTIFICATE OF SERVICE

This is to certify that on this the \_\_\_\_\_day of November, 2005, a true and correct copy of the foregoing was served on all parties of record by Certified Mail, Return Receipt Requested, or by Fax if number is show, as addressed below:

Tsephanyah Y. Hawkins
3706 Private Road 2547
Clyde, Texas 79510

Yahehanan Y. Hawkins
3471 Private Road 2541
Clyde, Texas 79510

Tom C. Clark
3131 Turtle Creek Voulevard
Suite 1201
Dallas, Texas 75219
Fax 214.559.4466
Attorney for Whitten & Young, P.C.
Charles C. Self III, and
Donald L. Anderson

Hao Le
Assistant Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Fax 512.320.0667
Attorney for the
Honorable John W. Weeks

Stephen H. Suttle
Kerry DiGioia
400 Pine Street, Suite 800
Abilene, Texas 79604
Fax 325.676.8836
Attorneys for Marilyn Gardner,
John A. Chirtolini and The National
Institute of Realtime Reporters, Inc.

Claudia Hutchinson
P.O. Box 233
Little Mt., South Carolina 29075

Norman Oster
P.O. Box 417
Schnecksville, Pennsylvania 18078

Victoria L. Carter
Carter Law Offices
618 Hickory Street
Abilene, Texas 79601

S.A.W. Solutions, Inc.
1670 Briarwood Circle
Bethlehem, Pennsylvania 18015

Vocedit, Inc.
P.O. Box 233
Little Mt., South Carolina 29075

_____
Gary M. Brown