

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**ABILENE DIVISION**

TSEPHANYAH Y. HAWKINS,
ET AL

V.                                                    CASE NO.
                                                      1-05CV-184-C

THE HONORABLE JOHN WEEKS,
ET AL

### ORIGINAL ANSWER OF DEFENDANT S.A.W. SOLUTIONS, INC.
### SUBJECT TO PLEA TO THE JURISDICTION

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes S.A.W. Solutions, Inc., named as a Defendant in the above numbered and entitled cause, and, subject to its Plea to the Jurisdiction which is being filed concurrently with this answer, files this its Original Answer to the First Amended Complaint filed by the Plaintiffs, and would show the Court the following:

1.      In response to Plaintiffs, allegations in Paragraphs 1-6 under the subheading "Jurisdiction and Venue," Defendant S.A.W. denies each and every allegation and asserts that Plaintiffs have no cause of action under the various federal statutes cited.

2.      In response to Plaintiffs' allegations in Paragraphs 1-11, 13, and 20-28 under the subheading "Parties," Defendant S.A.W. has insufficient information to either admit or deny those allegations. As to Paragraph 12, Defendant S.A.W. admits those allegations except that it denies it engaged in the activities described at "all relevant times." Defendant S.A.W. was engaged in the described activities only from March, 2004, to November, 2004.

As to the allegations in Paragraphs 14-19, Defendant S.A.W. denies that Hutchison and Oster were its agents or employees. Hutchison and Oster were independent contractors engaged by Defendant S.A.W. Defendant has insufficient information to admit or deny the other allegations of these paragraphs.

3      In response to Plaintiffs' allegations in Paragraphs 29-121, Defendant S.A.W. answers that the allegations are not addressed to Defendant S.A.W. and therefore no answer is necessary. Generally, Defendant S.A.W. would also answer that it has insufficient information to either admit or deny the allegations in those paragraphs.

4.      In response to Plaintiffs' allegations in Paragraph 122, Defendant S.A.W. denies that Hutchison and Oster engaged in the marketing and sales of pirated versions of CDS's software. Defendant S.A.W. also denies that Hutchison and Oster established and/or operated S.A.W and denies all the other allegations of Paragraph 122.

5.      In response to Plaintiffs' allegations in Paragraphs 123-142, Defendant S.A.W. answers that the allegations are not addressed to Defendant S.A.W. and therefore no answer is necessary. Generally, Defendant S.A.W. would also answer that it has insufficient information to either admit or deny the allegations in those paragraphs.

6.      In response to Plaintiffs' allegations in Paragraphs 143, Defendant S.A.W. denies those allegations except Defendant S.A.W. admits that Hutchison and Oster attended the 2004 National Verbatim Reporter's Association to market a product developed by them and financed by S.A.W. but denies that they sold any product.

7.      In response to Plaintiffs' allegations in Paragraphs 144-310, Defendant S.A.W. answers that the allegations are not addressed to Defendant S.A.W. and therefore

no answer is necessary. Generally, Defendant S.A.W. would also answer that it has insufficient information to either admit or deny the allegations in those paragraphs.

8.     In response to Plaintiffs' allegations in Paragraphs 311-352, Defendant S.A.W. denies those allegations.

9.     In response to Plaintiffs' allegations in Paragraphs 353-436, Defendant S.A.W. answers that the allegations are not addressed to Defendant S.A.W. and therefore no answer is necessary. Generally, Defendant S.A.W. would also answer that it has insufficient information to either admit or deny the allegations in those paragraphs.

WHEREFORE, PREMISES CONSIDERED, Defendant S.A.W. prays that the Plaintiffs take nothing, that Defendant S.A.W. be dismissed, that all costs be assessed against the Plaintiffs, and that Defendant be granted such other relief to which it may show itself justly entitled.

Respectfully submitted,

WAGSTAFF, ALVIS, STUBBEMAN,
SEAMSTER & LONGACRE, L.L.P.
P. O. Box 360
Abilene, TX 79604-0360
(325)677-6291
(325)677-6313  (FAX)

By: _____
       Roy B. Longacre
       State Bar No. 12539000

ATTORNEYS FOR DEFENDANT
S.A.W. SOLUTIONS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that I have complied with Federal Rules of Civil Procedure by serving a true copy of the above instrument on all other parties or their attorneys.

Tsephanyah Y. Hawkins, Pro Se
3706 Private Road 2547
Clyde, Texas 79510
PLAINTIFF

Yahchanan Y. Hawkins, Pro So
3474 Private Road 2541
Clyde, Texas 79510
PLAINTIFF

Courtroom Data Solutions, Inc., Pro Se
3706 Private Road 2547
Clyde, Texas 79510
PLAINTIFF

Hao Le
Office of the Texas Attorney General
General Litigation Division
PO Box 12548
Austin, Texas 78711-2548
ATTTORNEY FOR DEFENDANT
THE HONORABLE JOHN W. WEEKS

Tiffani N. Helms
Carter Law Firm
618 Hickory Street
Abilene, Texas 79601
ATTORNEY FOR DEFENDANT
VICTORIA L. CARTER

Kerry DiGioia
Stephen H. Suttle
McMahon Law Firm
PO Box 3679
400 Pine Street, Suite 800
Abilene, Texas 79604-3679
ATTORNEYS FOR DEFENDANTS
MARILYN GARDNER, JOHN A. CHRISTOLINI,
THE NATIONAL INSTITUTE OF REALTIME
REPORTERS, INC., CHISTOLINI AND
DESIMONE, INC.

Gary Brown
Law Office of Gary M. Brown
3041 South 7th
Abilene, Texas  79605
ATTORNEY FOR DEFENDANT
THE SOUTH CAROLINA SCHOOL OF COURT REPORTING, INC.

Jill A. Malouf
Mark J. Zimmermann
Tom C. Clark
Dealy Zimmermann Clark Collie & Malouf
3131 Turtle Creek Blvd., Suite 1201
Dallas, Texas  75219
ATTORNEYS FOR DEFENDANTS
CHARLES C. SELF, III, DONALD L. ANDERSON, JR.,
WHITTEN AND YOUNG, P.C.

Roy B. Longacre