IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

ABILENE DIVISION

| | | |
|---|---|---|
| TSEPHANYAH Y. HAWKINS, et al, | ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | Civil Action No, |
| | ) | 1:05-CV-184-C |
| THE HONORABLE JOHN W. WEEKS, et al., | ) ) | |
| Defendants. | ) ) | |

PLAINTIFFS' BRIEF IN SUPPORT OF THEIR RESPONSE IN OPPOSITION TO DEFENDANT CARTER'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Respectfully Submitted,

By:

_____
TSEPHANYAH Y. HAWKINS, PRO SE
3706 PRIVATE ROAD 2547
CLYDE, TEXAS 79510
TELEPHONE (325) 893-4790
TELECOPIER (325) 893-1805

_____
YAHCHANAN Y. HAWKINS, PRO SE
3471 PRIVATE ROAD 2541
CLYDE, TEXAS 79510
TELEPHONE (325) 893-5961

## I. PROCEDURAL AND FACTUAL BACKGROUND

On October 31, 2005, Defendant Victoria L. Carter ("Carter") filed her "Defendant Carter's Memorandum in Support of Motion to Dismiss for Plaintiff's (sic) Failure to State a Claim" ("Memorandum"). Buried within that document seems to be another document entitled "Brief in Support of Defendant Carter's Motion to Dismiss for Plaintiffs' Failure to State a Claim" ("Brief"). A motion to dismiss is nowhere to be found. It appears that Carter has not filed a motion to dismiss.

## II. ARGUMENT AND AUTHORITIES

**Response to Carter's contention that Plaintiffs did not allege that Carter "Knowingly provided or obtained the labor or services of a person"**

Carter's giant memorandum/brief combo document ("Memorandum to Dismiss"), contends on "page 9 of 15" that Plaintiffs did not allege that Carter "knowingly provided or obtained the labor or services of a person. 18 U.S.C. § 1595 (2004)." The word "person" does not even appear in 18 U.S.C. § 1595. The word "individual" does, however. And Plaintiffs have alleged that they are individuals. Plaintiffs have alleged that they are United States Citizens and individuals, it is implicit, therefore, that they are persons. Moreover, Plaintiffs are concurrently filing a motion to amend the complaint. In that amendment, Plaintiffs explicitly define themselves as persons.

**Response to Carter's contention that a conspiracy involving her has not been alleged and that there is a failure to state a claim**

The court order, Exhibit B of Plaintiff's First Amended Complaint ("The Ex Parte Order") is prima facie evidence of a meeting of the minds. When someone submits an order it becomes part of a request for it to go into effect. They agree for it to go into effect. They intend

2

that there be a meeting of the minds on that order between the one submitting the order and the judge so that the terms of that order can be carried out. When a judge signs an order, it means he agrees that the order should go into effect. At that point, there is a meeting of the minds. If he doesn't agree for it to go into effect, he doesn't sign it, because there is no meeting of the minds. Thus, an order submitted and signed is proof of a meeting of the minds between the one submitting the order and the judge signing the order. Ordinarily such a meeting of the minds is not criminal. It is unusual for such to constitute a criminal conspiracy because it is unusual for a court order to be a crime. In this case, however, The Ex Parte Order and other orders in the State Case are prima facie evidence of Carter and Defendant The Honorable John W. Weeks' intent to violate 18 U.S.C.§ 1589:

> Whoever knowingly provides or obtains the labor or services of a person--
> (1) by threats of serious harm to, or physical restraint against, that person or another person;
> (2) by means of any scheme, plan, or pattern intended to cause the person to believe that, if the person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint; or
> (3) by means of the abuse or threatened abuse of law or the legal process,
> shall be fined under this title or imprisoned not more than 20 years, or both. If death results from the violation of this section, or if the violation includes kidnapping or an attempt to kidnap, aggravated sexual abuse or the attempt to commit aggravated sexual abuse, or an attempt to kill, the defendant shall be fined under this title or imprisoned for any term of years or life, or both."
>
> 18 U.S.C. § 1589

It is plain, as alleged in Plaintiff's First Amended Complaint, that The Ex Parte Order restrained Tsephanyah Hawkins from "[n]ot fulfilling current obligations or commitments to customers, specifically, but not limited to the New England School of Court Reporting". It also restrained him from "Not providing software upon request by [Hutchison] or in conjunction with any orders". It is plain from Plaintiffs' First Amended Complaint that Tsephanyah Hawkins' did not want to fulfill what Carter was purporting to be "current obligations or commitments to

3

customers, specifically, but not limited to the New England School of Court Reporting." It is plain from Plaintiffs' First Amended Complaint that the reason Tsephanyah Hawkins and Yahchanan Hawkins performed the services and labor comprising those "obligations" is because of the threat of loss of liberty clearly and intentionally presented by The Ex Parte Order. It is plain that that was Carter's intended effect.

Since the Ex Parte Order and other orders in this case are prima facie evidence of a corrupt conspiracy with a sitting state judge – a state actor, Carter and others became state actors by their participation in causing that Ex Parte Order to go into effect. Concurrent with its unlawful enslavement of Plaintiffs, The Ex Parte Order deprived Plaintiffs of significant constitutional rights including but not limited to depriving them of their property without due process. Since, with respect to the Ex Parte Order, Carter was already a state actor because of the enslaving clauses, she is also a state actor with respect to the other clauses that violated other rights of the enslaved victims of that order. Moreover, Plaintiffs' First Amended Complaint alleges that those other rights violations were a part of the scheme to enslave Plaintiffs against their will and to keep them from having the funds necessary to escape the bondage of the court orders. The orders intent went beyond that of forcing the labor of Plaintiffs. It was intended to reduce Plaintiffs to the status of slaves – forced to work, absent all property, absent all rights.

**Response to Carter's "Monies Had and Allegedly Received" argument**

Her position that an existing court order is an essential element of a Monies had and Received claim is plainly frivolous.

**Response to Carter's "Violation of 18 U.S.C. § 1961" argument**

Within Plaintiffs Second Amended Complaint, Plaintiffs have named Carter as a person within the meaning of 18 U.S.C. §§ 1961(3) and 1962 (c). Carter Law Offices was named, and

on information and belief, that is Carter. And concurrently with this filing, Plaintiffs will move to for leave to amend. So the issue is moot.

**Response to Carter's "Violation of 13th Amendment" argument**

Plaintiffs have alleged that they believed that if they did not serve and labor, they would lose their liberty. They have not only alleged it, it is true. Even though the order may have been void, it had to be obeyed. As a practical matter, such an order is only voidable. And often such orders are only actually rendered void by means of writ of habeas corpus. If such an order is not obeyed, there is a very high probability that the one in contempt will end up in jail, especially if the tyrant attorney for the person who obtained the order is breathing threats of contempt and filing motions for contempt every time the slave doesn't do something fast enough for her. That was the case here.

**Response to Carter's "Violation of 42 U.S.C. § 1985" argument**

A case has been stated for a violation of 42 U.S.C. § 1985. Carter's wording of her appeal evinces her invidious discriminatory animus. *Plaintiffs' First Amended Complaint* ¶ 161, And her actions speak louder than those words. Her intentional circumvention of due process as alleged in Plaintiffs' First Amended Complaint is a clear and intentional denial of equal protection. It is clear that the denial of equal protection was committed in conspiracy with Defendant The Honorable John W. Weeks. It is clear that under the facts alleged in Plaintiffs First Amended Complaint, a claim against Carter under 42 U.C.S. § 1985 has been stated.

### III CONCLUSION

Plaintiffs have stated claims upon which relief can be granted, and Carter has not filed a motion to dismiss. So Plaintiff's claims should not be dismissed.

Respectfully Submitted,

By:   **Signatures next page**

_____  
Tsephanyah Y. Hawkins, Pro Se  
3706 Private Road 2547  
Clyde, Texas 79510  
(Voice) 325-893-4790  
(Fax) 325-893-1805

_____  
Yahchanan Y. Hawkins, Pro Se  
3471 Private Road 2541  
Clyde, Texas 79510  
(Voice) 325-893-5961

# CERTIFICATE OF SERVICE

This is to certify that on this __7th__ day of _____, 200_5_, a true and correct copy of the foregoing was served on the following as stated below:

**BY CERTIFIED MAIL RETURN RECEIPT REQUESTED:**

| | | |
|---|---|---|
| **Mark J Zimmermann** | **Stephen H Suttle** | **Hao Le** |
| **Tom C Clark** | **Kerry DiGioia** | Office of the Texas Attorney |
| **Jill A Malouf** | McMahon Law Firm | General |
| Dealey Zimmermann Clark & Malouf | PO Box 3679 | General Litigation Div |
| Turtle Creek Tower | 400 Pine St | PO Box 12548 |
| 3131 Turtle Creek Blvd | Suite 800 | Austin, TX 78711-2548 |
| Suite 1201 | Abilene, TX 79604-3679 | |
| Dallas, TX 75219-5415 | | |
| | | |
| **Norman Oster** | **Tiffani N Helms** | **Claudia Hutchison** |
| P.O. Box 417 | 618 Hickory St | P.O. Box 233 |
| Schnecksville, PA 18015 | Abilene, TX 79601 | Little Mt., SC 29075 |
| | | |
| **Carter Law Offices** | **Roy B. Longacre** | **Vocedit, Inc** |
| 618 Hickory Street | P.O. Box 360 | P.O. Box 233 |
| Abilene, Texas 79601 | Abilene, TX 79604-0360 | Little Mt. SC 29075 |
| | | |
| **Gary M. Brown** | **StenoScribe, Incorporated** | |
| 3041 South 7th | PO Box 417 | |
| Abilene, TX 79605 | Schnecksville, PA 18078 | |

**IN PERSON DELIVERY**

**CERTIFIED BY:** _____

**Yahchanan Hawkins**

3471 Private Road 2541

Clyde, Texas 79510

Tsephanyah Hawkins, Pro Se

3706 Private Road 2547

Clyde, Texas 79510

325-893-4790

7