IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

ABILENE DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC 22 2005
CLERK, U.S. DISTRICT COURT
By ______ Deputy

TSEPHANYAH Y. HAWKINS, )
et al, )
Plaintiffs, )
v. ) Civil Action No,
) 1:05-CV-184-C
THE HONORABLE JOHN W. WEEKS, )
et al., )
Defendants. )

PLAINTIFFS' BRIEF IN SUPPORT OF THEIR RESPONSE IN OPPOSITION TO DEFENDANT S.A.W. SOLUTIONS, INC.'S MOTION TO DISMISS

Respectfully Submitted,
By:

TSEPHANYAH Y. HAWKINS, PRO SE
3706 PRIVATE ROAD 2547
CLYDE, TEXAS 79510
TELEPHONE (325) 893-4790
TELECOPIER (325) 893-1805

YAHCHANAN Y. HAWKINS, PRO SE
3471 PRIVATE ROAD 2541
CLYDE, TEXAS 79510
TELEPHONE (325) 893-5961

# TABLE OF CONTENTS

TABLE OF CONTENTS ........ 2

INDEX OF AUTHORITIES ........ 3

I FACTS ........ 4

A. Statements within the Affidavit of Thomas Foley ........ 4

B. Facts plain from the appendix that accompanies Plaintiffs' Response in Opposition to Defendant S.A.W. Solutions, Inc.'s Motion to Dismiss. ........ 4

C. On Information and belief ........ 6

D. Facts alleged in Plaintiffs' First Amended Complaint ........ 6

II ARGUMENT ........ 9

A. Standard of factual analysis ........ 9

B. S.A.W. Solutions, Inc. had in in-forum agent and performed in-forum torts ........ 9

C. S.A.W. Solutions, Inc. does business in Texas ........ 12

D. *Illegal purpose disregard* conveys personal jurisdiction over S.A.W. Solutions, Inc. to forum ........ 13

III CONCLUSION ........ 16

CERTIFICATE OF SERVICE ........ 17

# INDEX OF AUTHORITIES

Cases

*Bullion v. Gillespie*,
895 F.2d 213, 217 (5th Cir. 1990) .................... 9

*Castleberry v. Branscum*,
721 S.W.2d 270, 272 (Tex. 1986).................... 14

*Command-Aire, Corp v. Ontario Mechanical Sales and Service, Inc.*,
963 F.2d 90, 95 (5th Cir. 1992) .................... 9

*Helicopteros Nacionales de Colombia, S. A. v. Hall*,
466 U.S. 408, 414 (1984).................... 13

*Lakota Girl Scout Council, Inc. v. Havey Fund-Raising Management*,
519 F.2d 634 (8th Cir. 1975) .................... 15

*Moss v. Ole South Real Estate, Inc.*
933 F.2d 1300, at 1312, (5th Cir. 1991).................... 16

*Stuart v. Spademan*,
772 F.2d 1185, at 1197 (5th Cir. 1985).................... 15

*White v. Caplin*,
686 F.2d 276, 282-83 n.13 (5th Cir. 1982) .................... 9

This brief is filed concurrently with Plaintiffs' Response in Opposition to Defendant S.A.W. Solutions, Inc.'s Motion to Dismiss. This brief is filed at the same time as an Appendix encapsulating exhibits in support of this brief and the response it supports.

## I FACTS[1]

**A. Statements within the Affidavit of Thomas Foley**

1. The affidavit of Thomas Foley, an apparently faxed copy is attached to Defendant S.A.W. Solutions, Inc.'s ("SAW") Motion to Dismiss, states that "[w]hile [S.A.W. Solutions, Inc.] was active, S.A.W. Solutions, Inc., maintained its only office in Allentown, Pennsylvania. 3. S.A.W. Solutions, Inc., never maintained any office in the state of Texas. S.A.W. Solutions did not do any business in the state of Texas, did not have any employees or agents in the state of Texas, and did not market or sale (sic) any products or services in the state of Texas."

2. The affidavit of Thomas Foley states that SAW is now inactive.

**B. Facts plain from the appendix that accompanies Plaintiffs' Response in Opposition to Defendant S.A.W. Solutions, Inc.'s Motion to Dismiss.**

3. On July 28, 2005 defendant Claudia Hutchison incorporated Defendant Vocedit, Incorporated (APX. P2).

4. Contrary to the Affidavit of Thomas Foley, S.A.W. Solutions, Inc. has maintained an office in Bethlehem Pennsylvania. See *Application for Registration of Fictitious Name* (APX P5) (The address, including number and street, if any, of the principal place of business). There the principal place of business is given as Bethlehem, PA. And *Articles of Incorporation for Profit*

---

[1] Exhibits in the Appendix that accompanies Plaintiffs' Response in Opposition to Defendant S.A.W. Solutions, Inc.'s Motion to Dismiss are referred to by page, i.e. "(APX P2)" refers to page 2 of the appendix. Within the Appendix, Appendix page numbers are preceded by the word APPENDIX. This is to maintain referential integrity -- to reduce confusion with page numbers and other numbers that may already be on the exhibits.

*of S.A.W. Solutions, Inc.* (APX P7) ("address of this corporation's initial registered office in this Commonwealth"). There the registered office address is given as Bethlehem, PA.

5. S.A.W. Solutions, Inc. did business through the fictitious name "Digiware Technologies, Inc." See *Application for Registration of Fictitious Name* (APX P5).

6. S.A.W. Solutions, Inc. did business through its fictitious name Digiware Technologies, Inc. which did business through its fictitious name "S.A.W. Solutions, Inc. d/b/a The Pennsylvania School of Court Reporting". See Application for Registration of Ficticious Name (APX P3)

7. Thomas Foley, Defendant Claudia Hutchison, and Defendant Norman Oster were the individuals interested in that fictitious name. See *Application for Registration of Fictitious Name* (APX P3).

8. On January 14, 2004, Defendant Claudia Hutchison obtained the domain name "digiwaretechnologies.com". *Whois Search Results* (APX P9)

9. As demonstrated by the Network Solutions WHOIS Search Results (APX P21), and digiwaretechnologies.com, Digiware Technologies, Inc.'s website's homepage's description meta tag[2] (APX P11), DigiwareTechnologies.com invites the computering public to "[v]isit our on line store and see the latest cutting edge voice writing systems and more."[3]

10. In March-April of 2004, Defendant Claudia Hutchison began marketing computerized court reporting systems[4] though SAW's website (APX P34).

11. In May of 2004, while an agent for SAW, Defendant Claudia Hutchison obtained an illegal court order enslaving Plaintiff Tsephanyah Hawkins and making it virtually impossible for

---

[2] An ordinarily invisible code hidden inside the webpage.

[3] The description meta tag instructs automated search engine robots (computer programs that automatically scan and categorize websites on the internet) to use this wording when referring internet users to the digiwaretechnologies.com website.

[4] This is not her only such marketing.

Courtroom Data Solutions, Inc. to continue operating. (APX P25-33).

**C. On Information and belief**

12. On information and belief, when she originally registered the domain name "digiwaretechnologies.com", Defendant Claudia Hutchison was living in Texas, and the address PO Box 834, Clyde Texas 79510 was associated with that domain name. Plaintiffs' belief is based upon their witnessing Defendant Claudia Hutchison and Defendant Norman Oster moving out of her home in Clyde, Texas in mid-February of 2004. Moreover, Plaintiff Tsephanyah Hawkins accessed the registration data for digiwaretechnologies.com through his web browser in early 2004. At that time, the registration data had the address PO Box 834, Clyde Texas 79510 associated with it. Because of that, Plaintiffs believe that limited jurisdictional discovery will demonstrate that the domain name digiwaretechnologies.com was originally registered in the name of Claudia Hutchison, and its registrant address was originally listed as PO Box 834, Clyde Texas 79510.

**D. Facts alleged in Plaintiffs' First Amended Complaint**

13. "From on or about December 4, 2003 on, Hutchison and Oster engaged in the marketing and sales of pirated versions of CDS's computerized court reporting software in interstate commerce through a series of business entities established and/or operated by Hutchison and Oster for that purpose including but not limited to SAW, and SCSCR, and Vocedit. Those businesses were operated and/or established by income derived directly or indirectly from the various schemes described within this complaint. Oster and Hutchison marketed computerized court reporting systems nationwide." *Plaintiffs' First Amended Complaint* ¶ 122

14. "In the months following the signing of The Order Signed on 10-10-2003, Hutchison and Oster moved their ill-gotten gains across state lines and established and operated several business

entities with income derived directly or indirectly from their acts comprising The Bank Fraud Scheme, The Escrow Scheme, The Interstate Travel Scheme, The Forced Labor Scheme, and the Software Protection Circumvention Scheme described in previous paragraphs." *Plaintiffs' First Amended Complaint* ¶ 142

15. "Those entities include SAW, through the fictitious name "Digiware Technogies, Inc." That corporation marketed and sold the computerized court reporting systems, hardware, and software obtained by the Interstate Travel Scheme, and the Forced Labor Scheme, and the Software Protection Scheme as described above in previous paragraphs. It did so by means including but not limited to the following:

> Marketing the software, hardware, and systems and selling them on its websites "digiwaretechnologies.com", and "digiwt.com."
>
> Oster and Hutchison also represented SAW at the August 2004 National Verbatim Reporter's Association where they sold the software, hardware, and systems."

*Plaintiffs' First Amended Complaint* ¶ 143

16. "On information and belief including phone calls from customers, information gleaned from websites, etc.., Oster and Hutchison also marketed and sold the systems, hardware, and software under the name "On The Record" through its website "Otrecord.com", and through the corporation Vocedit through its website "vocedit.com", and through "workshops" as recently as October 2, 2005 in Little Rock, Arkansas. Oster and Hutchison also marketed and sold the systems, hardware, and software through their operation and management of SCSCR." *Plaintiffs' First Amended Complaint* ¶ 144

17. "CDS is a "person" within the meaning of 18 U.S.C. §§ 1961(3) and 1962(c). Yahchanan Hawkins is a "person" within the meaning of 18 U.S.C. §§ 1961(3) and 1962(c). Tsephanyah

Hawkins is a "person" within the meaning of 18 U.S.C. §§ 1961(3) and 1962(c)." *Plaintiffs' First Amended Complaint* ¶ 323

*18.* "NIRR, Chistolini, Gardner, Hutchison, SAW, C&D, Carter Law Offices, Vocedit, SCSCR, and Oster are persons within the meaning of 18 U.S.C. §§ 1961(3) and 1962(d). Within this claim, they are referred to as "Defendants"." *Plaintiffs' First Amended Complaint* ¶ 324

19. "At all relevant times, Oster, NIRR, Gardner, Hutchison, C&D, Carter Law Offices, SAW, Vocedit, SCSCR, Chistolini, and Carter were a group of persons associated together in fact for the common purpose obtaining, sales and marketing of computerized court reporting systems in interstate commerce through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c). That association-in-fact was an enterprise within the meaning of 18 U.S.C. 1961(4). That enterprise is within this claim referred to as the "Enterprise"." *Plaintiffs' First Amended Complaint* ¶ 325

20. "At all relevant times, this Enterprise was engaged in, and its activities affected by, interstate and foreign commerce within the meaning of RICO 18 U.S.C. § 1962(c)." *Plaintiffs' First Amended Complaint* ¶ 326

21. "At all relevant times, Defendants participated, directly or indirectly in the conduct of the enterprise's affairs through a pattern of racketeering activity within the meaning of RICO, 18 U.S.C. § 1961(5), in violation of RICO, 18 U.C.S. § 1962(c)." *Plaintiffs' First Amended Complaint* ¶ 327

22. "At all relevant times, Defendants each were associated with the enterprise and agreed and conspired to violate 18 U.S.C. § 1962(c), that is, agreed to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(d)." *Plaintiffs' First Amended Complaint* ¶ 328

23. "Defendants committed and caused to be committed a series of overt acts in furtherance of the Conspiracy and to affect the objects thereof, including but not limited to the acts set forth above." *Plaintiffs' First Amended Complaint* ¶ 329

24. "As a result of Defendants' violation of 18 U.S.C. § 1962(d), CDS lost much of its inventory, accounts receivables, cash and bank accounts, computer equipment and other assets, and Tsephanyah Hawkins and Yahchanan Hawkins lost their labor. Plaintiffs' ability to earn income in the future was also damaged." *Plaintiffs' First Amended Complaint* ¶ 330

25. "As a result of the conspiracy, Defendants are liable to Plaintiffs for their losses and damages in an amount to be determined at trial." *Plaintiffs' First Amended Complaint* ¶ 331

26. "Pursuant to RICO, 18 U.S.C. § 1964(c), Plaintiffs are entitled to recover threefold their damages plus costs and attorneys fees from Defendants." *Plaintiffs' First Amended Complaint* ¶ 332

## II ARGUMENT

**A. Standard of factual analysis**

A jurisdictional issue may be resolved by the court by reviewing pleadings, affidavits, interrogatories, depositions, oral testimony, exhibits, any part of the record, and any combination of the above. *Command-Aire, Corp v. Ontario Mechanical Sales and Service, Inc.* 963 F.2d 90, 95 (5th Cir. 1992). Any allegations in the plaintiff's complaint will be taken as true except to the extent that they are contradicted by defendant's affidavits. *White v. Caplin*, 686 F.2d 276, 282-283 n.13 (5th Cir. 1982). Any conflict between the facts established by the parties' affidavits and any other evidence are resolved in favor of the plaintiff for the purpose of determining whether a prima facie case exists. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990).

**B. S.A.W. Solutions, Inc. had in in-forum agent and performed in-forum torts**

Defendant Claudia Hutchison obtained the domain name digiwaretechnologies.com on January 14, 2004. (APX. P9) ("Record created on 01-14-2004", near bottom of page). A few weeks after that, on March 8, 2004, SAW applied for and obtained the fictitious name DigiWare Technologies, Inc. (APX P5) ("Filed in the Department of State on Mar 08 2004", near top of page). On January 29, 2004, approximately two weeks after obtaining the domain name digiwaretechnologies.com, Defendant Claudia Hutchison contacted Defendant Marilyn Gardner and arranged a meeting in Boston Massachusetts. This is evinced by the February 2, 2004 letter by Defendant John Chistolini to Defendant Charles C. Self, III (APX P23). On February 16, 2004, Defendant Claudia Hutchison met with Defendant Marilyn Gardner in Boston, Massachusetts. This is evinced by Defendant John Chistolini's February 18, 2004 letter to Defendant Charles C. Self (APX P22) wherein he accounts items returned to "Ms. Hutchison". This was around the time that Defendant Claudia Hutchison moved from Clyde, Texas to Pennsylvania. At that meeting, Defendant Claudia Hutchison obtained some of the computer hardware obtained by Defendant National Institute of Realtime Reporting, Inc. by means of the forced labor and escrow schemes. This is evinced by Defendant John Chistolini's February 18, 2004 letter to Defendant Charles C. Self (APX P22).

On information and belief, in late March of 2004 to early April of 2004, the website for Digiware Technologies, Inc. went online and Defendant Claudia Hutchison began marketing some of the stolen hardware and software online through that website. See Defendant Claudia Hutchison's bulletin board post of March 17, 2004 (APX P34).

In May of 2004, while Defendant Claudia Hutchison was living in Pennsylvania and working for SAW, as an agent for SAW selling computerized court reporting systems identical to those manufactured and sold by Courtroom Data Solutions, Inc., Defendant Claudia Hutchison

obtained another illegal court order in the state litigation with the aid of Defendant Victoria L. Carter and Defendant The Honorable John W. Weeks. That court order was designed to silence and intimidate Plaintiff Tsephanyah Hawkins and to destroy Courtroom Data Solutions, Inc. so that SAW could compete in interstate commerce at an unfair advantage and liquidate its stolen assets. That court order was signed on May 20, 2004 by Defendant The Honorable John W. Weeks, and a copy is made part of the Appendix (APX. P25-33). Despite the fact that Defendant Claudia Hutchison was at that time living in Pennsylvania and working for SAW, the order obtained by her ordered that Plaintiff Tsephanyah Hawkins, the sole officer of Courtroom Data Solutions, Inc, not make "withdrawals of any type from any checking or savings account containing corporation funds in any financial institution for any purpose, and if [Plaintiff Tsephanyah Hawkins] has removed or transferred any funds on or since the date of filing, to immediately return said funds to the account from which it was removed or transferred." It also enjoined Plaintiff Tsephanyah Hawkins from "[d]estroying, removing, encumbering, transferring, or otherwise harming or reducing the value of the property of one or both of the parties;" And it ordered that Plaintiff Tsephanyah Hawkins "fully cooperate with Receiver, including, without limitation, returning equipment, accounting for all monies received and expended, signing any documents, contracts, checks, forwarding all mail that relates to the business entity originally known as StenoScribe, Inc.". . . "performing any work that is necessary to the functioning of the business entity originally known as StenoScribe, Inc." (APX P28).

Plaintiff Tsephanyah Hawkins was enjoined from "[s]elling, transferring, assigning, mortgaging, encumbering, or in any other way alienating any of the property of either party, whether personalty or realty, except as specifically authorized by order of this Court." (APX P31).

That is just a sample of the many enslaving and rights violating clauses contained in that order. The order was a purposeful and tortious, and criminal availment of the protection of the state of Texas by an agent of SAW. It was, therefore, the purposeful and tortious, and criminal availment of the state of Texas by SAW. Because of that, SAW is a state actor and its availment was a tort. That tort was against the Texas Plaintiffs. And it was committed in Texas while Plaintiffs resided in Texas. This Court has specific personal jurisdiction over SAW.

Moreover, as is plain from the allegations of Plaintiffs' First Amended Complaint, the relationship between SAW and other defendants in this case amounts to more than the ordinary relationship between conspirators.

> "At all relevant times, [Defendant Norman Oster], [Defendant National Institue of Realtime Reporting, Inc.], [Defendant Marilyn Gardner], [Defendant Claudia Hutchison], [Defendant John Chistolini], [Defendant S.A.W. Solutions, Inc.], [Defendant Vocedit, Inc.], [Defendant South Carolina School of Court Reporting, Inc.], and [Defendant Victoria Carter] were a group of persons associated together in fact for the common purpose obtaining, sales and marketing of computerized court reporting systems in interstate commerce through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c). That association-in-fact was an enterprise within the meaning of 18 U.S.C. 1961(4). Within this claim, that enterprise is referred within this claim as the "Enterprise". *Plaintiffs' First Amended Complaint*, page 72 ¶ 314

The relationship existed within the framework of a group of persons associated together in fact for the common purpose of obtaining, sales and marketing of computerized court reporting systems in interstate commerce through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c). Within that framework, Defendants' illegally acquired the computerized court reporting systems, and the in-forum agents performed the actual in-forum acts used to illegally acquire the computerized court reporting systems and to protect their illegal activities from fair competition.

**C. S.A.W. Solutions, Inc. does business in Texas**

Through its domain name registration, SAW invites the nationwide computering public,

including those in Texas to visit their on line store, therefore, S.A.W. Solutions, Inc. did business in Texas. This forum has general as well as specific jurisdiction over SAW.

**D. *Illegal purpose disregard* conveys personal jurisdiction over S.A.W. Solutions, Inc. to forum**

"When a controversy is related to or "arises out of" a defendant's contacts with the forum, the Court has said that a "relationship among the defendant, the forum, and the litigation" is the essential foundation of *in personam* jurisdiction. *Shaffer* v. *Heitner*, 433 U.S. 186, 204 (1977)." *Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408, 414 (1984).

As alleged in Plaintiff's First Amended Complaint, S.A.W. Solutions, Inc. was operated and/or established by Defendant Claudia Hutchison and Defendant Norman Oster by income derived directly or indirectly from the forced labor of Plaintiffs. *Plaintiffs' First Amended Complaint* ¶ 122. S.A.W. Solutions, Inc. was established and/or operated to sell and market the computerized court reporting systems, hardware, and software obtained by the Interstate Travel Scheme, and the Forced Labor Scheme, and the Software Protection Scheme described in Plaintiffs' First Amended Complaint. *Plaintiffs' First Amended Complaint* ¶ 143, 144. And that forced labor was the forced labor of state of Texas residents. And it was forced by state of Texas state actors acting under color of law including Defendant Claudia Hutchison who abused and threatened to abuse state of Texas state law to force that labor. *Plaintiffs' First Amended Complaint* ¶ 44, 75, 76. A state of Texas district court judge was one of the state actors.

Moreover, SAW is merely an instrumentality used for the furtherance of Defendant Claudia Hutchison and Defendant Norman Osters' torts and crimes against Plaintiffs. *Plaintiffs' First Amended Complaint* ¶ 143, 144. Because of that, this court has specific personal jurisdiction over SAW.

Also, the Affidavit of Thomas Foley includes allegatum that SAW is now inactive. That allegatum combined with Vocedit Inc.'s ("Vocedit") incorporation by Defendant Claudia Hutchison in July of 2005 and her coetaneous move to South Carolina from Pennsylvania is implicitly supportive of allegata that "[f]rom on or about December 4, 2003 on, Hutchison and Oster engaged in the marketing and sales of pirated versions of CDS's computerized court reporting software in interstate commerce through a series of business entities established and/or operated by Hutchison and Oster for that purpose including but not limited to SAW, and SCSCR, and Vocedit. Those businesses were operated and/or established by income derived directly or indirectly from the various schemes described within this complaint. Oster and Hutchison marketed computerized court reporting systems nationwide." *Plaintiffs' First Amended Complaint* ¶ 122

Further, in this case, SAW is alleged to have been used by its Defendant Claudia Hutchison and Defendant Norman Oster to promote fraud or illegality and as a protection of crime and to justify wrong. Forum personal jurisdiction over Defendant Claudia Hutchison is proper because she plainly committed significant portions of the complained of torts against Texas resident Plaintiffs while she was physically present in Texas. She has appeared and is not contesting personal jurisdiction. Because of that, under the doctrine of *illegal purpose disregard*, the presumption of SAW's separate existence can be disregarded:

> "Specifically, we disregard the corporate fiction:
> (1) when the fiction is used as a means of perpetrating fraud;
> (2) where a corporation is organized and operated as a mere tool or business conduit of another corporation;
> (3) where the corporate fiction is resorted to as a means of evading an existing legal obligation;
> (4) where the corporate fiction is employed to achieve or perpetrate monopoly;
> (5) where the corporate fiction is used to circumvent a statute; and
> (6) where the corporate fiction is relied upon as a protection of crime or to justify wrong.
> "

*Castleberry v. Branscum*, 721 S.W.2d 270, 272 (Tex. 1986)

"While the general rule is that jurisdiction over an individual cannot be predicated upon jurisdiction over a corporation, courts have recognized an exception to this rule when the corporation is the alter ego of the individual. In these cases, courts attribute a corporation's contacts with the forum state to an individual defendant for jurisdictional purposes."... "The *Lakota* court considered the following factors in determining whether a corporation was the alter ego of its dominant shareholder: "[A] corporation's existence is presumed to be separate, but can be disregarded if (1) the corporation is undercapitalized, (2) without separate books, (3) its finances are not kept separate from individual finances, individual obligations are paid by the corporation, (4) **the corporation is used to promote fraud or illegality,** (5) corporate formalities are not followed or (6) the corporation is merely a sham." 519 F.2d at 638; *see also* 1 C. Swearingen, *supra*, § 41.10."

*Stuart v. Spademan*, 772 F.2d 1185, at 1197 (5th Cir. 1985) (Emphasis added)

"A corporation's existence is presumed to be separate, but can be disregarded if: (1) the corporation is undercapitalized, (2) without separate books, (3) its finances are not kept separate from individual finances, individual obligations are paid by the corporation, (4) **the corporation is used to promote fraud or illegality**, (5) corporate formalities are not followed or (6) the corporation is merely a sham."

*Lakota Girl Scout Council, Inc. v. Havey Fund-Raising Management*, 519 F.2d 634, 638 (8th Cir. 1975)

When it comes to wrongful acts of corporate officers, both the officer and the corporation are liable and both can be recovered from:

"The magistrate directed verdicts in favor of Harold Lawrence and Zelma Douglas in their individual capacities. The magistrate did so because he found that all of their acts were done on behalf of their respective corporations.

This is an incorrect interpretation of personal and corporate liability. It is well settled law that when corporate officers directly participate in or authorize the commission of a wrongful act, even if the act is done on behalf of the corporation, they may be personally liable. *Mozingo v. Correct Mfg. Corp.*, 752 F.2d 168, 173 (5th Cir.1985). If the jury finds that Harold Lawrence or Zelma Douglas directly participated

in discrimination or authorized discrimination, they may be held personally liable. The Mosses can still recover from the corporation, which as a separate legal entity can be held responsible for the wrongs of its agents. **In short, plaintiffs can recover against both corporate officers in their individual capacities and either corporate officers in their corporate capacities or the corporations if the corporate officers are directly involved in a wrongful act**."

*Moss v. Ole South Real Estate, Inc.,* 933 F.2d 1300, at 1312 (5th Cir. 1991) (Emphasis Added)

## III CONCLUSION

SAW has done business in Texas during times relevant to the claims of Plaintiffs' First Amended Complaint. SAW was used by Defendant Claudia Hutchison and Defendant Norman Oster for illegal purposes related to the claims of Plaintiffs' First Amended Complaint. SAW has purposefully availed itself of forum state protection through the forum state's courts. And SAW is a member of a group of persons associated in fact for the purpose of racketeering activity including enslaving Plaintiffs, and marketing the fruits of that slave labor across state lines. SAW's motion to dismiss should be denied.

Respectfully Submitted,

By:

Tsephanyah Y. Hawkins, Pro Se
3706 Private Road 2547
Clyde, Texas 79510
(Voice) 325-893-4790
(Fax)325-893-1805

Yahchanan Y. Hawkins, Pro Se
3471 Private Road 2541
Clyde, Texas 79510
(Voice) 325-893-5961

**CERTIFICATE OF SERVICE**

This is to certify that on this 22**th** day of December, 2005, a true and correct copy of the foregoing was served on the following as stated below:

**BY CERTIFIED MAIL RETURN RECEIPT REQUESTED:**

**Mark J Zimmermann**
**Tom C Clark**
**Jill A Malouf**
Dealey Zimmermann Clark & Malouf
Turtle Creek Tower
3131 Turtle Creek Blvd
Suite 1201
Dallas, TX 75219-5415

**Stephen H Suttle**
**Kerry DiGioia**
McMahon Law Firm
PO Box 3679
400 Pine St
Suite 800
Abilene, TX 79604-3679

**Hao Le**
Office of the Texas Attorney General
General Litigation Div
PO Box 12548
Austin, TX 78711-2548

**Tiffani N Helms**
**Carter Law Offices**
618 Hickory St
Abilene, TX 79601

**Gary M. Brown**
3041 South 7th
Abilene, TX 79605

**Roy B. Longacre**
P.O. Box 360
Abilene, TX 79604-0360

**IN PERSON DELIVERY**

**Yahchanan Hawkins**
3471 Private Road 2541
Clyde, Texas 79510

**CERTIFIED BY:** [signature]

Tsephanyah Hawkins, Pro Se
3706 Private Road 2547
Clyde, Texas 79510
325-893-4790