UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF THE STATE OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| TSEPHANYAH Y. HAWKINS, | } |
| YAHCHANAN Y. HAWKINS and | } |
| Plaintiffs, | } |
| | } |
| v. | } |
| | } |
| **CLAUDIA HUTCHISON**, in her personal | } |
| capacity and in her capacities with | } |
| StenoScribe, Incorporated, and | } |
| VocEdit, Inc., | } |
| **NORMAN OSTER**, in his personal capacity | } |
| and in his capacities with, | } Civil Action No. |
| StenoScribe Incorporated, and | }   1-05CV-184-C |
| VocEdit, Inc., | } |
| **STENOSCRIBE, INCORPORATED,** | } |
| **THE NATIONAL INSTITUTE OF REALTIME** | **}** |
| **REPORTERS, INC.,** | } |
| **VOCEDIT, INC.,** | } |
| **CHARLES C. SELF, III,** | } |
| **DONALD L. ANDERSON, JR.,** | } |
| **WHITTEN & YOUNG, P.C.,** | } |

**ANSWER OF RIYYAHNAH TIPHARAHYAH HAWKINS
A/K/A CLAUDIA HUTCHISON, STENOSCRIBE, INC.,
QANAYAH YISRAYL HAWKINS A/K/A/ NORMAN OSTER, AND
VOICEDIT, INC.
TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Come now RIYYAHNAH TIPHARAHYAH HAWKINS A/K/A/ CLAUDIA HUTCHISON,

hereinafter referred to as "Hutchison," STENOSCRIBE, INC.,

hereinafter referred to as "Stenoscribe," QANAYAH YISRAYL HAWKINS

A/K/A NORMAN OSTER, hereinafter referred to as "Oster," and VOCEDIT,

INC., hereinafter referred to as "VocEdit," such parties know

collectively as "Defendants," and subject to any prior motions filed

under Rule 12(b), Fed. R. Civ. P., answer the numbered paragraphs in the PLAINTIFFS' SECOND AMENDED COMPLAINT hereinafter referred to as the "Complaint' as follows:

1.    Defendants deny that this Court possesses subject matter jurisdiction under 18 U.S.C. §1595 under the allegations set forth in the Complaint.

2.    Defendants deny that this Court possesses subject matter jurisdiction under 28 U.S.C. §1331 under the allegations set forth in the Complaint.

3.    Defendants deny that this Court possesses subject matter jurisdiction under 28 U.S.C. §1343 under the allegations set forth in the Complaint.

4.    Defendants deny that this Court possesses subject matter jurisdiction under 18 U.S.C. §1961 et seq. under the allegations set forth in the Complaint.

5.    Defendants deny that this Court possesses subject matter jurisdiction under 28 U.S.C. §1367 under the allegations set forth in the Complaint.

6.    Defendants deny that venue is proper in this District and Division.

7.  Defendants neither admit nor deny the allegations stated therein because it lacks sufficient knowledge to form a belief as to their truth.

8. Defendants admit the allegation contained in paragraph 8.

9.  Defendants neither admit nor deny the allegations stated therein because it lacks sufficient knowledge to form a belief as to their truth.

10. Defendants neither admit nor deny the allegations stated therein because it lacks sufficient knowledge to form a belief as to their truth.

11. Defendants neither admit nor deny the allegations stated therein because it lacks sufficient knowledge to form a belief as to their truth unless otherwise stated herein. Voicewriter Systems, Inc. was a corporation that was organized and incorporated under the laws of

the state of Texas on or about August 15, 1997. Such name was chosen by Defendant Hutchison. The Articles of Amendment to such corporation not only have Plaintiff Tsephanyah Yisrayl Hawkins as an initial director, but have one Micahyah Hawkins as another director. Such person is Defendant Hutchison's son. The name of such corporation was subsequently changed by ARTICLES OF AMENDMENT filed on or about August 20, 1997, to StenoScribe, Inc. due to the name of Voicewriter already being utilized by another company in the marketplace. That name was also arrived at by Defendant Hutchison. Then, again, pursuant to ARTICLES OF AMENDMENT being filed on or about November 10, 2003, the name of the corporation was changed to Courtroom Data Solutions, Inc.

12. Defendants admit the allegation that the The South Carolina School of Court Reporting, Inc. mentioned in this paragraph is a corporation formed under the laws of the state of South Carolina, on August 31, 2004, with its principal place of business being in South Carolina. (See Exhibit "A" attached to ANSWER TO AMENDED COMPLAINT filed by THE SOUTH CAROLINA SCHOOL OF COURT REPORTING, INC. and incorporated herein for all purposes as if copied verbatim.) Defendants deny all other allegations.

13. Defendants neither admit nor deny the allegations stated therein because it lacks sufficient knowledge to form a belief as to their truth.

14. Defendants admit that the Honorable John Weeks is a district judge for the 42nd Judicial District of Texas. Defendants deny all the other allegations made in such paragraph. Defendants believe and therefore allege that Plaintiff Tsephanyah Y. Hawkins, who is a defendant in that lawsuit, was not getting the favorable rulings he believed that he was deserving of and therefore has come to this court to try to circumvent such state court lawsuit and its reality.

15. Defendants admit that Victoria Carter is a lawyer licensed to practice law in the state of Texas and through her law firm was Hutchison's attorney in the state court lawsuit for a period of time. As to all other allegations contained in such paragraph, Defendants deny.

16. Defendants admit that the named Plaintiff Tsephanyah Yisrayl Hawkins is an individual who, to their knowledge, presently resides in Clyde, Texas, and has since 1996. **Defendants would show the court that Hutchison and this plaintiff are cousins.** Hutchison has a son named Micahyah Hawkins, and he was named as a director of CDS. (See Exhibit "D" to PLAINTIFFS'S FIRST AMENDED COMPLAINT, Article Seven) Such Plaintiff informed Hutchison at that relevant time that she could not be a director until she moved to Texas. Hutchison would also assert

that she is a 50% interest owner in CDS. (See allegations contained in the PLAINTIFF'S ORIGINAL PETITION labeled Exhibit "A" to PLAINTIFFS' FIRST AMENDED COMPLAINT.) Defendants deny all other allegations.

17. Defendants admit that the named Plaintiff Yahchanan Y. Hawkins is an individual who, to their knowledge, presently resides in Clyde, Texas. Defendants neither admit nor deny the other allegations stated therein because they lacks sufficient knowledge to form a belief as to their truth.

18. Defendants admit that Stenoscribe, Inc. is a corporation organized and existing under the laws of the state of Texas. Defendants deny all other allegations contained in such paragraph at this time.

19. A. Defendants would show the court that CLAUDIA HUTCHISON had her name legally changed or about September 26, 1996, in Cause No.96-1082-N in the 326th District Court in and for Taylor County, Texas. A certified copy of the DECREE CHANGING NAME OF ONE ADULT is attached as Exhibit "A" to the ANSWER originally filed to the FIRST AMENDED COMPLAINT and incorporated herein for all purposes as if copied verbatim. Hutchison is in the process of having her name changed back to CLAUDIA MARIE HUTCHISON.
   B. Defendants deny that any of such Defendants nor any of their authorized agents, servants, or employees have criminally conspired with any other named Defendants or non parties in this action.
   C. Defendants admit that Hutchison presently resides in South Carolina.
   **D. Defendants admit that Hutchison utilizes a software program that Hutchison has an interest in along with Plaintiff Tsephanyah Hawkins.**
   E. Attached to the original ANSWER filed to the PLAINTIFFS' FIRST AMENDED COMPLAINT as Exhibit "B" and incorporated herein for all purposes, is a true and correct authenticated copy of the **PROVISIONAL APPLICATION FOR PATENT, the original of which was filed with the UNITED STATES PATENT AND TRADEMARK OFFICE.** Such application was filed by the Plaintiff Tsephanyah Y Hawkins. As is evidenced by such document, it appears that RIYYAHNAH TIPHARAHYAH HAWKINS (Hutchison) is a **co-inventor** with reference to the computerized court reporter system that is the basis of the state court action and the computerized court reporter system complained herein by the Plaintiffs. Therefore, it is Defendants position that any usage of such reporter system would have been legal since Hutchison is a co-inventor of such system and would have authorized their use of such system.
   F. From 1997 to 2001 Hutchison did not perform typing or bookkeeping for the corporation. She funded the entire operation of

StenoScribe, Inc. from the time of its inception, including, but not limited to, programming materials to educate Hawkins, necessary computers needed for the running of the corporation, hardware, all startup costs associated with forming the corporation.  She provided these monies because she had a 50 percent ownership.  The only reason that she did not handle the bookkeeping at such time is because of geographical restrictions to her being in the Northeastern United States.  The StenoScribe toll free number was always directed to her personal phone lines or her court reporting agency.  From 2001 forward, she took control of the checkbook due to Hawkins' ineptness of handling payments to vendors and websites and phones being turned off.  She at all times handled most aspects of the corporation except for check writing until she moved to Texas in February of 2001.  Computers were sent to her in Massachusetts for her to assemble.  All financial debt was charged on her personal and business credit cards.  It was always represented to her by such Plaintiff that she was a 50 percent shareholder of such corporation.  Defendants deny any criminal conspiracy.  Defendants deny violating any of Hawkins' alleged rights

20.    Defendants deny the allegations contained in such paragraph.

21.    Defendants admit that Hutchison has been in the business of marketing, selling, training, and supporting the computerized court reporting system that she is a co-inventor of.  Additionally, she has had to support systems that Plaintiff Tsephanyah Hawkins has sold, but, in her opinion, failed or refused to support or provide competent support for.  Defendants deny all other allegations stated therein.

22. Defendants deny such allegation.

23. Defendants neither admit nor deny the allegations unless admitted herein because they lacks sufficient knowledge to form a belief as to their truth. Defendants admit that Oster presently resides in South Carolina. Defendants admit that Oster is employed as an instructor. Defendants admit that Oster on or after August 31, 2004, has at times been an agent, servant or employee of his employer, if applicable, but never with any relation to any Plaintiff. Defendants deny they have in any way shape or form criminally conspired with Defendant Oster or any non party. Defendants deny any other allegations contained within such paragraph.

24.  Defendants neither admit nor deny the allegations because they lack sufficient knowledge to form a belief as to their truth. Defendants deny they criminally conspired with the NIRR.

25. Defendants neither admit nor deny the allegations because they lack sufficient knowledge to form a belief as to their truth.

26. Defendants neither admit nor deny the allegations because they lack sufficient knowledge to form a belief as to their truth.

27. Defendants admit that VocEdit, Inc. is a corporation organized and existing under the laws of the state of Texas. Such corporation was not formed until July 28, 2005. Defendants deny any and all other allegations contained in such paragraph.

28. Defendants neither admit nor deny the allegations because they lack sufficient knowledge to form a belief as to their truth.

Paragraphs 29 through and including 174. Defendants deny all the allegations contained in any and all such paragraphs.  Any orders signed by the Honorable Judge Weeks in his capacity as the District Judge of the 42nd Judicial District of Callahan County, Texas state what they state and are in fact the best evidence, such being in Cause No. 18,093 in such court. Defendant Hutchison is the Plaintiff in that lawsuit and Defendants believe that a PLAINTIFF'S AMENDED PETITION has been filed in such proceeding and is currently the live pleading as to her cause of actions asserted against Plaintiff Tsephanyah Hawkins, there.

   Defendants would further assert that any and all of the claims that Plaintiff Tsephanyah Hawkins has alleged in this lawsuit would be governed by Rule 97 of the Texas Rules of Civil Procedure in that state court proceeding.

   As to any actions alleged by the Plaintiffs against Self or Anderson, or against Whitten and Young, these Defendants do not have sufficient information to admit or deny any such allegations with the exception that these Defendants did not conspire or act in any way except in an adversarial manner, if applicable, as to such persons.

**First Claim for Relief**
**Deprivation of Property Without Due Process**

175.   Defendants re-allege and incorporate their answers to paragraphs 1-174 as if set forth separately herein.

Paragraphs 176 through 182, Defendants deny each and every, all allegations stated therein.

**Second Claim for Relief**

**Deprivation of Liberty Without Due Process**

183.    Defendants re-allege and incorporate their answers to paragraphs 1-182 as if set forth separately herein.

Paragraphs 184 through 190, Defendants deny each and every, all allegations stated therein.

**Third Claim for Relief**
**Deprivation of 13th Amendment Right to be Free From Enslavement**

191.    Defendants re-allege and incorporate their answers to paragraphs 1-190 as if set forth separately herein.

Paragraphs 192 through 198, Defendants deny each and every, all allegations stated therein.

**Fourth Claim for Relief**
**Deprivation of Freedom of Expression**

199.    Defendants re-allege and incorporate their answers to paragraphs 1-198 as if set forth separately herein.

Paragraphs 200 through 206, Defendants deny each and every, all allegations stated therein.


**Fifth Claim for Relief**
**Deprivation of Privacy**

207.    Defendants re-allege and incorporate their answers to paragraphs 1-206 as if set forth separately herein.

Paragraphs 208 through 214, Defendants deny each and every, all allegations stated therein.

**Sixth Claim for Relief**
**Deprivation of Property Without Due Process**

215.    Defendants re-allege and incorporate their answers to paragraphs 1-214 as if set forth separately herein.

Paragraphs 216 through 222, Defendants deny each and every, all allegations stated therein.

**Seventh Claim for Relief**
**Deprivation of 13th Amendment Right to be Free From Enslavement**

223.    Defendants re-allege and incorporate their answers to paragraphs 1-222 as if set forth separately herein.

Paragraphs 224 through 232, Defendants deny each and every, all allegations stated therein.

**Eighth Claim for Relief**
**Deprivation of Freedom of Expression**

233.    Defendants re-allege and incorporate their answers to paragraphs 1-232 as if set forth separately herein.

Paragraph 234 through 240, Defendants deny each and every, all allegations stated therein.

**Ninth Claim for Relief**
**Deprivation of Privacy**

241.    Defendants re-allege and incorporate their answers to paragraphs 1-240 as if set forth separately herein.

Paragraphs 241 through 248, Defendants deny each and every, all allegations stated therein.

**Tenth Claim for Relief**
**Deprivation of Property Without Due Process**

249.    Defendants re-allege and incorporate their answers to paragraphs 1-248 as if set forth separately herein.

Paragraphs 250 through 256, Defendants deny each and every. All allegations stated therein.

**Eleventh Claim for Relief**
**Deprivation of 13th Amendment Right To Be Free From Enslavement**

257.    Defendants re-allege and incorporate their answers to paragraphs 1-256 as if set forth separately herein.

Paragraphs 258 through 266, Defendants deny each and every, all allegations stated therein.

**Twelfth Claim for Relief**
**Deprivation of Freedom of Expression**

267.   Defendants re-allege and incorporate their answers to paragraphs 1-266 as if set forth separately herein.

Paragraphs 268 through 274, Defendants deny each and every, all allegations stated therein.

**Thirteenth Claim for Relief**
**Deprivation of Privacy**

275.   Defendants re-allege and incorporate their answers to paragraphs 1-274 as if set forth separately herein.

Paragraphs 276 through 282, Defendants deny each and every, all allegations stated therein.

**Fourteenth Claim for Relief**
**Deprivation of Property Without Due Process**

283.   The Defendants re-allege and incorporate their answers to paragraphs 1-282 as if set forth separately herein.

Paragraphs 284 through 290, Defendants deny each and every, all allegations stated therein.

**Fifteenth Claim for Relief**
**Deprivation of 13th Amendment Right to Be Free from Enslavement**

291.   Defendants re-allege and incorporate their answers to paragraphs 1-290 as if set forth separately herein.

Paragraphs 292 through 298, Defendants deny each and every, all allegations stated therein.

**Sixteenth Claim for Relief**
**Deprivation of Freedom of Expression**

299.   Defendants re-allege and incorporate their answers to paragraphs 1-298 as if set forth separately herein.

Paragraph 300 through 306, Defendants deny each and every, all allegations stated therein.

**Seventeenth Claim for Relief**
**Deprivation of Privacy**

307.    Defendants re-allege and incorporate their answers to paragraphs 1-306 as if set forth separately herein.

Paragraphs 308 through 314, Defendants deny each and every, all allegations stated therein.

**Eighteenth Claim for Relief**
**RICO**

315.    Defendants re-allege and incorporate their answers to paragraphs 1-314 as if set forth separately herein.

Paragraphs 315 through 326, Defendants deny each and every, all allegations stated therein.

**Nineteenth Claim for Relief**
**RICO Conspiracy**

327.    Defendants re-allege and incorporate their answers to paragraphs 1-326 if set forth separately herein.

Paragraphs 328 through 337, Defendants deny each and every, all allegation stated therein.

**Twentieth Claim for Relief**
**RICO**

338.    Defendants re-allege and incorporate their answers to paragraphs 1-337 if set forth separately herein.

Paragraphs 339 through 348, Defendants deny each and every, all allegations as stated therein.

**Twenty-First Claim for Relief**
**RICO**

349.    Defendants re-allege and incorporate their answers to paragraphs 1-348 as if set forth separately herein.

Paragraph 350 through 359, Defendants deny each and every, all allegations as stated therein.

**Twenty-Second Claim for Relief**
**Legal Malpractice**

360-366.   This Count relates to parties other than the Defendants to which no answer is required. To the extent an answer is required all allegations are denied by the Defendants.

**Twenty-Third Claim for Relief**
**Unjust Enrichment**

367.   Defendants re-allege and incorporate their answers to paragraphs 1-366 as if set forth separately herein.

Paragraphs 368 through 370, Defendants deny each and every, all allegations as stated therein.

**Twenty-Fourth Claim for Relief**
**Intentional Infliction of Emotional Distress**

371.   Defendants re-allege and incorporate their answers to paragraphs 1-370 as if set forth separately herein.

Paragraphs 371 through 374, Defendants deny each and every, all allegations as stated therein.

**Twenty-Fifth Claim for Relief**
**Breach of Fiduciary Duty**

375.   Defendants re-allege and incorporate their answers to paragraphs 1-374 as if set forth separately herein.

Paragraphs 376 through 382, Defendants deny each and every, all allegations as stated therein.

**Twenty Sixth Claim for Relief**
**Conspiracy to Deprive Rights**

383.   Defendants re-allege and incorporate their answers to paragraphs 1-382 as if set forth separately herein.

Paragraphs 384 through 392, Defendants deny each and every, all allegations as stated therein.

**Twenty Seventh Claim for Relief**
**Neglect to Prevent Conspiracy**

393. Defendants re-allege and incorporate their answers to paragraphs 1-392 as if set forth separately herein.

Paragraphs 394 through 400, Defendants deny each and every, all allegations as stated therein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant VocEdit, Inc. was not incorporated in the state of Texas until July 28, 2005. This particular Defendant was not in existence during any of the alleged relevant time periods Plaintiffs make their assertions upon.

### Second Affirmative Defense

This Court lacks subject matter jurisdiction over the claims asserted under 42 U.S.C. § 1983 as the complaint does not allege cognizable state action upon which such claims must be based.

### Third Affirmative Defense

The Plaintiffs' Second Amended Complaint fails to state any claim upon which relief can be granted against any Defendant.

### Fourth Affirmative Defense
The Complaint seeks to assert claims stated by Plaintiff Tsephanyah Hawkins on behalf of the dismissed corporate plaintiff Courtroom Data Solutions, Inc. One of the sales of the computerized data systems was allegedly by and between Courtroom Data Solutions, Inc, during a period when its former name was Stenoscibe, Inc., and NIRR. The Plaintiffs allege that somehow they were damaged individually by the money not being paid to them, individually, in some manner as they believed it should have been paid. Those funds would have been corporate funds. As stated by NIRR, a lien or notice has been filed against it by the Internal Revenue Service for taxes owed by such corporation. Plaintiffs would not have any right to any alleged cause of action as to the business dealings by and between those two entities.

### Fifth Affirmative Defense

The Complaint fails to plead its allegation of special damages with particularity as required by Fed. R. Civ. P. 9(g).

### Sixth Affirmative Defense

The Complaint fails to plead with particularity the required predicate acts necessary to set forth a claim under 18 U.S.C. §§ 1961 and 1962.

**Seventh Affirmative Defense**

A. Based on information and belief, Hutchison's real name at this time is Riyyahnah Tipharahyah Hawkins.

B. Attached to the **ANSWER OF RIYYAHNAH TIPHARAHYAH HAWKINS A/K/A CLAUDIA HUTCHINSON, STENOSCRIBE, INC., QANAYAH YISRAYL HAWKINS A/K/A/ NORMAN OSTER, AND VOCEDIT, INC. TO PLAINTIFFS' FIRST AMENDED COMPLAINT** as Exhibit "B" and incorporated herein for all purposes, is a true and correct authenticated copy of the **PROVISIONAL APPLICATION FOR PATENT, the original of which was filed with the UNITED STATES PATENT AND TRADEMARK OFFICE.** Such application was filed by the Plaintiff Tsephanyah Y Hawkins. As is evidenced by such document, Hutchison is a **co-inventor** with reference to the computerized court reporter system that is the basis of the state court action and the computerized court reporter system complained herein by the Plaintiffs. Defendants believes and therefore alleges that any usage of such reporter system would have been with the express consent of Defendant Hutchison, who is a co-inventor of such system.

C. Based on information and belief, Defendants believes that Hutchison has a right to have the computerized court reporter system, and market it and use it any way she wants. Defendants would show the court that at all relevant times, Hutchison gave them permission to utilize in any way such computer court reporting software.

**Eight Affirmative Defense and Special Exception to Plaintiff Yahchanan Y. Hawkins**

As to Plaintiff Yahchanan Y. Hawkins, it is the Defendants belief and they therefore allege that such Plaintiff was at all relevant times either an employee of Plaintiff Tsephanyah Y. Hawkins, or an independent contractor of Courtroom Data Solutions, Inc., who made the sound cards or boards, and microphones for the computerized court reporter system.
It is the Defendants belief and they therefore allege that at relevant times, Plaintiff Tsephanyah Y. Hawkins was taking money out of Courtroom Data Solutions, Inc. payable to himself and then would pay cash to Plaintiff Yahchanan Y. Hawkins for the purchase of the sound cards or boards or microphones utilized in the computerized court reporter system. When such corporation did in fact pay funds directly to Plaintiff Yahchanan Y. Hawkins, it is the Defendants belief and

they therefore allege, his status with such corporation was as an independent contractor in manufacturing such cards.  The Second Amended Complaint wholly fails to state any alleged cause of action Plaintiff Yahchanan Y. Hawkins has against any of these Defendants. In the Second Amended Petition there are no allegations that at any time Plaintiff Yahchanan Y. Hawkins, an authorized agent, servant or employee of such corporation, or of Plaintiff Tsephanyah Y. Hawkins, or that he had any type of alleged relationship with any of these Defendants.

WHEREFORE, having fully answered, said Defendants, respectfully pray judgment of the Court that the Plaintiffs claims against these Defendants be dismissed, that Plaintiffs take nothing, that Defendants recover their costs and reasonable attorneys' fees, and for such other and further relief, general or special, both at law or in equity, to which each Defendant may be entitled.

Defendants demands a jury trial on all counts.

                                      RESPECTFULLY SUBMITTED,

                                      _____
                                      Gary M. Brown, SBN 03123500
                                      3041 South 7th, Abilene, Texas 79605
                                      (325)673-9599; fax (325)673-5772
                                      Attorney for Defendants

CERTIFICATE OF SERVICE

This is to certify that on this the _8th_ day of February, 2006, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

I hereby certify that I made service by Certified Mail, Return Receipt Requested, or by Fax if number is show, to the following persons as addressed below:

Tsephanyah Y. Hawkins   Certified Mail Return Receipt Requested
3706 Private Road 2547
Clyde, Texas 79510

Yahchanan Y. Hawkins    Certified Mail Return Receipt Requested
3471 Private Road 2541
Clyde, Texas 79510


/s/ Gary M. Brown_____
Gary M. Brown