UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF THE STATE OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| TSEPHANYAH Y. HAWKINS, | § | |
| YAHCHANAN Y. HAWKINS | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | |
| | § | |
| WHITTEN & YOUNG, P.C., | § | Civil Action No. 1-05CV-184-C |
| CLAUDIA M. HUTCHISON, in her | § | |
| personal capacity and in her capacities with | § | |
| StenoScribe, Incorporated, Vocedit, | § | |
| Inc., NORMAN M. OSTER, in his personal | § | |
| Capacity and in his capacities with | § | |
| StenoScribe, Incorporated, Vocedit, Inc., | § | |
| STENOSCRIBE, INCORPORATED | § | |
| THE NATIONAL INSTITUTE OF | § | |
| REALTIME REPORTERS, INC., | § | |
| VOCEDIT, INC., CHARLES C. SELF, III, | § | |
| DONALD L. ANDERSON, JR. | § | |
| Defendants | § | |

**FIRST AMENDED ANSWER OF DEFENDANT
THE NATIONAL INSTITUTE OF REALTIME COURT REPORTERS, INC.
and DEMAND FOR JURY TRIAL**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now your Defendant, the National Institute of Realtime Court Reporters, Inc., and answers the numbered paragraphs in the Plaintiffs' Second Amended Complaint ("Complaint") as follows:

1.   Defendant denies that this Court possesses subject matter jurisdiction under 18 U.S.C. §1595 under the allegations set forth in the Complaint.

2.   Defendant denies that this Court possesses subject matter jurisdiction under 28 U.S.C. §1331 under the allegations set forth in the Complaint.

3.   Defendant denies that this Court possesses subject matter jurisdiction under 28 U.S.C. §1343 under the allegations set forth in the Complaint.

4.   Defendant denies that this Court possesses subject matter jurisdiction under 18 U.S.C. §1961 under the allegations set forth in the Complaint.

5.   Defendant denies that this Court possesses subject matter jurisdiction under 28 U.S.C. §1367 under the allegations set forth in the Complaint.

6.   Defendant denies that venue is proper in this District and Division.

7.   Defendant neither admits nor denies the allegations of the following paragraphs of the Complaint because they lack sufficient knowledge or information to form a belief as to their truth:

| | | | | | | |
|---|---|---|---|---|---|---|
| 8 | 49 | 75 | 103 | 136 | 166 | 316 |
| 11 | 50 | 76 | 104 | 143 | 167 | 317 |
| 12 | 51 | 77 | 105 | 144 | 168 | 328 |
| 13 | 52 | 78 | 106 | 145 | 169 | 339 |
| 14 | 53 | 80 | 111 | 146 | 170 | 384 |
| 16 | 54 | 81 | 113 | 147 | 171 | 394 |
| 17 | 55 | 84 | 114 | 148 | 172 | |
| 18 | 56 | 85 | 115 | 149 | 173 | |
| 20 | 57 | 86 | 116 | 150 | 174 | |
| 21 | 58 | 87 | 117 | 151 | 184 | |
| 22 | 59 | 88 | 118 | 152 | 192 | |
| 25 | 60 | 89 | 119 | 153 | 200 | |
| 26 | 61 | 90 | 120 | 154 | 208 | |
| 27 | 62 | 91 | 121 | 155 | 216 | |
| 28 | 63 | 92 | 122 | 156 | 224 | |
| 29 | 64 | 93 | 123 | 157 | 234 | |
| 30 | 65 | 94 | 124 | 158 | 242 | |
| 31 | 66 | 95 | 125 | 159 | 250 | |
| 32 | 67 | 96 | 126 | 160 | 258 | |
| 36 | 68 | 97 | 127 | 161 | 268 | |
| 39 | 69 | 98 | 128 | 162 | 276 | |
| 43 | 71 | 99 | 129 | 163 | 284 | |
| 45 | 72 | 100 | 130 | 164 | 292 | |
| 46 | 73 | 101 | 131 | 165 | 300 | |
| 48 | 74 | 102 | 132 | | 308 | |
| | | | 133 | | | |

2

8.     Defendant denies the allegations in the following paragraphs of the Complaint:

| | | | | | |
|---|---|---|---|---|---|
| 34 | 185 | 226 | 265 | 302 | 340 |
| 35 | 186 | 227 | 266 | 303 | 341 |
| 37 | 187 | 228 | 270 | 304 | 342 |
| 38 | 188 | 229 | 271 | 305 | 343 |
| 40 | 189 | 229 | 272 | 306 | 344 |
| 41 | 190 | 230 | 273 | 310 | 345 |
| 42 | 194 | 231 | 274 | 311 | 346 |
| 47 | 195 | 232 | 278 | 312 | 347 |
| 70 | 196 | 236 | 279 | 313 | 348 |
| 79 | 197 | 237 | 280 | 314 | 350 |
| 82 | 198 | 238 | 281 | 319 | 351 |
| 83 | 202 | 239 | 282 | 320 | 352 |
| 112 | 203 | 240 | 286 | 321 | 353 |
| 134 | 204 | 244 | 287 | 322 | 354 |
| 135 | 205 | 245 | 288 | 323 | 355 |
| 137 | 206 | 246 | 289 | 324 | 356 |
| 139 | 210 | 247 | 290 | 325 | 357 |
| 140 | 211 | 248 | 294 | 326 | 358 |
| 141 | 212 | 252 | 295 | 330 | 359 |
| 142 | 213 | 253 | 296 | 331 | 368 |
| 178 | 214 | 254 | 297 | 332 | 369 |
| 179 | 218 | 255 | 298 | 333 | 370 |
| 180 | 219 | 256 | | 334 | |
| 181 | 220 | 260 | | 335 | |
| 182 | 221 | 261 | | 336 | |
| | 222 | 262 | | 337 | |
| | | 263 | | | |
| | | 264 | | | |

9.    Pleading with particularity, Defendant answers the remaining paragraphs of the Complaint as follows:

7.     Defendant admits that Chistolini & DeSimone, P.C. is a Massachusetts professional corporation engaged in the practice of law whose office is located at 20 McGrath Highway, Quincy, Massachusetts.

9.     Defendant admits Chistolini resides in Massachusetts and has represented NIRR as its attorney.  Defendant admits that Chistiolini only acted in his representative capacity as an officer and attorney for NIRR in all dealings on behalf of NIRR. Defendant denies the remaining allegations contained in paragraph 9.

10.    Defendant admits Marilyn Gardner resides in Massachusetts, that she is the President of NIRR and that she is an attorney.   Defendant admits that      at all times she only acted in her representative capacity as President of NIRR in any dealings with Claudia Hutchinson and Tsephanyah Hawkins as purported representatives of StenoScribe, Inc. Defendant denies the remaining allegations contained in paragraph 10.

15.    Defendant neither admits nor denies the allegations because they lack sufficient knowledge to form a belief as to their truth.   Defendant denies it criminally conspired with the Defendant Carter.

19.    Defendant neither admits nor denies the allegations because they lack sufficient knowledge to form a belief as to their truth.  Defendant denies it criminally conspired with the Defendant Hutchinson.

23.    Defendant neither admits nor denies the allegations because they lack sufficient knowledge to form a belief as to their truth.   Defendant denies it criminally conspired with the Defendant Oster.

24.    Defendant admits the allegations contained in the first three sentences of paragraph 20, but denies the allegations contained in the fourth sentence.

33.    Defendant admits NIRR agreed to purchase computer court reporting systems from StenoScribe, Inc. at a price of $3,500 per system and denies the remaining allegations contained in paragraph 33.

44.    Defendant neither admits nor denies the allegations because it lacks sufficient knowledge to form a belief as to their truth, but denies that the issuance of the Temporary Injunction constitutes action under color of state law.

107.   Defendant admits that $7,000 was sent to Defendant Carter to be held in escrow for the benefit of StenoScribe, Inc. pending the resolution of claims between the Plaintiffs and Hutchinson.  Defendant neither admits nor denies the remaining allegations because they lack sufficient knowledge to form a belief as to their truth.

108.   Defendant admits that the quoted portion of the October 13, 2003 letter from
       Defendant Carter is correctly stated.

109.   Defendant admits that the quoted portion of the October 15, 2003 letter from
       Defendant Chistolini is correctly stated.

110.   Defendant admits that the October 15, 2003 letter from Chistolini to Defendant
       Carter was sent solely in his capacity as attorney for NIRR and deny the remaining
       allegations contained in paragraphs 109.

112.   Defendant denies the allegations contained in paragraphs 112 because a full
       accounting was provided to the Plaintiffs through their counsel, Defendant Self,
       on numerous occasions.

138.   Defendant admits that Chistolini informed Defendant Self that $84,000 was being
       held in escrow, but that $4,080 was to be deducted from that amount for payments
       made to third party vendors who provided goods that were supposed to be
       provided by StenoScribe, Inc., but for which StenoScribe/CDS failed to pay.
       Defendant denies that a full accounting was not provided to CDS.  Such
       accounting was provided on multiple occasions to its attorney, Defendant Self.


### First Claim for Relief
### Deprivation of Property Without Due Process

175.   Defendant realleges and incorporates its answers to paragraphs 1-174 as if set
       forth separately herein.

177.   Paragraph 177 states a conclusion of law to which no answer is required.  To the
       extent that an answer is required, the allegations are denied.


### Second Claim for Relief
### Deprivation of Liberty Without Due Process

183.   Defendant realleges and incorporates its answers to paragraphs 1-182 as if set
       forth separately herein.

188.   Paragraph 188 states a conclusion of law to which no answer is required.  To the
       extent that an answer is required, the allegations are denied.

### Third Claim for Relief
### Deprivation of 13th Amendment Right to be Free From Enslavement

191.   Defendant realleges and incorporates its answers to paragraphs 1-190 as if set forth separately herein.

193.   Paragraph 193 states a conclusion of law to which no answer is required.  To the extent that an answer is required, the allegations are denied.

### Fourth Claim for Relief
### Deprivation of Freedom of Expression

199.   Defendant realleges and incorporates its answers to paragraphs 1-198 as if set forth separately herein.

201.   Paragraph 201 states a conclusion of law to which no answer is required.  To the extent that an answer is required, the allegations are denied.

### Fifth Claim for Relief
### Deprivation of Privacy

207.   Defendant realleges and incorporates its answers to paragraphs 1-206 as if set forth separately herein.

209.   Paragraph 209 states a conclusion of law to which no answer is required.  To the extent that an answer is required, the allegations are denied.

### Sixth Claim for Relief
### Deprivation of Property Without Due Process

215.   Defendant realleges and incorporates its answers to paragraphs 1-214 as if set forth separately herein.

217.   Paragraph 217 states a conclusion of law to which no answer is required.  To the extent that an answer is required, the allegations are denied.

## Seventh Claim for Relief
## Deprivation of 13th Amendment Right to be Free From Enslavement

223.   Defendant realleges and incorporates its answers to paragraphs 1-222 as if set forth separately herein.

225.   Paragraph 225 states a conclusion of law to which no answer is required.  To the extent that an answer is required, the allegations are denied.

## Eighth Claim for Relief
## Deprivation of Freedom of Expression

233.   Defendant realleges and incorporates its answers to paragraphs 1-232 as if set forth separately herein.

235.   Paragraph 235 states a conclusion of law to which no answer is required.  To the extent that an answer is required, the allegations are denied.

## Ninth Claim for Relief
## Deprivation of Privacy

241.   Defendant realleges and incorporates its answers to paragraphs 1-240 as if set forth separately herein.

243.   Paragraph 243 states a conclusion of law to which no answer is required.  To the extent that an answer is required, the allegations are denied.

## Tenth Claim for Relief
## Deprivation of Property Without Due Process

249.   Defendant realleges and incorporates its answers to paragraphs 1-248 as if set forth separately herein.

251.   Paragraph 251 states a conclusion of law to which no answer is required.  To the extent that an answer is required, the allegations are denied.

## Eleventh Claim for Relief
### Deprivation of 13th Amendment Right to be Free From Enslavement

257.  Defendant realleges and incorporates its answers to paragraphs 1-256 as if set forth separately herein.

259.  Paragraph 259 states a conclusion of law to which no answer is required.  To the extent that an answer is required, the allegations are denied.

## Twelfth Claim for Relief
### Deprivation of Freedom of Expression

267.  Defendant realleges and incorporates its answers to paragraphs 1-266 as if set forth separately herein.

269.  Paragraph 269 states a conclusion of law to which no answer is required.  To the extent that an answer is required, the allegations are denied.

## Thirteenth Claim for Relief
### Deprivation of Privacy

275.  Defendant realleges and incorporates its answers to paragraphs 1-274 as if set forth separately herein.

277.  Paragraph 277 states a conclusion of law to which no answer is required.  To the extent that an answer is required, the allegations are denied.

## Fourteenth Claim for Relief
### Deprivation of Property Without Due Process

283.  The Defendant realleges and incorporates its answers to paragraphs 1-282 as if set forth separately herein.

285.  Paragraph 285 states a conclusion of law to which no answer is required.  To the extent that an answer is required, the allegations are denied.

## Fifteenth Claim for Relief
## Deprivation of 13th Amendment Right to Be Free from Enslavement

291.   Defendant realleges and incorporates its answers to paragraphs 1-290 as if set
       forth separately herein.

293.   Paragraph 293 states a conclusion of law to which no answer is required.  To the
       extent that an answer is required, the allegations are denied.

## Sixteenth Claim for Relief
## Deprivation of Freedom of Expression

299.   Defendant realleges and incorporates its answers to paragraphs 1-298 as if set
       forth separately herein.

301.   Paragraph 301 states a conclusion of law to which no answer is required.  To the
       extent that an answer is required, the allegations are denied.

## Seventeenth Claim for Relief
## Deprivation of Privacy

307.   Defendant realleges and incorporates its answers to paragraphs 1-306 as if set
       forth separately herein.

309.   Paragraph 309 states a conclusion of law to which no answer is required.  To the
       extent that an answer is required, the allegations are denied.

## Eighteenth Claim for Relief
## RICO

315.   Defendant realleges and incorporates its answers to paragraphs 1-314 as if set
       forth separately herein.

318.   Paragraph 318 states a conclusion of law to which no answer is required.  To the
       extent that an answer is required, the allegations are denied.

### Nineteenth Claim for Relief
### RICO Conspiracy

327.  Defendant realleges and incorporates its answers to paragraphs 1-326 if set forth separately herein.

329.  Paragraph 329 states a conclusion of law to which no answer is required. To the extent that an answer is required, the allegations are denied.

### Twentieth Claim for Relief
### RICO

338.  Defendant realleges and incorporates its answers to paragraphs 1-337 if set forth separately herein.

341.  Paragraph 341 states a conclusion of law to which no answer is required. To the extent that an answer is required, the allegations are denied.

### Twenty-First Claim for Relief
### Forced Labor

349.  Defendant realleges and incorporates its answers to paragraphs 1-348 as if set forth separately herein.

### Twenty-Second Claim for Relief
### Legal Malpractice

360-366.  This Count relates to parties other than the Defendant to which no answer is required. To the extent an answer is required the allegations are denied.

### Twenty-Third Claim for Relief
### Unjust Enrichment

367.  Defendant realleges and incorporates its answers to paragraphs 1-366 as if set forth separately herein.

## Twenty-Fourth Claim for Relief
## Intentional Infliction of Emotional Distress

371.    Defendant realleges and incorporates its answers to paragraphs 1-370 as if set forth separately herein.

372-374.    This Count relates to parties other than the Defendant to which no answer is required.  To the extent an answer is required the allegations are denied.

## Twenty-Fifth Claim for Relief
## Breach of Fiduciary Duty

375.    Defendant realleges and incorporates its answers to paragraphs 1-374 as if set forth separately herein.

376-382    This Count relates to parties other than Defendant to which no answer is required.  To the extent that an answer is required the allegations are denied.

## Twenty-Sixth Claim for Relief
## Conspiracy to Deprive Rights

383.    Defendant realleges and incorporates its answers to paragraphs 1-382 as if set forth separately herein.

385.    Paragraph 385 states a conclusion of law to which no answer is required.  To the extent that an answer is required, the allegations are denied.

386-392    This Count relates to parties other than Defendant to which no answer is required.  To the extent that an answer is required the allegations are denied.

## Twenty-Seventh Claim for Relief
## Neglect to Prevent Conspiracy

393.    Defendants reallege and incorporate their answers to paragraphs 1-392 as if set forth separately herein.

394-400    This Count relates to parties other than Defendant to which no answer is required.  To the extent that an answer is required the allegations are denied.

11

## <u>AFFIRMATIVE DEFENSES</u>

### First Affirmative Defense

This Court lacks personal jurisdiction over Defendant The National Institute of Realtime Reporters, Inc.

### Second Affirmative Defense

This Court lacks subject matter jurisdiction over the claims asserted under 42 U.S.C. § 1983 as the complaint does not allege cognizable state action upon which such claims must be based.

### Third Affirmative Defense

Plaintiffs' Second Amended Complaint fails to state a claim upon which relief can be granted against Defendant, The National Institute of Realtime Reporters, Inc.

### Fourth Affirmative Defense

The Second Amended Complaint fails to plead its allegations of fraud with particularity as required by Fed. R. Civ. P. 9(b).

### Fifth Affirmative Defense

The Second Amended Complaint fails to plead its allegation of special damages with particularity as required by Fed. R. Civ. P. 9(g).

### Sixth Affirmative Defense

The Second Amended Complaint fails to plead with particularity the required predicate acts necessary to set forth a claim under 18 U.S.C. §§ 1961 and 1962.

### Seventh Affirmative Defense

Payment for all software and technical services has been made.

### Eighth Affirmative Defense

Plaintiffs' claims were satisfied before the filing of this lawsuit; there has been an accord and satisfaction.

12

### Ninth Affirmative Defense

Plaintiffs are estopped from asserting causes of action against Defendant based upon actions of Defendant in following and in relying upon instructions given to it by counsel for the Plaintiffs.

### Tenth Affirmative Defense

Plaintiffs are in material breach of the oral software purchase contract, have not performed the conditions of the contract, and therefore, are barred from any recovery under the contract or in quantum meruit.

### Eleventh Affirmative Defense

Defendant acted in regard to the oral agreement to purchase court reporting software and services from StenoScribe, In. based upon the apparent authority of Claudia Hutchison to act for StenoScribe, Inc.

WHEREFORE, having fully answered, Defendant The National Institute of Realtime Reporters, Inc. respectfully prays judgment of the Court that the Plaintiffs claims against Defendant be dismissed, that Plaintiffs take nothing, that Defendant recover its costs and reasonable attorneys' fees, and for such other and further relief, general or special, at large or in equity, to which they may be entitled

### Defendant demands a jury trial on all counts.

Respectfully submitted,

McMahon, Surovik, Suttle, Buhrmann, Hicks,
Gill & Cannon, P.C.
400 Pine Street, Suite 800
PO BOX 3679
Abilene, Texas 79604
325-676-9183/325-676-8836 FAX
Stephen H. Suttle
State Bar No. 19526000
Kerry DiGioia
State Bar No. 24045781

        /S/ Stephen H. Suttle

BY: _____
        Stephen H. Suttle
        State Bar No. 19526000

ATTORNEYS FOR THE NATIONAL
INSTITUTE OF REALTIME REPORTERS, INC.

## CERTIFICATE OF SERVICE

       This is to certify that on this 15th day of March, 2006, a true and correct copy of the foregoing was served on the Plaintiffs via certified mail, return receipt requested and all other parties will be served electronically via e-mail.

Tsephanyah Y. Hawkins
3706 Private Road 2547
Clyde, Texas 79510

Yahehanan Y. Hawkins
3471 Private Road 2541
Clyde, Texas 79510

Gary Brown
Law Office of Gary Brown
3041 South 7th
Abilene, Texas 79605
Attorney for Defendants
The South Carolina School of Court Reporting, Inc.
Claudia Hutchison
Norman Oster
Vocedit, Inc.
StenoScribe, Inc.

Jill A. Malouf
Mark J. Zimmermann
Tom C. Clark
Dealy Zimmermann Clark Collie & Malouf
3131 Turtle Creek Blvd., Suite 1201
Dallas, Texas 75219
Attorneys for Defendants
Charles C. Self, III, Donald L. Anderson, Jr., Whitten & Young, P. C.


/S/ Stephen H. Suttle
_____
Stephen H. Suttle