IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| TSEPHANYAH Y. HAWKINS and ) | |
| YAHCHANAN Y. HAWKINS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| CLAUDIA M. HUTCHISON, et al., ) | |
| ) | Civil Action No. 1:05-CV-184-C |
| Defendants. ) | ECF |

## ORDER

CAME ON FOR CONSIDERATION this day Defendant The National Institute of Realtime Reporters, Inc.'s Motion for Summary Judgment, filed on March 29, 2006. Also before this Court is the Plaintiff's Response, filed on April 24, 2006. Having considered the arguments and authorities, this Court is of the opinion that the motion should be granted.

### I.
### FACTUAL & PROCEDURAL BACKGROUND

In September 2002, Marilyn Gardner formed a corporation called New England School of Court Reporting (herein "NESCR"), located in Massachusetts. In June 2005, NESCR's name was changed to The National Institute of Realtime Reporters, Inc. (herein "NIRRI"). Gardner served as president of NESCR and currently serves as president of NIRRI. In August 2003, Gardner met Claudia Hutchison. Hutchison represented to Gardner that she was an agent of a company named StenoScribe, Inc., which sold voice recognition software and related software used in laptop computers of court reporters. NESCR verbally agreed to purchase the software and peripherals for itself and its students. This oral agreement was reached in August 2003,

between NESCR and Stenoscribe, Inc. (Def.'s App., p. 2.) There were no other parties to the contract. According to the terms, StenoScribe was to provide unlimited technical support for the software and to provide technicians to install all of the new software at the NESCR facilities. NESCR was to pay, and did pay, the expenses of the installing technician, Norm Oster, sent by Stenoscribe. The price for each software package under the oral agreement was $3,500.00, which could be paid by the students through financing with Sallie Mae.

On September 25, 2003, NESCR made its first payment to StenoScribe in the amount of $7,000.00. NESCR made subsequent payments of $7,000.00 and $3,500.00 into an escrow account pending the outcome of a separate suit in state court between the Plaintiffs and several co-defendants in this suit. Gardner's first encounter with Plaintiff Tsephanyah Hawkins allegedly occurred in October 2003, when Hawkins called her and told her that he was an owner of StenoScribe. During this call, Plaintiff Tsephanyah Hawkins told Gardner that Defendant Hutchison was no longer employed by StenoScribe and that NESCR's checks had been lost. He apparently requested that new checks be issued and sent to a different address.

On October 14, 2003, John Chistolini, NESCR's attorney in Massachusetts, received a copy of a restraining order, which was entered against Plaintiff Tsephanyah Hawkins and StenoScribe on October 10, 2003, in a lawsuit filed in the 42nd District Court of Callahan County, Texas (herein "Texas State Litigation"). NIRRI claims that receipt of the restraining order filed by Chistolini was the first notice to NESCR that there was any lawsuit involving Plaintiff Tsephanyah Hawkins, StenoScribe, or Defendant Hutchison. Furthermore, it is undisputed that NESCR was never a party to the suit.

On October 7, 2005, Plaintiffs Tsephanyah Y. Hawkins and Yahchanan Y. Hawkins filed suit against Defendant NIRRI in this Court. On January 26, 2006, Plaintiffs filed their Second

Amended Complaint against Defendant NIRRI. On March 29, 2006, Defendant NIRRI filed the present motion for summary judgment, seeking judgment as a matter of law as to all of Plaintiff's claims against NIRRI. The Court will consider each of Plaintiffs' claims against Defendant NIRRI in turn.

## II.
## STANDARD

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986) (internal quotations omitted). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id*. at 248. In making its determination, the court must draw all justifiable inferences in favor of the non-moving party. *Id*. at 255. Once the moving party has initially shown "that there is an absence of evidence to support the nonmoving party's case," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986), the non-movant must come forward, after adequate time for discovery, with significant probative evidence showing a triable issue of fact. Fed. R. Civ. P. 56(e); *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). Conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation are not adequate substitutes for specific facts showing that there is a genuine issue for trial. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428 (5th Cir. 1996) (en banc); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

The nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Giles v. General Elec. Co.*, 245 F.3d 474, 493 (5th Cir. 2001) (quoting *Celotex*, 477 U.S. at 324). Absent a showing that there is a genuine issue for trial, a properly supported motion for summary judgment should be granted. *See Eversley v. MBank Dallas*, 843 F.2d 172, 173-74 (5th Cir. 1988); *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1022-23 (5th Cir. 1995).

Furthermore, "summary judgment is appropriate where the only issue before the court is a pure question of law." *Sheline v. Dun & Bradstreet Corp.*, 948 F.2d 174, 176 (5th Cir. 1991); *see also Neff v. Am. Dairy Queen Corp.*, 58 F.3d 1063, 1065 (5th Cir. 1995) ("Consequently, we hold that because the disputed issue in this case is purely legal, it was appropriately resolved through summary judgment.").

## III.
## DISCUSSION

### *Unjust Enrichment Claim*

First, Plaintiffs allege a cause of action against Defendant NIRRI for unjust enrichment. A party may recover under an unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of undue advantage. *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992). Unjust enrichment is a cause of action based in quasi-contract and does not apply where the dispute is governed by an express contract. *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 683-84 (Tex. 2000). Here, there is no evidence that NESCR obtained money or property from Tsephanyah Hawkins. The only evidence before this Court on point indicates that NESCR purchased court reporting software systems from

StenoScribe, Inc. under a purchase agreement and that NESCR has either paid the purchase price to StenoScribe or has paid the remaining purchase money in escrow to Victoria Carter or Chistolini & DeSimone, Inc.  There is also evidence that the terms of payment under the oral contract between NESCR and StenoScribe, Inc. were clear and unambiguous.  Consequently, Defendant NIRRI is entitled to summary judgment as to Plaintiffs' unjust enrichment claim.

### *RICO Claim*

Next, Plaintiffs allege that Defendant NIRRI violated the Racketeer Influenced and Corrupt Organizations Act (herein "RICO").  Specifically, Plaintiffs allege that NIRRI violated 18 U.S.C. §§ 1962(a), (c), and (d).  First, § 1962(a) states in pertinent part:

> It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce. . . .

18 U.S.C. §§ 1962(a).  In this case, there is no evidence that NIRRI invested any income or proceeds from any income derived from a racketeering activity to acquire an interest in or to establish or operate any enterprise.  Consequently, as a matter of law, NIRRI is not liable under 18 U.S.C. § 1962(a).  *See Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 584 (5th Cir. 1992) (affirming dismissal of RICO claims for failure to plead investment of income from racketeering activity).  Second, § 1962(c) states in pertinent part:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c). In this case, there is no evidence that NIRRI participated in an enterprise through a pattern of racketeering or collection of an unlawful debt in violation of § 1962(c). Consequently, because there is no evidence of an enterprise and no evidence of a pattern of racketeering that would implicate NIRRI, as a matter of law, NIRRI is not liable under 18 U.S.C. § 1962(c). *See Calcasieu Marine Nat'l Bank v. Grant*, 943 F.2d 1453, 1464 (5th Cir. 1991); *Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer*, 90 F.3d 118, 122-23 (5th Cir. 1996).

Third, § 1962(d) states in pertinent part:

> It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

18 U.S.C. § 1962(d). The core of a RICO civil conspiracy is an agreement to commit predicate acts, and therefore a RICO civil conspiracy complaint, at the very least, must allege specifically such an agreement. *Crowe v. Henry*, 43 F.3d 198, 206 (5th Cir. 1995). In this case, there is no evidence that NIRRI agreed to commit predicate acts. Therefore, NIRRI is entitled to summary judgment on Plaintiffs' conspiracy claim under 18 U.S.C. § 1962(d).

### *Plaintiffs' Remaining Claims*

Finally, Defendant NIRRI is not liable for violations of 18 U.S.C. § 1589 or for violations of 42 U.S.C. § 1983. Additionally, Defendant NIRRI is not liable for violations of the First, Fourth, Fifth, Thirteenth, or Fourteenth Amendments to the United States Constitution. There is no evidence before this Court whatsoever that Defendant NIRRI was a party to the Texas State Litigation, participated in that lawsuit in any way or contributed to the restraining order that Plaintiffs assert compelled them into forced labor and involuntary servitude, allegedly violating Plaintiffs' constitutional rights. There is insufficient evidence to support Plaintiffs' claim that NIRRI caused any of the violations and deprivations set forth in Plaintiffs' Second Amended

Complaint.  There is no evidence that NIRRI had knowledge of the restraining order until after the order was entered.  Because there is no evidence that NIRRI caused or contributed to the offending court orders, there is no basis for finding NIRRI in violation of § 1589, § 1983, or the First, Fourth, Fifth, Thirteenth, and Fourteenth Amendments.

Significantly, Plaintiffs have also failed to provide any evidence to create a genuine issue of material facts as to any of the elements of any of the claims set forth above.  18 U.S.C. § 1589; 42 U.S.C. § 1983; *Blackburn v. City of Marshall*, 42 F.3d 925, 930 (5th Cir. 1995); *Cobb v. Georgia Power Co.*, 757 F.2d 1248, 1251 (11th Cir. 1985); *Roberts v. Walmart Stores, Inc.* 736 F. Supp. 1527, 1528 (E.D. Mo. 1990); *Hudgens v. NLRB*, 424 U.S. 507, 513, 96 S.Ct. 1029 (1976).  Consequently, Defendant NIRRI is entitled to summary judgment as to Plaintiffs' remaining claims.

## V.
## CONCLUSION

This Court, for the reasons stated herein, hereby ORDERS that Defendant The National Institute of Realtime Reporters, Inc.'s Motion for Summary Judgment is **GRANTED**.

DATED this 16th day of June, 2006.

SAM R. CUMMINGS
UNITED STATES DISTRICT COURT