IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| TSEPHANYAH Y. HAWKINS and <br> YAHCHANAN Y. HAWKINS, <br><br> Plaintiffs, <br><br> v. <br><br> CLAUDIA M. HUTCHISON, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    Civil Action No. 1:05-CV-184-C <br> )    ECF |

## ORDER

CAME ON FOR CONSIDERATION this day the Motion for Summary Judgment and Brief in Support filed by Defendants WHITTEN & YOUNG, P.C.; CHARLES C. SELF, III; and DONALD L. ANDERSON, JR. on June 22, 2006. Plaintiffs' Response was due on July 12, 2006; however, Plaintiffs failed to file a timely response.

Default summary judgments are not appropriate. *See Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.). However, once the moving party has initially shown "that there is an absence of evidence to support the nonmoving party's case," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986), the non-movant must come forward, after adequate time for discovery, with significant probative evidence showing a triable issue of fact. Fed. R. Civ. P. 56(e); *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). The non-movant must present sufficient evidence upon which a jury could reasonably find in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). Absent such a showing, a properly supported motion for

summary judgment should be granted. *See Eversley v. MBank Dallas*, 843 F.2d 172, 173-74 (5th Cir. 1988); *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1022-23 (5th Cir. 1995). If no factual showing is made in opposition to a motion for summary judgment, the district court is not required to search the record *sua sponte* for some genuine issue of material fact. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998); *see also Forsyth v. Barr*, 19 F.3d 1527, 1536-37 (5th Cir. 1994).

As is the case here, when a plaintiff fails to respond to a properly supported motion for summary judgment, the court has not been directed to admissible evidence creating a genuine issue of material fact. A summary judgment non-movant who does not respond to the motion is relegated to the unsworn pleadings, which do not constitute summary judgment evidence. *See, e.g., Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991). Plaintiffs, therefore, have not gone beyond the pleadings and designated specific facts showing that there is a genuine issue for trial as to the components of their claims. *See Celotex*, 477 U.S. at 324.

Here, Defendants' Motion is properly supported and no factual showing has been made in opposition. In their complaint, Plaintiffs claim that Defendants committed legal malpractice, violated 42 U.S.C. §§ 1985 and 1986, 18 U.S.C. § 1589, 42 U.S.C. § 1983 and committed constitutional rights violations, including deprivation of property without due process under the Fifth Amendment, deprivation of liberty or property without due process under the Fourteenth Amendment, deprivation of privacy under the Fourth and Fifth Amendments, deprivation of the Thirteenth Amendment right to be free from enslavement, and deprivation of the First Amendment right of freedom of expression. Plaintiffs have submitted no evidence to this Court

demonstrating any of the elements of any of the claims against Defendants. The Court refuses to search the record *sua sponte* for some genuine issue of material fact.

Consequently, since there is no evidence before this Court of one or more essential elements of each of Plaintiffs' claims against Defendants, this Court is of the opinion that Defendants are entitled to summary judgment. *See generally Celotex*, 477 U.S. at 322; *Jacks v. City of Ballinger*, 2005 WL 2464564, at *1 (N.D. Tex. Oct. 5, 2005).

## CONCLUSION

Having considered the papers filed and the various arguments and authorities, this Court is of the opinion that Defendants are entitled to judgment as a matter of law as to all of Plaintiffs' claims.

The Court, based on the reasoning stated herein, hereby ORDERS that Defendants' Motion for Summary Judgment is **GRANTED**.

Dated this 13th day of July, 2006.

_____
SAM R. CUMMINGS
UNITED STATES DISTRICT COURT