IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| TSEPHANYAH Y. HAWKINS and YAHCHANAN Y. HAWKINS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| CLAUDIA M. HUTCHISON; NORMAN M. OSTER; STENOSCRIBE, INCORPORATED; and VOCEDIT, INC., | ) ) ) ) ) | Civil Action No. 1:05-CV-184-C |
| Defendants. | ) | ECF |

## **ORDER**

Came on this day for consideration Defendants Claudia Hutchison, Norman Oster, Stenoscribe, Inc., and Vocedit, Inc.'s ("Defendants") Motion for Dismissal, or in the alternative, Plea in Abatement [#167], filed on October 15, 2006.

The Court, having considered the Motion, together with Plaintiffs Tsephanyah Hawkins and Yahchanan Hawkins' ("Plaintiffs") Response [#182], filed on November 6, 2006, is of the opinion that Defendants' Motion should be **DENIED**.[1]

---

[1] In addition, Defendants filed a Reply to the Plaintiffs' Response [#187], on November 21, 2006. However, Defendants did not seek leave of Court to file such Reply. The undersigned judge does not permit the filing of reply briefs without leave of court. *See* Judge Specific Requirements for District Judge Sam R. Cummings, ¶ II.B, available at http://www.txnd.uscourts.gov/judges/scummings_req.html. Therefore, this Court will not consider Defendants' unauthorized Reply.

# I.
# BACKGROUND

In this case, Plaintiffs allege that Defendants wrongfully appropriated court-reporting software which Plaintiff Tsephanyah Hawkins engineered. Further, Plaintiffs allege that Defendants made various attempts on Plaintiff Tsephanyah Hawkins' life. In the present Motion, Defendants request this Court to abstain from exercising its jurisdiction over the case until a corresponding state court action is complete.

# II.
# STANDARD

"The plea in abatement is an archaic common law pleading which, 'without disputing the merits of the plaintiff's claim, objects to place, mode, or time of asserting it.'" *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 720 (5th Cir. 1995) (quoting Black's Law Dictionary 1151-1152 (6th ed. 1990). In 1938, the Supreme Court established the Federal Rules of Civil Procedure and thereby abolished pleas in abatement. *Id*. With the establishment of the Rules, motions to dismiss under Federal Rules of Civil Procedure 12(b) or 41 replaced the common law pleas in abatement.

However, it is a generally accepted principle that a district court may abstain from exercising its jurisdiction over cases in certain exceptional situations. Moreover, "[t]he doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Colo. River*

*Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976) (quoting *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-189 (1959)).  Indeed, "[i]t was never a doctrine of equity that a federal court should exercise its judicial discretion to dismiss a suit merely because a [s]tate court could entertain it."  *Id*. (*quoting Ala. Pub. Serv. Comm'n v. S. R. Co.*, 341 U.S. 341, 361 (1951).  Clearly, a federal district court may abstain from exercising its jurisdiction only in exceptional circumstances.

The Supreme Court has identified six factors which a district court may consider in determining whether exceptional circumstances exist which would allow a district court to abstain from exercising jurisdiction.  These factors include 1) assumption by either court of jurisdiction over a *res*; 2) the relative inconvenience of forums; 3) the avoidance of piecemeal litigation; 4) the order in which jurisdiction was obtained by the concurrent forums; 5) whether and to what extent federal law provides the rules of decision on the merits; and 6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.  *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th Cir. 1999).

## III.
## DISCUSSION

In the present case, Defendants request that this Court abstain from exercising its jurisdiction over the present action.  However, Defendants have not claimed sufficient cause for the Court to take this extraordinary measure.  In their Motion, Defendants argue that this Court should abstain from exercising jurisdiction because an action exists in state court which is scheduled for trial on March 19, 2007.  (Defs.' Br. 3.)  According to Defendants, abstention is proper because "[t]he actions in the state court litigation constitute the bases of most of the

causes of action alleged by the Plaintiffs in their Second Amended Complaint filed in this federal lawsuit." (*Id.*)

Clearly, Defendants do not allege acts sufficient to cause this Court to take the extraordinary measure of abstaining from exercising jurisdiction. Indeed this Court may take such an action only in the most exceptional of circumstances. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. at 813. Although Defendants never argue to this point, it appears that the only way this Court might possibly abstain from exercising jurisdiction is if the state court action and the present action would result in piecemeal litigation. *See Murphy*, 168 F.3d at 738. However, in the present case, the Court could not abstain from exercising its jurisdiction over this case due to this narrow exception. On the contrary, any litigation in the state action would not involve all of the parties or causes of action which may be disposed of by this Court. According to the Petition in the state court action, the underlying action does not include Plaintiff Yahchanan Hawkins as a party. (*See* Defs.' App. 3.) Therefore, Yahchanan Hawkins' cause of action must still be adjudicated in this Court. Further, Defendants Norman Oster and Vocedit, Inc. are not parties to the underlying litigation. (*Id.*) Therefore, the parties' claims against each other cannot be fully adjudicated in the state court.

In short, Defendants have not directed this Court to any evidence sufficient to find that the Court should abstain from exercising jurisdiction in this case. Indeed, this extraordinary remedy is unwarranted in the present case.

## IV.
## CONCLUSION

The Defendants have not directed the Court to any evidence which would merit the extraordinary remedy which they seek. Therefore, for the reasons stated herein, Defendants' Motion is **DENIED**.

All relief not herein granted is hereby denied.

SO ORDERED this 19th day of December, 2006.

Dated December 19, 2006.

_____
SAM R. CUMMINGS
UNITED STATES DISTRICT COURT