UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF THE STATE OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| TSEPHANYAH Y. HAWKINS, and <br> YAHCHANAN Y. HAWKINS <br> Plaintiffs, <br><br> v. <br><br><br> **CLAUDIA HUTCHINSON**, et al. | } <br> } <br> } <br> } Civil Action No. <br> } 1:05CV-00184-C <br> } <br> } <br> } |

DEFENDANTS' OBJECTIONS TO ADMISSIBILITY OF MATERIALS
IDENTIFIED BY PLAINTIFFS UNDER RULE 26(a)(3)(C)

Come now RIYYAHNAH TIPHARAHYAH HAWKINS A/K/A/ CLAUDIA HUTCHISON, hereinafter referred to as "Hutchison," STENOSCRIBE, INC., hereinafter referred to as "Stenoscribe," QANAYAH YISRAYL HAWKINS A/K/A NORMAN OSTER, hereinafter referred to as "Oster," and VOCEDIT, INC., hereinafter referred to as "VocEdit," such parties known collectively as "Defendants,", pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, make the hereinafter objections to admissibility of materials identified by Plaintiffs Tsephanyah Hawkins and Yahchanan Hawkins in their PLAINTIFFS' FIRST DISCLOSURE PURSUANT TO RULE 26(a)(3), such objections being as follows:

    1. Defendants were not provided copies of the exhibits listed by the Plaintiffs in the PLAINTIFFS' FIRST DISCLOSURE PURSUANT TO RULE 26(a)(3). Additionally, Defendants would show the court that they did not receive a separate list of exhibits and the exhibits, pursuant

to *Requirements of District Judge Samuel R. Cummings,* IV. **Trial Procedure, Paragraph A. Exhibits.** Defendants therefore object to the admissibility of any materials listed in LIST OF EXHIBITS (that will be offered) in paragraphs 1, beginning on page 4 of such disclosure, through paragraph 19, on page 6 of such disclosure.

Subject to the general aforementioned objection, Defendants make the following objections:

2. Defendants object to the Peoples State Bank Accounts in that such documents are not properly authenticated pursuant to Rule 901 of the Federal Rules of Evidence.

3. Defendants object to paragraphs a through p of documents listed under "Documents filed in 42nd Judicial District of Texas, Callahan County case 18,093," in the event that such documents are not certified copies of documents filed with the district clerk of such court, such documents are hearsay.

4. Defendants object to Corporate Record Book listed in paragraph 5 in that such book would be hearsay.

5. Defendants object to " "All Public filings of CDS that are still kept by the Secretary of State:" listed in paragraph 9, in that such documents are not properly authenticated pursuant to Rule 901 of the Federal Rules of Evidence, and are hearsay.

6. Defendants object to "Application for Registration for Fictitious Name for Digiware Technologies, Inc." listed in paragraph 10, in that

such document is not properly authenticated pursuant to Rule 901 of the Federal Rules of Evidence, and are hearsay.

7. Defendants object to "Application for Registration for Fictitious Name for S.A.W. Solutions, Inc." listed in paragraph 11, in that such document is not properly authenticated pursuant to Rule 901 of the Federal Rules of Evidence, and are hearsay.

8. Defendants object to "Articles of Incorporation for Profit S.A.W. Solutions, Inc." listed in paragraph 12, in that such document is not properly authenticated pursuant to rule 901 of the Federal Rules of Evidence, and are hearsay.

9. Defendants object to "Certification of Claudia Hutchison director of StenoScribe, Inc." listed in paragraph 13, in that such document is not properly authenticated pursuant to Rule 901 of the Federal Rules of Evidence, and are hearsay.

10. Defendants object to "Letters to and from Victoria L. Carter and Marilyn Gardner and John Chistolini and Claudia Hutchison," in paragraph 14, as to any letters not authored by Victoria L. Carter and/or Claudia Hutchison, in that such documents would be hearsay.

11. Defendants object to "Letter from Postmaster," in paragraph 15, in that such letter would not be properly authenticated pursuant to Rule 901 of the Federal Rules of Evidence, and are hearsay.

12. Defendants object to "Letter from Charles Self explaining need to obey Temporary Injunction," in paragraph 16, in that such letter is hearsay.

13. Defendants object to "Hearing transcript from may 20, 2004 in the state case 18,093," in that such transcript is hearsay.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that the court sustain any and all objections that they have made to the above materials as required by Rule 26(a)(3) of the Federal Rules of Civil Procedure.

                                        RESPECTFULLY SUBMITTED,

                                        /s/Gary M. Brown
                                        Gary M. Brown, SBN03123500
                                        3041 South 7th, Abilene, Texas 79605
                                        (325)673-9599; fax (325)673-5772
                                        Attorney for Defendants

CERTIFICATE OF SERVICE

This is to certify that on this the 16th day of March, 2007, I electronically filed the foregoing document with the clerk of court of the U.S. District Court, Northern District of Texas, using the electronic case filing statement of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

I hereby certify that I made service by First Class Mail, Postage Prepaid, or by Fax if number is show, to the following persons as addressed below:

Tsephanyah Y. Hawkins            Yahchanan Y. Hawkins
3706 Private Road 2547           3471 Private Road 2541
Clyde, Texas 79510               Clyde, Texas 79510


__/s/ Gary M. Brown_____
Gary M. Brown