IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| TSEPHANYAH Y. HAWKINS and YAHCHANAN Y. HAWKINS, <br><br> Plaintiffs, <br><br> v. <br><br> CLAUDIA M. HUTCHISON; NORMAN M. OSTER; STENOSCRIBE, INCORPORATED; and VOCEDIT, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:05-CV-184-C <br> ) ECF |

## ORDER

Came on this day for consideration the following Motions:

**A. Defendants Claudia Hutchison's, Norman M. Oster's, Steonoscribe, Incorporated's and Vocedit, Inc.'s Motion for Summary Judgment [#249], filed on May 30, 2007.** The Court also considered Plaintiffs Tsephanyah Hawkins and Yahchanan Hawkins' ("Plaintiffs") Response [#259], filed on June 14, 2007. The Court, after considering Defendants' Motion, together with Plaintiffs' Response, is of the opinion that Defendants' Motion should be **GRANTED** as to all claims which Plaintiffs make pursuant to federal law. Further, this Court declines to exercise its supplemental jurisdiction over Plaintiffs' state law claims, and they are therefore **DISMISSED** without prejudice to refiling in the state court.

**B. Plaintiffs' First Motion for Partial Summary Judgment [#254], filed on May 31, 2007.** The Court also considered Defendants' Response [#257], filed on June 14, 2007. The Court, after considering Plaintiffs' Motion, together with Plaintiffs' Response, is of the opinion that Plaintiffs' Motion should be **DENIED as moot**.

# I.
# BACKGROUND

Plaintiffs allege that Defendants wrongfully obtained a series of court orders which allegedly subjected Plaintiffs to a state of involuntary servitude and limited Plaintiffs' First Amendment rights. Indeed, the "slavery" to which Plaintiffs claim they were subjected resulted from the threat of contempt of court which undergirded the court order.

In addition to alleged violations of the Thirteenth Amendment's prohibition of slavery, Plaintiffs have brought several claims for relief for the following:

a. civil remedy pursuant to 18 U.S.C. § 1595 for the criminal violation of the prohibition against forced labor found in 18 U.S.C. § 1589;

b. conspiracy to interfere with Plaintiffs' civil rights in violation of 42 U.S.C. § 1985;

c. negligence in failing to prevent a conspiracy in violation of 42 U.S.C. § 1985;

d. violation of Plaintiffs' First Amendment right to freedom of expression;

e. violations of Plaintiffs' Fourth and Fifth Amendment rights to privacy;

f. deprivation of property without due process in violation of the Fifth Amendment; and

g. deprivation of liberty without due process in violation of the Fifth Amendment.[1]

Furthermore, Plaintiffs have alleged several causes of action based on state law. These violations include:

a. unjust enrichment;

b. intentional infliction of emotional distress; and

---

[1] Plaintiffs also attempted to state claims against Defendants which were based on the federal RICO Act. By separate order, the Court summarily dismissed these claims without prejudice.

    c.  breach of fiduciary duty.[2]

## II.
## STANDARD

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986) (internal quotations omitted). In making its determination, the court must draw all *justifiable* inferences in favor of the non-moving party. *Id*. at 255 (emphasis added). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id*. at 248. An actual controversy of fact exists only where both parties have submitted evidence of contradictory facts. *Olabishiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999). The contradictory facts must be relevant, because disputed fact issues which are irrelevant and unnecessary will not be considered by the court when ruling on a summary judgment. *Anderson*, 477 U.S. at 248. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

To defeat a properly supported motion for summary judgment, the non-movant must present more than a mere scintilla of evidence. *See Anderson*, 477 U.S. at 251. Rather, the non-movant must present sufficient evidence upon which a jury could reasonably find in the

---

[2] Plaintiffs also attempted to state a state law cause of action against Defendants for legal malpractice. This Court dismissed that claim by separate order because no attorneys remain as Defendants in the present action.

non-movant's favor. *Id*. The pleadings are not summary judgment evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). The nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Giles v. General Elec. Co.*, 245 F.3d 474, 493 (5th Cir. 2001) (quoting *Celotex*, 477 U.S. at 324). Conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation are not adequate substitutes for specific facts showing that there is a genuine issue for trial. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428 (5th Cir. 1996) (en banc); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

In order to withstand a no-evidence motion for summary judgment, the non-movant must present evidence sufficient to establish the existence of each element of his claim as to which he will have the burden of proof at trial. *Celotex*, 477 U.S. at 322. The purpose of summary judgment, as the Supreme Court has instructed, is to "enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 3189, 111 L. Ed. 2d 695 (1990); *Liquid Air Corp.*, 37 F.3d at 1075. A court is to resolve all factual controversies in favor of the non-movant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Liquid Air*, 37 F.3d at 1075. "[A court need] not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Id*.

If no factual showing is made in opposition to a motion for summary judgment, the district court is not required to search the record *sua sponte* for some genuine issue of material fact and may rely entirely on the evidence designated by the moving party showing no such triable issue.

*Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) ("Rule 56 does not impose upon this Court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment."). Rather, the Court need rely only on those portions of the submitted documents to which the nonmoving party directs the Court's attention. *Id.*; *see also Forsyth v. Barr*, 19 F.3d 1527, 1536-37 (5th Cir. 1994) (finding that two volumes of summary judgment evidence were insufficient to preclude summary judgment when plaintiffs failed to identify specific portions which supported their claims). "A party whose motion or response is accompanied by an appendix must include in its brief citations to each page of the appendix that supports each assertion that the party makes concerning the summary judgment evidence." LR 56.5(c). In other words, factual assertions must be supported by citations to proper and admissible summary judgment evidence that support such an assertion. This Court will only consider the admissible summary judgment evidence discussed and specifically identified with citation in the parties' motions or briefs. *Thomas v. TPI Staffing Inc.*, 191 Fed. Appx. 287, 288, 2006 WL 2038767, *1 (5th Cir. 2006) ("the nonmoving party *must direct the court* to specific evidence") (emphasis added); *Rizzo v. Children's World Learning Centers, Inc.*, 84 F.3d 758, 762 (5th Cir. 1996) ("the nonmovant *must then direct the court's attention to evidence* in the record") (emphasis added).

## III.
## DISCUSSION

### *Plaintiffs' Claims for Conspiracy and Failure to Prevent Conspiracy*

As mentioned above, Plaintiffs attempt to state a claim for conspiracy and negligent failure to prevent a conspiracy pursuant to 42 U.S.C. § 1985. Section 1985 contains three general conspiracy prohibitions. The first subsection makes it illegal for two or more people to conspire

to prevent an officer from performing his duties. 42 U.S.C. § 1985(1). The second subsection prohibits two or more people from conspiring to intimidate parties, witnesses, or jurors during court proceedings. 42 U.S.C. § 1985(2). Finally, the third subsection makes it illegal for two or more people to conspire "or go in disguise on the highway" to deprive another person of his rights and privileges. 42 U.S.C. § 1985(3).

Plaintiffs' claims under § 1985 necessarily fail because Plaintiffs have not alleged any facts–or directed the Court to any summary judgment evidence–which would support their allegations of conspiracy. Nowhere in the garrulous and prolix pleadings do Plaintiffs ever allege facts tending to show that Defendants or anyone else ever entered into an agreement. *See Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). At most, Plaintiffs have only stated conclusory allegations of a conspiracy. According to the Fifth Circuit, "[m]ere conclusory allegations of conspiracy cannot, absent reference to material facts," state a claim for conspiracy. *Id*. (quoting *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982)). Since Plaintiffs have only made conclusory statements about the conspiracy and have not stated any specific facts, their claims for conspiracy and negligence to prevent a conspiracy must fail.

### *Plaintiffs' Remaining Claims Based on Federal Law*

Plaintiffs state many other claims arising from both state law and federal law. However, these claims are all related, and they all arise from the temporary restraining order and temporary injunction granted to Defendants in the underlying action in the state court. Indeed, each of these causes of action is inseparable from the order. However, Plaintiffs seek this Court's review of the state court's orders by couching the request for review as a series of civil rights claims. As a federal district court, this Court does not have jurisdiction to review the state court's orders. Therefore, Plaintiffs' claims must be dismissed.

In *Hale v. Harney*, the Fifth Circuit addressed a situation where a plaintiff filed a lawsuit in federal court which protested a state court order.

> A lengthy line of decisions in our court, commencing with *Sawyer v. Overton*, 595 F.2d 252 (5th Cir. 1979) and *Kimball v. The Florida Bar*, 632 F.2d 1283 (5th Cir. 1980), holds that litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits. Nor is the principle stated limited to actions, such as *Sawyer, supra*, which candidly seek review of the state court decree; it extends to others in which the constitutional claims presented in federal court are inextricably intertwined with the state court's grant or denial of relief. In such a case, the District Court is in essence being called upon to review the state court decision. This the District Court may not do. Judicial errors committed in state courts are for correction in the state court systems, at the head of which stands the United States Supreme Court; such errors are no business of ours.

*Hale*, 786 F.2d at 690-91 (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 n. 16 (1983)) (internal citations, brackets, and quotation marks omitted).

Stripped to their essentials, Plaintiffs' claims in the present case merely seek review of the state court's orders. This Court is powerless to engage itself in such a review. The Fifth Circuit's holding in *Hale* is particularly applicable to the present case:

> Insofar as these complaints about the state court of that court's decree are legally cognizable and do not represent mere grumbling, they are properly addressed to the state appellate courts, not to us. We hold no warrant to review even final judgments of state courts, let alone those which may never take final effect because they remain subject to revision in the state appellate system.

*Id*. at 691.

Clearly, the Fifth Circuit requires that a plaintiff who is displeased with a state court's order appeal the order through the appropriate channels in the state's system. Specifically:

> If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court.

> Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court.  The casting of a complaint in the form of a civil rights action cannot circumvent this rule, as absent a specific delegation federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.

*Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994) (quoting *Kimball*, 632 F.2d at 1284) (internal brackets and quotation marks omitted).

In the present case, Plaintiffs ultimately seek this Court to review the state court's orders.  As in *Hale* and *Liedtke*, Plaintiffs here attempt to couch their request for this Court to review the orders in terms of a civil rights action.  The Fifth Circuit has held that this is improper.  Had Plaintiffs wished for the state court's orders to be reviewed, Plaintiffs should have directed an appeal to the appropriate state court of appeals.  Plaintiffs' proper "recourse was with the state appellate courts and thereafter the United States Supreme Court on application for a writ of certiorari, not by a complaint to the federal district court."  *Id*. at 318.  Therefore, this Court does not have jurisdiction over Plaintiffs' claims.  Defendants' Motion for Summary Judgment is therefore **GRANTED** and Plaintiffs' claims are dismissed.

### *Plaintiffs' State Law Claims*

As mentioned above, Plaintiffs also state claims based in state law.  However, this Court hereby declines to exercise its supplemental jurisdiction over those claims.  According to 28 U.S.C. § 1376(c), a district court may decline to exercise its supplemental jurisdiction if the district court has dismissed all other claims over which it has original jurisdiction.  Here, this Court has dismissed all of Plaintiffs' federal claims over which it had original jurisdiction.  Therefore, this Court may decline to exercise its jurisdiction over Plaintiffs' state law claims.  Plaintiffs' state law claims are therefore dismissed without prejudice to refiling in the state court.

## IV.
## CONCLUSION

For the reasons stated herein, Defendants' Motion for Summary Judgment is **GRANTED**; Plaintiffs' Motion for Summary Judgment is **DENIED** as moot; Plaintiffs' claims under federal law are **DISMISSED**; and, because the Court declines to exercise its supplemental jurisdiction over Plaintiffs' state law claims, those claims are **DISMISSED** without prejudice. All other pending motions in this case are denied.

All relief not specifically granted herein is hereby denied.

SO ORDERED this 28th day of June, 2007.

_____
SAM R. CUMMINGS
UNITED STATES DISTRICT COURT