# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

United States Court of A Fifth Circuit ppeals

**F I L E D** May 9, 2008

105cv184

No. 07-10899
Summary Calendar

Charles R. Fulbruge III
Clerk

---

TSEPHANYAH Y HAWKINS; YAHCHANAN Y HAWKINS

                              Plaintiffs–Appellants

v.

CLAUDIA M HUTCHISON; NORMAN M OSTER; STENOSCRIBE, INC;
VOCEDIT, INC

                              Defendants–Appellees

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:05-CV-184

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN – 6 2008

CLERK, U.S. DISTRICT COURT
By _____
                Deputy

---

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:

The essence of Appellants' complaint is that Appellees wrongfully obtained a series of state court orders that allegedly subjected them to involuntary servitude, limited their First Amendment rights, and deprived them of intellectual and real property. The "slavery" to which Appellants were purportedly subjected resulted from Appellees' alleged threats to report non

---

Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forthin 5TH CIR.
R. 47.5.4.

No. 07-10899

compliance with the state court orders to the state court, which could have resulted in contempt proceedings. Appellants assert numerous civil rights claims, violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and state law claims. The district court dismissed without prejudice Appellants' RICO claims pursuant to Federal Rule of Civil Procedure 9(b), granted summary judgment to Appellees on Appellants' remaining federal law claims,[1] and declined to exercise supplemental jurisdiction over Appellants' state law claims.[2] Appellants now appeal.

With respect to Appellants' RICO claims, Appellants complain that the district court improperly applied the heightened-pleading standard under Federal Rule of Civil Procedure 9(b) because their RICO claims were not solely based upon allegations of fraud. However, regardless of whether a heightenedpleading standard applies, the district court found that Appellants' complaint and RICO Case Statement consisted of only "bald assertions and allegations unsupported by facts" and lacked sufficient intelligibility for it to understand whether a valid claim was alleged. *See Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) (conclusory pleadings not sufficient to state a claim for relief). On appeal, Appellants do not make legal arguments but only conclusory assertions that their pleadings were sufficient to state RICO violations. Appellants have, therefore, abandoned this argument. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (holding that issues not argued are abandoned).

Furthermore, contrary to Appellants' assertions, the district court's *sua sponte*

---

[1] Appellants' remaining federal law claims consist of: violation of the Thirteenth Amendment's prohibition of slavery; violation of the First Amendment's right to freedom of expression; violation of the Fourth and Fifth Amendments' rights to privacy; deprivation of property and liberty without due process in violation of the Fifth Amendment; conspiracy to interfere with Appellants' civil rights in violation of 42 U.S.C. § 1985; negligence in failing to prevent a conspiracy in violation of 42 U.S.C. § 1985; and civil remedy pursuant to 18 U.S.C. § 1595 for the criminal violation of the prohibition against forced labor found in 18 U.S.C. § 1589.

[2] Appellants' state law claims consist of: unjust enrichment; intentional infliction of emotional distress; and breach of fiduciary duty.

No. 07-10899

requirement of a RICO case statement and dismissal of Appellants' RICO claims were not unwarranted interventions into the litigation process. A district court may "consider the sufficiency of [a] complaint on its own initiative," and it may dismiss the complaint "as long as the procedure employed is fair." *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 642 (5th Cir. 2007) (internal quotations omitted). Because the RICO Standing Order specifically instructed Appellants to "include the facts the [Appellants are] relying upon to initiate this RICO complaint," Appellants cannot now contend that they did not have notice and a fair opportunity to make their case. *See id.* at 642-43.

With respect to the district court's grant of summary judgment in favor of Appellees on the remaining federal claims, we find that the district court correctly dismissed these claims for want of jurisdiction pursuant to the *RookerFeldman* doctrine.[3] As the district court stated: "Stripped to their essentials, Appellants' claims in the present case merely seek review of the state court's orders. This Court is powerless to engage itself in such a review." Appellant Yahchanan Hawkins argues that the *Rooker-Feldman* doctrine does not apply to him because he was not a party to the state suit. Even if this is correct, Appellant Yahchanan Hawkins's only remaining federal claim is for "forced labor" in violation of 18 U.S.C. § 1589. Because Hawkins failed to create a genuine issue of material fact regarding Appellees' alleged violation of 18 U.S.C. § 1589, Appellees were entitled to summary judgment on this claim as well.

Finally, with respect to Appellants' state law claims, Appellants contend that diversity jurisdiction existed and the district court improperly dismissed these claims. We agree that diversity jurisdiction did in fact exist, and the district court should have granted Appellants leave to amend their complaint. *See Whitmire v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000) ("In general, a motion for leave to

---

[3]

      The district court dismissed Appellants' claims for conspiracy and failure to prevent conspiracy for separate reasons, and Appellants, on appeal, do not argue that such dismissal was erroneous.

No. 07-10899

amend should be granted if it would do nothing more than state an alternative jurisdictional basis for recovery upon the facts previously alleged.") (internal quotations omitted). However, in light of judicial economy, we will not remand these state law claims to the district court. Having examined the arguments of the parties, the record, and the district court proceedings, we find that there did not exist a genuine issue of material fact, and Appellees were entitled to judgment as a matter of law. We, therefore, dismiss Appellants' state law claims with prejudice.

AFFIRMED.